LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ANGEL MOGOLLAN,
*on behalf of himself, FLSA Collective Plaintiffs and Class members,*

        Plaintiff,

        v.

LA ABUNDANCIA BAKERY & RESTAURANT INC.,
63-12 LA ABUNDANCIA INC.,
75-02 LA ABUNDANCIA BAKERY AND RESTAURANT CORP.,
81-16 LA ABUNDANCIA INC.,
37-01 LA ABUNDANCIA INC.,
88-26 LA ABUNDANCIA INC.,
MONICA FERREROSA and RUBEN ROJAS,

        Defendants.

---

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff ANGEL MOGOLLAN ("Plaintiff"), on behalf of himself, FLSA Collective Plaintiffs and Class members, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, LA ABUNDANCIA BAKERY & RESTAURANT INC., 63-12 LA ABUNDANCIA INC., 75-02 LA ABUNDANCIA BAKERY AND RESTAURANT CORP., 81-16 LA ABUNDANCIA INC., 37-01 LA ABUNDANCIA INC.

1

and 88-26 LA ABUNDANCIA INC. ("Corporate Defendants"), and RUBEN ROJAS and MONICA FERREROSA ("Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) statutory penalties, (3) liquidated damages and (4) attorneys' fees and costs.

3. Plaintiff also alleges pursuant to the FLSA that due to Defendants' retaliation against him, he is entitled to recover compensatory damages, punitive damages and all other penalties from Defendants the Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff ANGEL MOGOLLAN, for all relevant time periods, was a resident of Kings County, New York.

7. Defendants operate a restaurant enterprise under the name "La Abundancia Bakery & Restaurant" at the following locations:

   a. 63-10 Broadway Ave., Woodside, NY 11377 ("The Abundance #1");

   b. 75-02 Roosevelt Ave., Jackson Heights, NY 11372 ("The Abundance #2");

   c. 81-16 Roosevelt Ave, Jackson Heights, NY 11372 ("The Abundance #3");

   d. 37-01 Junction Blvd., Corona, NY 11368 ("The Abundance #4");

   e. 88-28 37th Ave., Jackson Heights, NY 11372 ("The Abundance #5").

8. Corporate Defendant, LA ABUNDANCIA BAKERY & RESTAURANT INC., is a domestic business corporation organized under the laws of the State of New York with a principal executive office and an address for service of process located at 63-10 Broadway, Woodside, NY 11377.

9. Corporate Defendant, 63-12 LA ABUNDANCIA INC., is a domestic business corporation organized under the laws of the State of New York with a principal place of business at 63-10 Broadway Ave., Woodside, NY 11377 (The Abundance #1) and an address for service of process located at 63-14/63-16 Broadway, Woodside, NY 11377.

10. Corporate Defendant, 75-02 LA ABUNDANCIA BAKERY AND RESTAURANT CORP., is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 75-02 Roosevelt Ave., Jackson Heights, NY 11372 (The Abundance #2).

11. Corporate Defendant, 81-16 LA ABUNDANCIA INC., is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 81-16 Roosevelt Ave, Jackson Heights, NY 11372 (The Abundance #3).

12. Corporate Defendant, 37-01 LA ABUNDANCIA INC., is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 37-01 Junction Blvd., Corona, NY 11368 (The Abundance #4).

13. Corporate Defendant, 88-26 LA ABUNDANCIA INC., is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 88-28 37th Ave., Jackson Heights, NY 11372 (The Abundance #5) and an address for service of process located at 88-26 37th Ave., Jackson Heights, NY 11372.

14. Corporate Defendants operates as a single integrated enterprise. Specifically, they are engaged in related activities and also doing business under the same trade name "La Abundancia Bakery & Restaurant." All Corporate Defendants except 63-12 LA ABUNDANCIA INC., have same Chief Executive Officer, RUBEN ROJAS. Plaintiff is interchanged as needed during his employment. Based on Plaintiff's observations and conversations with employees working at other locations, they are also interchangeable between Defendants' restaurants.

15. Individual Defendant, RUBEN ROJAS, is the Chief Executive Officer of LA ABUNDANCIA BAKERY & RESTAURANT INC., 75-02 LA ABUNDANCIA BAKERY AND RESTAURANT CORP., 81-16 LA ABUNDANCIA INC., 37-01 LA ABUNDANCIA INC., and 88-26 LA ABUNDANCIA INC. RUBEN ROJAS exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. RUBEN ROJAS exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (vi) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to RUBEN ROJAS regarding any of their employment terms, and RUBEN ROJAS would have the authority

4

to affect any changes to the quality and terms of the employees' employment. RUBEN ROJAS regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. RUBEN ROJAS ensured that employees effectively serve customers and that the business is operating efficiently and profitably. RUBEN ROJAS exercised functional control over the business and financial operations of all Corporate Defendants

16. Individual Defendant, MONICA FERREROSA, is the Chief Executive Officer of 63-12 LA ABUNDANCIA INC. MONICA FERREROSA exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. MONICA FERREROSA exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (vi) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to MONICA FERREROSA regarding any of their employment terms, and MONICA FERREROSA would have the authority to affect any changes to the quality and terms of the employees' employment. MONICA FERREROSA ensured that employees effectively serve customers and that the business is operating efficiently and profitably. MONICA FERREROSA exercised functional control over the business and financial operations of all Corporate Defendants.

17. At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

18. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by the Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff brings claims for relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, cooks, food preparers, dishwashers, porters, bussers, food runners and waiters) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

20.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime compensation at the rate of one and one half times the regular rate for work performed in excess of forty (40) hours per week. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

21.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

22.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, but not limited to, cooks, food preparers, dishwashers, porters, bussers, food runners and waiters) employed by Defendants

on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

23. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of the Defendants. The hours assigned and worked, positions held and pay rates for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

24. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

25. Plaintiff's claims are typical of those clams that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay overtime compensation for hours worked in excess of forty (40) per workweek, (ii) failing to provide wage and hour notices at the date of hiring and annually as required by the NYLL and (iii) failing to provide wage statements as required by NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

26. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

27. A class action is superior to other available methods for a fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

29. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York Labor Law;

   b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the type of work and labor for which Defendants did not pay the Class members properly;

   c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

   d. Whether Defendants properly paid Plaintiff and Class members overtime premiums as required under the New York Labor Law;

   e. Whether Defendants provided to Plaintiff and Class members proper wage and hour notices, at date of hiring and annually, as required by New York Labor Law; and

   f. Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

30. In or around October 2016, Defendants hired Plaintiff MOGOLLAN to work as a cook, at all restaurant locations as needed, but primarily at Defendants' business located at 75-02 Roosevelt Ave Jackson Heights, NY 11372 (The Abundance #2). Similarly, FLSA Collective Plaintiffs and Class members all worked interchangeably at different restaurant locations as needed.

31. Plaintiff was discharged in or around October 2017 because he asked for a raise.

32. Throughout his employment, Defendants always compensated Plaintiff in cash at a regular hourly rate of $11.25.

33. Plaintiff, FLSA Collective Plaintiffs and Class members never received any paystubs.

34. Plaintiff worked five (5) to six (6) days per week. He generally worked from 2:00 p.m. to 11:30 p.m., for a total of forty-seven point five (47.5) to fifty-seven (57) hours per week. FLSA Collective Plaintiffs and Class members similarly worked more than forty (40) hours per week on a regular basis.

35. Despite working more than forty (40) hours per week, however, Plaintiff never received overtime compensation. Instead, Plaintiff was compensated at his regular hourly rate of $11.25 for all hours he worked over forty (40) per week. Based on Plaintiff's direct observations and conversations with other employees at Defendants' restaurants, all FLSA Collective Plaintiffs and Class members similarly did not receive overtime premium.

36. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked in excess of forty (40) each week.

37. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage and hour notices as required by the NYLL.

38. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage statements, as required by the NYLL, as Defendants failed to accurately maintain such records.

39. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

40. Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

41. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

42. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

43. At all relevant times, Defendants had gross annual revenues in excess of $500,000.00.

44. At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

45. Records concerning the number of hours worked by and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages plus an equal amount as liquidated damages.

49. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS**

50. Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

51. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §2 and 651.

52. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

53. Defendants failed to provide Plaintiff and Class members a wage and hour notice, at the date of hiring and annually, in direct violation of the New York Labor Law.

54. Defendants failed to provide Plaintiff and Class members with wage statements with every payment as required by New York Labor Law § 195(3).

55. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

### RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

56. Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

57. Defendants retaliated against Plaintiff by discharging him because he asked for a raise.

58. Defendants' actions constituted a violation of Section 15(a)(3) of the FLSA. 29 U.S.C. 215 (a)(3).

59. Plaintiff suffered economic loss and mental distress from Defendants' retaliatory actions and having his employment compromised.

60. Due to Defendants' retaliation, under the FLSA, Plaintiff is entitled to recover from Defendants compensatory damages, punitive damages and all other penalties from Defendants the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the NYLL;

d. An award of liquidated and/or punitive damages due to Defendants' willful failure to pay overtime compensation for all hours worked, pursuant to 29 U.S.C. § 216;

e. Am award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor law;

f. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g. An award of statutory penalties, prejudgment and post judgment interest, and costs and expenses of this action together with reasonable attorneys' and expert fees;

h. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representative of the Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 12, 2018

                                  Respectfully submitted,

                                  LEE LITIGATION GROUP, PLLC
                                  C.K. Lee (CL 4086)
                                  Anne Seelig (AS 3976)
                                  30 East 39th Street, Second Floor
                                  New York, NY 10016
                                  Tel.: 212-465-1188
                                  Fax: 212-465-1181

                                  By: */s/ C.K. Lee*
                                         C.K. Lee, Esq.