**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------

ANGEL MOGOLLAN,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class*,

**Plaintiff,**

**-against-**

**Case No.** 18 CV 3202 (GBD) (SDA)

LA ABUNDANCIA BAKERY & RESTAURANT
INC., 63-12 LA ABUNDANCIA INC., 75-02 LA
ABUNDANCIA BAKERY AND RESTAURANT
CORP., 81-16 LA ABUNDANCIA INC., 37-01 LA
ABUNDANCIA INC., 94-19 LA ABUNDANCIA
INC., MONICA FERREROSA, and RUBEN
ROJAS,

**Defendants.**

------------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION**

**LEE LITIGATION GROUP, PLLC**
C. K. Lee, Esq. (CL 4086)
Taimur Alamgir, Esq. (TA 9007)
30 East 39th Street, Second Floor
New York, NY 10016
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the Class*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ iii

I.    THE RESTAURANTS CONSTITUTE A "SINGLE INTEGRATED ENTERPRISE" FOR
      FLSA PURPOSES…………………………………………………………… 3

II.   FLSA COLLECTIVE ALLEGATIONS ............................................................ 6

      A. DEFENDANTS FAILED TO PAY COVERED EMPLOYEES OVERTIME
      PREMIUM, IN VIOLATION OF FLSA (AND THE NYLL) …………………….. 6

      B. DEFENDANTS VIOLATED OTHER PROVISIONS OF THE NYLL WITH
      RESPECT TO PLAINTIFF AND COVERED EMPLOYEES ........................... 8

III.  ARGUMENT ....................................................................................... 9

      A.    EARLY NOTICE TO "SIMILARLY SITUATED" EMPLOYEES IS
            APPROPRIATE AND NECESSARY........................................................9

            i.    Sending Expedited Notice to "Similarly Situated" Employees
                  Fulfills the FLSA's Broad Remedial Purposes ....................................9

      B.    THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION
            AND ORDER NOTICE BASED ON THE SUPPORTING
            EVIDENCE SUBMITTED HEREWITH ..................................................11

            i.     The Standard for Conditional Certification and Notice Is Lenient ...................10

            ii.    The Underlying Merits of the Case are Immaterial to the
                   Determination of Conditional Certification and Notice.....................................13

            iii.   Plaintiff Has Made the Modest Factual Showing Required for
                   Conditional Certification .....................................................................14

      D.    DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE
            NUMBERS IS PROPER AND NECESSARY UNDER § 216(b) ...........................14

      E.    THE PROPOSED NOTICE IS FAIR AND ADEQUATE ........................................15

      F.    NOTICE SHOULD BE TRANSLATED TO SPANISH ...........................................16

      G.    EQUITABLE TOLLING ...............................................................................16

IV. CONCLUSION.............................................................................................. 16

**<u>EXHIBITS</u>**

**EXHIBIT A** – August 4, 2017 Decision By Hon. Roanne L. Mann, U.S.M.J. Certifying
          Collective Action Against La Abundancia

**EXHIBIT B** – Screenshots of Defendants' Website

**EXHIBIT C** – Declaration of Isabel Ocampo

**EXHIBIT D** – Declaration of Juan David Serna

**EXHIBIT E** – Declaration of Jasmin Vargas Tavares

**EXHIBIT F** – Declaration of Abraham Perez

**EXHIBIT G** – Proof of Trademark Ownership

**EXHIBIT H** – Sample of Wage Statements For Plaintiff

**EXHIBIT I** – Plaintiff's Proposed Notice to Putative Opt-In Claimants and "Consent to Sue
          Form"

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680 (1946) ............................................................ 7

*Anglada v. Linens n' Things, Inc.*, No. 06 Civ. 12901, 2007 U.S. Dist. LEXIS 39105
   (S.D.N.Y. Apr. 26, 2007) ................................................................................................ *passim*

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) ..................................................................... 17

*Chao v. Gotham Registry, Inc*., 514 F.3d 280 (2d Cir. 2008) ................................................ 16, 17

*Cook v. United States*, 109 F.R.D. 81 (E.D.N.Y. 1995) ................................................................ 10

*Cuzco v. Orion Builders, Inc*., 477, F. Supp. 2d 628 (S.D.N.Y. 2007) ............................... 12,14,16

*D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946) ....................................................................... 17

*Dumitrescu v. Mr. Chow Enters., Ltd.*, No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881
   (S.D.N.Y. June 30, 2008) ......................................................................................................... 13

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) ...................... *passim*

*Foster v. Food Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053
   (S.D.N.Y. Apr. 26, 2000) .......................................................................................................... 10

*Garcia v. Chipotle Mexican Grill, Inc.,* 2016 U.S. Dist. LEXIS 153531
   (S.D.N.Y. Nov. 3, 2016)……………………………………………………………………3

*Gjurovich v. Emmanuel's Marketplace*, 282 F. Supp. 2d 91 (S.D.N.Y. 2003) ............... 11, 13, 15

*Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784, 2013 WL 4834428
   (S.D.N.Y. Aug. 26, 2013) .......................................................................................................... 16

*Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387
   (S.D.N.Y. Feb. 19, 2008) ........................................................................................................... 12

*Hamadou v. Hess Corp*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013)……………………….......4

*Hoffmann v. Sharro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) ........................................... 10,12,14

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) ...................................................... 9, 10

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) ..................... 10,11,12

*Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152 (S.D.N.Y. 2014) .................................................... 16

*Juarez v. 449 Rest., Inc*. 29 F. Supp. 3d 363 (S.D.N.Y. 2014)…………………………………3

*Kemper v. Westbury Operating Corp*., No. 12 Civ. 895, 2012 WL 4976122
(E.D.N.Y. Oct. 17, 2012) ............................................................................................................ 16

*Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372

  (S.D.N.Y. Aug. 9, 2007) ................................................................................................ 12

*Kuebel v. Black & Decker Inc.*, 643 F.3d 352 (2d Cir. 2011)………………………………..7

*Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008) ................................ 13

*Lee v. ABC Carper & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006)…………………….………12,14,15

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) ............................ 4,14

*Masson v. Ecolab, Inc.*, No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022

  (S.D.N.Y. Aug. 17, 2005) .............................................................................................. 13

*Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 WL 3240472

  (S.D.N.Y. Nov. 29,    2005) ........................................................................................... 12,13

*McGlone v. Contract Callers*, 867 F. Supp. 2d 438 (S.D.N.Y. 2012)........................................ 16

*Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178 (S.D.N.Y. 2007)............................... 11,13

*Ocampo v. La Abundancia Bakery, Inc., et al.*, No. 15-CV-1134 (PK) (E.D.N.Y.)....*passim*

*Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942) ...................................................... 17

*Padilla v. Manlapaz*, 643 F. Supp. 2d 302 (E.D.N.Y. 2009)………………………………......8

*Patton v. Thomson Corp.*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) .......................................... 10,15

*Perez v. La Abundancia  Bakery and Restaurant Inc., et al.*, No, 17-CV-656 (E.D.N.Y.)

  …………………………………………………………………………………… *passim*

*Qing Tian Zhuo v. Jia Xing 39th Inc.*, 2015 U.S. Dist. LEXIS 43062, 2015 WL 1514950

  (S.D.N.Y. Apr. 1, 2015)………………………………………………………………..4

*Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303 (S.D.N.Y. 1998) ................................................ 12

*Sherrill v. Sutherland Global Servs., Inc.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007)...................... 14

*Toure v. Cent. Parking Sys. of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056

  (S.D.N.Y. Sept. 28. 2007) ......................................................................................... 10,12,13

*Yanza v. ST Group LLC*, No. 16 CV 8834 (S.D.N.Y. Aug. 17, 2017)……………………………3

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) ............................................ 14

*Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 WL 845000 (S.D.N.Y. May 7, 2001)………...12

## STATUTES

29 U.S.C. § 202................................................................................................................................. 17

29 U.S.C. § 206.................................................................................................................................. 17

29 U.S.C. § 207................................................................................................................................. 17

29 U.S.C. § 255 ............................................................................................................ 10

29 U.S.C. § 256 ............................................................................................................ 10

NYLL § 195.1 ................................................................................................................ 9

NYLL § 195.3 ................................................................................................................ 9

Plaintiff ANGEL MOGOLLAN ("Plaintiff") respectfully submits this Memorandum of Law in support of his motion for conditional certification of a Fair Labor Standards Act ("FLSA") collective action, to comprise of all non-exempt employees (including, but not limited to, cooks, food preparers, dishwashers, porters, bussers, food runners, delivery persons, and waiters) employed, between April 12, 2012 and the present, by Defendants LA ABUNDANCIA BAKERY & RESTAURANT INC., 63-12 LA ABUNDANCIA INC., 75-02 LA ABUNDANCIA BAKERY AND RESTAURANT CORP., 81-16 LA ABUNDANCIA INC., 37-01 LA ABUNDANCIA INC., 94-19 LA ABUNDANCIA INC., and 88-26 LA ABUNDANCIA INC, MONICA FERREROSA and RUBEN ROJAS (collectively, "Defendants") at Defendants' six "La Abundancia" restaurants (collectively, the "Restaurants), which are located at:

    (a) 63-10 Broadway Ave., Woodside, NY 11377 ("La Abundancia #1");

    (b) 75-02 Roosevelt Ave., Jackson Heights, NY 11372 ("La Abundancia #2")

    (c) 81-16 Roosevelt Ave, Jackson Heights, NY 11372 ("La Abundancia #3");

    (d) 37-01 Junction Blvd., Corona, NY 11368 ("La Abundancia #4");

    (e) 94-19 Roosevelt Ave., Jackson Heights, NY 11372 ("La Abundancia #5"); and

    (f) 88-28 37th Ave., Jackson Heights, NY 11372 ("La Abundancia #6")

("Covered Employees).

In addition, Plaintiff requests related relief set forth in **EXHIBIT 1** annexed to Plaintiff's Notice of Motion. In seeking conditional collective certification, Plaintiff seeks to hold Defendants accountable for common wage-and-hour violations that he and other Covered Employees suffered from.

This is the *third* wage-and-hour lawsuit asserting similar common violations against Defendants filed during the last few years, following both *Ocampo, et al. v. La Abundancia Bakery, Inc., et al.*, No. 15-CV-1134 (PK) (E.D.N.Y.) and *Perez, et al. v. La Abundancia Bakery and*

*Restaurant Inc., et al.*, No, 17-CV-656 (E.D.N.Y.). In *Perez*, conditional collective certification was granted, but notice of collective action was never distributed, and Covered Employees were therefore not provided an opportunity to safeguard their rights under federal and state wage-and-hour law.[1]

Here, substantial evidence – including sworn testimony provided by the plaintiffs in *Perez* and *Ocampo* and wage-and-hour records for Plaintiff MOGOLLAN – confirms Plaintiff's allegations in the First Amended Complaint and his sworn declaration submitted herewith ("Mogollan Decl.") of a systematic failure by Defendants to pay regular compensation and overtime premium to Covered Employees, in violation of FLSA. The same materials also substantiate Plaintiff's allegations of class-wide New York Labor Law ("NYLL') violations, which Plaintiff intends to seek Rule 23 class certification of later in these proceedings. The above-mentioned evidence shows that, even at this preliminary stage, that, despite repeatedly being sued for wage-and-hour violations, Defendants nonetheless persisted in committing the same wage-and-hour violations against Plaintiff and Covered Employees.

Here, given the August 4, 2017 decision by Chief U.S. Magistrate Judge Roanne L. Mann of the Eastern District of New York certifying a collective action against Defendants in *Perez* (attached as **EXHIBIT A**), and the additional evidence of systematic wage-and-hour violations across Defendants' Restaurants supplied herewith, it is imperative that an *enterprise-wide* collective action be certified here, so that notice of this action may be distributed to Covered Employees across all six of Defendants' Restaurants. An enterprise-wide certification would maximize the potential for individuals who suffered from Defendants' illegal policies to obtain

---

[1] The parties in *Perez* agreed to defer dissemination of notice to members of the collective certified pending a mediation of the individual plaintiffs' claims. A settlement with respect to the *Perez* plaintiffs only was reached at that mediation.

redress, consistent with FLSA's remedial purpose. Moreover, an enterprise-wide certification would serve the interest of judicial economy by promoting an eventual class-wide resolution. Given the extent of Defendants' illegal policies and Defendants' refusal to correct such policies even after the two prior cases, it is almost certain that litigation resulting from Defendants' common wage-and-hour violations will continue to burden the courts unless a global resolution of claims is reached in this case. Accordingly, the Court should grant this motion in all respects.

### I.   THE RESTAURANTS CONSTITUTE A "SINGLE INTEGRATED ENTERPRISE" FOR FLSA PURPOSES

In considering whether discrete store locations constitute a "single integrated enterprise" for FLSA purposes, courts in the Second Circuit consider whether the locations have sufficient "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control". *Juarez v. 449 Rest., Inc*. 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014).

"Whether or not Defendants operated as a single integrated enterprise is a complicated and fact-specific inquiry that cannot properly be determined at this early stage in the litigation." *Yanza v. ST Group LLC*, No. 16 CV 8834, at Dkt. No. 60 (S.D.N.Y. Aug. 17, 2017). An ultimate, merits-level determination of the "single integrated enterprise" issue would be inappropriate at this juncture, and, moreover, is not necessary for the Court to certify the enterprise-wide collective action requested by Plaintiff. *See, e.g., Id*., at 15 (in granting preliminary conditional certification of employees at three restaurants, finding the plaintiff's declaration and preliminary evidence to be "sufficient, when taken as true, to satisfy the modest factual showing" for enterprise-wide conditional certification); *Garcia v. Chipotle Mexican Grill, Inc.,* 2016 U.S. Dist. LEXIS 153531 at *23-25 (S.D.N.Y. Nov. 3, 2016) ("The fact that Plaintiff worked at only five Chipotle locations [out of sixty] is not dispositive of the issue of citywide

certification—what matters is whether he and employees at those restaurants were 'similarly situated' with respect to the FLSA violations alleged in the complaint.") (internal citations and quotation marks omitted); *Hamadou v. Hess Corp*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013) (holding, notwithstanding that the plaintiffs only worked at two of the defendants' gas stations, that "Plaintiffs have made an adequate factual showing to warrant certification of the two Hess 'territories' that encompass the Queens and Bronx stations, each of which includes between 10-13 stations"); *Anglada v. Linens 'N Things, Inc.*, No. 06 Civ. 12901, 2007 WL 1552511 (S.D.N.Y. Apr. 26, 2007) (granting nationwide conditional certification for all assistant store managers of merchandising business based on the declaration of one plaintiff); *Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14-cv-2848 (SHS), 2015 U.S. Dist. LEXIS 43062, 2015 WL 1514950, at *3-4 (S.D.N.Y. Apr. 1, 2015) (certifying collective action across multiple restaurant locations based on one employee's affidavit testifying to common ownership and personal conversations with employees who rotated among different locations); *see also Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007) ("At this procedural state, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations. … Thus, any factual variances that may exist between the plaintiff and the putative class do not defeat conditional class certification.").

The evidence discussed below - including accompanying documentary evidence, and the declarations submitted in support of this motion (including Plaintiff's declarations as well those introduced by the *Perez* and *Ocampo* plaintiffs) – is more than sufficient to warrant conditional certification of Covered Employees across the six Restaurants at this preliminary stage of the litigation.

**Interrelation of Operations**

- The Restaurants are each operated through the respective corporate Defendants under the common trade name, "La Abundancia".

- The Restaurants share a website ([www.laabundanciabakery.com](www.laabundanciabakery.com)),  at which all the Restaurant locations are advertised. *See* **EXHIBIT B**, p. 6.

- The website provides a single telephone number and email address for customers to contact all of the "La Abundancia" Restaurants. *See* **EXHIBIT B**, Printout of Website, p. 1.

- The Restaurants share common menus of cooked foods, baked goods, and other items, all of which are available on Defendants' website.

- Goods and supplies are interchangeable between the Restaurants. *See* Mogollan Decl. ¶ 5.

**Centralized Control of Labor Relations**

- Employees are interchangeable between the Supermarkets. Plaintiff was transferred between the Restaurants pursuant to the instructions of managerial employees. *See* Mogollan Decl. ¶ 5.

- The same wage and hour policies were maintained across all Restaurant locations. *See* Mogollan Decl. ¶¶ 4, 6, 8; *see also* **EXHIBIT C**, Declaration of Isabel Ocampo ("Ocampo Decl.); **EXHIBIT D**, Declaration of Juan David Serna (Serna Decl.); **EXHIBIT E**, Declaration of Jasmin Vargas Tavares (Tavares Decl.); **EXHIBIT F**, Declaration of Abraham Perez (Perez Decl.).

**Common Management, Ownership and Financial Control**

- Individual Defendant RUBEN ROJAS is the president and owner of all of the Restaurants (through his ownership of the corporate Defendants), as described on Defendants' website. *See* **EXHIBIT B**, p. 3.

- RUBEN ROJAS holds the trademark for "La Abundancia". *See* **EXHIBIT G**, Webpage Showing Trademark Ownership.

- Managers and non-managerial employees of all the Restaurants are directly instructed to perform tasks by Defendant RUBEN ROJAS. *See* Mogollan Decl. ¶ 3; *see also* **EXHIBIT C**, Ocampo Decl., ¶ 19; **EXHIBIT D**, Serna Decl., ¶ 14; **EXHIBIT E**, Tavares Decl., ¶ 18; **EXHIBIT F**, Perez Decl.

- RUBEN ROJAS maintains financial control over all La Abundancia Restaurants. *See* **EXHIBIT B**, p. 3.

## II.    FLSA COLLECTIVE ALLEGATIONS

### A.  DEFENDANTS FAILED TO PAY COVERED EMPLOYEES OVERTIME PREMIUM, IN VIOLATION OF THE FLSA (AND THE NYLL)

In his Declaration, Plaintiff describes with substantial detail and specificity how Defendants deprived him and Covered Employees across the six La Abundancia Restaurants of regular pay and overtime premium, by paying Plaintiff and Covered Employees at their straight-time rates for 40 hours only, while refusing to compensate them for additional, mandatory post-shift working hours. *See* Mogollan Decl. ¶¶ 6-10.  The assertions in Plaintiff's declaration regarding Defendants' failure to pay him and Covered Employees regular wages and overtime premium are supported by the sworn declarations submitted by the plaintiffs in the prior *Ocampo* and *Perez* litigations. The plaintiffs in those cases likewise were deprived of regular wages and overtime premium pursuant to the same common policy from which Plaintiff

suffered. **EXHIBIT C**, Ocampo Decl., ¶¶ 15-16; **EXHIBIT D**, Serna Decl., ¶¶ 12-13;

**EXHIBIT E**, Tavares Decl., ¶¶ 13-14; **EXHIBIT F**, Perez Decl. ¶¶ 7-8.

It is black-letter law that "[i]f an employer's records are inaccurate or inadequate, an employee need only present "sufficient evidence to show the amount and extent of [the uncompensated work] as a matter of just and reasonable inference…" *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). *Employers*, not employees, are thus responsible for maintaining accurate time records.  Here, wage-and-hour records for Plaintiff maintained by Defendants are deficient and, moreover, fraudulent. Such records – which are representative of the records kept by Defendants for all other Covered Employees - serve to corroborate the FLSA violations alleged.

The records show that, for all but one of the weeks that he worked, Plaintiff was paid for working precisely 40 hours per week. *See* **EXHIBIT H**, Sampling of Wage and Hour Records for Plaintiff. This indicates Defendants were not compensating Plaintiff for the overtime hours that Plaintiff worked each week, but, rather, as Plaintiff sets forth in his declaration, paying Plaintiff for a pre-determined 40 regular hours per week, irrespective of how many hours Plaintiff actually worked.[2] At the very least, it is evident from the records provided that Defendants failed to accurately measure Plaintiff's compensable hours with the precision required by the FLSA. Covered Employees, like Plaintiff, were subject to the same unlawful

---

[2] Even for the one week that Defendants' records show Plaintiff was paid for in excess of 40 hours, Defendants still failed to pay Plaintiff the overtime premium he was due. For the week ending on November 10, 2016, Defendants' records show that Plaintiff was paid only $550 for working 48 hours. *See* **EXHIBIT H, p. 3 (bottom)**, Sample of Pay Records Showing Straight Time Pay For Overtime Hours. For this pay period, Plaintiff was entitled to compensation for the first 40 hours that he worked at his regular rate of pay - $11.25 per hour - for a total of $450. In addition, Plaintiff was entitled to overtime pay, at a premium rate of no less than **$16.88 per hour** (1.5 times his regular pay rate), for the 8 overtime hours that he worked, for a total of approximately $135. Therefore, Plaintiff should have been paid at least $585 for working the 48 hour workweek recorded at **EXHIBIT H., p. 3 (bottom)**.

policy and were consequently deprived of regular pay and overtime premium in violation of the FLSA.

### B. DEFENDANTS VIOLATED OTHER PROVISIONS OF THE NYLL WITH RESPECT TO PLAINTIFF AND COVERED EMPLOYEES

In addition to the FLSA violations referenced above, Plaintiff and Covered Employees suffered because Defendants violated NYLL's spread-of-hours, wage and hour notice and wage statement requirements with respect to Plaintiff and Covered Employees. While these violations are not the subject of the instant motion, their existence shows Defendants' across-the-board failure to comply with applicable wage-and-hours law, and therefore counsels in favor of granting this motion, to allow Covered Employees the greatest possible opportunity to obtain redress.

"Under the regulations implementing the NYLL, a [food services] employee is entitled to an additional hour of pay at the minimum hourly rate "[o]n each day on which the spread of hours exceeds [ten]." 12 N.Y.C.R.R. § 146-1.6(a). Spread of hours is defined as "the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty." *Padilla v. Manlapaz,* 643 F. Supp. 2d 302, 311 (E.D.N.Y. 2009). Required spread of hours compensation is equal to the compensation for a single hour at the regular New York State minimum hourly wage. *See Id.* Here, Plaintiff testified that he was regularly required to work shifts exceeding 10 hours in duration, but was never paid spread of hours premium. Mogollan Decl. ¶ 11; *see also* Ocampo Decl. ¶ 18; Tavares Decl. ¶ 16. This allegation is corroborated not only by testimony from the prior litigations against Defendants, but also by the wage-and-hour records for Plaintiff maintained by Defendants, which do not show any indication whatsoever of spread-of-hours premium payments.

NYLL § 195.1 requires employers to provide employees wage and hour notices including specific information at the start of the employment, including, *inter alia*, pay rate and weekly pay day. A revised wage and hour notice must be provided to employees upon any change in the information on the notice. NYLL § 195.3 requires employers to provide employees with wage statements "with every payment of wages" stating, *inter alia*, wages and hours worked.

Here, no wage and hour notices or proper wage statements were ever provided to Plaintiff, or to Covered Employees. The systematic New York Labor Law violations described above demonstrate Defendants across the board failure to comply with the applicable wage and hour law. To put similarly situated employees on notice of this action, the Court should grant Plaintiff's request for a broad, enterprise wide FLSA certification.

### III. ARGUMENT

### A.   EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY

Collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Braunstein v E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1975); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007). The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments arising from the same events and brought under the same laws.

### i.   Sending Expedited Notice to "Similarly Situated" Employees Fulfills the FLSA's Broad Remedial Purposes

Expedited notice is critical in FLSA actions. Unlike absent class members in a Rule 23 class action, potential class members in an FLSA collective action must affirmatively consent (or

"opt in") to be covered by the suit. 29 U.S.C. § 216 (b). The statute of limitations continues to run

on each individual's claim until he or she files a written consent form with the Court. 29 U.S.C.

§§ 255, 256 (b). To ensure that the rights protected by the FLSA do not grow stale through lack of

knowledge, the Supreme Court has held that courts have broad authority to facilitate early notice

of the existence of the lawsuit to potential opt in plaintiffs. *Hoffmann-La Roche*, 493 U.S. at 170.

Notice to putative class members should be given as soon as possible since, because of the statute

of limitations, "potential plaintiffs may be eliminated as each day goes by." *Foster v. Food

Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053, at *5 (S.D.N.Y. Apr. 26, 2000); *see

also Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1995) ("Certainly, it is unlikely that

Congress, having created a procedure for representative action, would have wanted to prevent the

class representative from notifying other members of the class that they had a champion.") (internal

quotation marks and citation omitted). Thus, early distribution of a notice of pendency is crucial

in an FLSA collective action.

The Court need not and should not delay the sending of notice until the completion of

discovery. *Toure v. Cent. Parking Sys. of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056,

at *8 (S.D.N.Y. Sept. 28. 2007) (ordering notice under 29 U.S.C. § 216 (b) where only limited

discovery had taken place); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368

(S.D.N.Y. 2007) ("The court is not obliged to wait for the conclusion of discovery before it certifies

the collective action and authorizes notice."); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267-

68 (E.D.N.Y. 2005) (ordering notice before full discovery in order to "facilitate[] the [FLSA]'s

broad remedial purpose . . . promot[e] efficient case management . . . [and] preserve and effectuate

the rights of potential plaintiffs whose claims might otherwise become time-barred during the

discovery phase of the case") (internal citations omitted); *Hoffmann v. Sharro, Inc.*, 982 F. Supp.

249, 262 (S.D.N.Y. 1997) (ruling that the Court need not "wait for defendant to complete its

10

discovery before authorizing class notice. To the contrary, courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management"). In lieu of discovery, courts rely upon allegations in a complaint and employee declarations to determine whether plaintiffs and potential opt in collective members are similarly situated. *E.g.*, *Gjurovich v. Emmanuel's Marketplace*, 282 F. Supp. 2d 91, 104 (S.D.N.Y. 2003).

    **B.**    **THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER NOTICE BASED ON THE SUPPORTING EVIDENCE SUBMITTED HEREWITH**

        **i.**    **The Standard for Conditional Certification and Notice Is Lenient**

Conditional collective certification is clearly warranted here, based on Plaintiff's declaration and the documentary evidence submitted herewith. "Courts generally determine the appropriateness of class certification at two stages: first, on the initial motion for conditional class certification, and second, after discovery." *Fasanelli*, 516 F. Supp. 2d at 321. At the first stage, "courts utilize a lenient evidentiary standard in assessing whether the Plaintiff has presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is similarly situated to the named Plaintiff." *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *11; *Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007). Under this lenient standard, a court will certify a class as a collective action and order notice to potential class members where "the plaintiff satisfies the minimal burden of showing that the similarly situated requirement is met" based on the pleadings and declarations. *Iglesias-Mendoza*, 239 F.R.D. at 367 (internal quotation omitted). Upon certification, "[p]otential class members are then notified and provided with the opportunity to opt in to the action." *Id.*

To prevail on a motion for conditional certification, Plaintiff need only make a "modest factual showing" that they "are similarly situated *with respect to their allegations that the law has*

*been violated.*" *Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008) (internal quotation omitted; emphasis in original). Plaintiffs must demonstrate that there is a "factual nexus between the [named plaintiff's] situation and the situation of other current and former [employees]." *Toure*, 2007 U.S. Dist. LEXIS 74056, at *6 (internal quotation omitted; alterations in original); *see also Mentor*, 246 F.R.D. at 181; *Fasanelli*, 516 F. Supp. 2d at 321. Plaintiff meets her burden where putative collective members "together were victims of a common policy or plan that violated the law[.]" *Lee*, 236 F.R.D. at 197 (internal quotation omitted) (such as when they are all "employees of the same restaurant enterprise and allege the same types of FLSA violations."); *Fasanelli*, 516 F. Supp. 2d at 322; *see also Toure*, 2007 U.S. Dist., LEXIS 74056, at *6 (stating that a plaintiff need only make a "modest factual showing" of similarity to satisfy the "relatively lenient evidentiary standard"); *Cuzco*, 477 F. Supp. 241 at 632-33 (plaintiff satisfied "minimal burden" by making "modest factual showing"); *Iglesias-Mendoza*, 239 F.R.D. at 367-68 ("[Plaintiffs can satisfy the 'similarly situated' requirement by making a modest factual showing . . . that they and potential plaintiffs together were victims of a common policy or plan that violated the law.") (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)) *Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 WL 3240472, at *5 (S.D.N.Y. Nov. 29, 2005) (plaintiffs face only a very limited burden); *Hoffmann*, 982 F. Supp. at 261 ("The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are "similarly situated.").

Allegations in the pleadings and declarations are sufficient to make this modest factual showing. *See, e.g.*, *Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372, at *3 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit); *Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 WL 845000, at *2 (S.D.N.Y. May 7, 2001) (certifying based upon one affidavit founded on plaintiff's "best knowledge").

Unlike a Rule 23 class action, a § 216(b) collective action requires no "showing of numerosity, typicality, commonality and representativeness . . . as a pre-requisite to approval." *Mazur*, 2005 WL 3240472, at *4 (internal quotation omitted); *see also Masson v. Ecolab, Inc.*, No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022, at *37 (S.D.N.Y. Aug. 17, 2005. The lenient standard for certification and notice under § 216(b) is justified because "[t]he ultimate determination regarding the merits of the case, and whether the class is properly situated – which requires a more 'stringent' inquiry – is made later in the litigation process, after more thorough discovery." *Gjurovich*, 282 F. Supp. 2d at 105; *see also Dumitrescu v. Mr. Chow Enters., Ltd.*, No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881, at *11 (S.D.N.Y. June 30, 2008) (noting that after discovery a court "review[s] the collective action certification more rigorously"). Plaintiff in this case has easily met the lenient standard for certification and dissemination notices.

### ii. The Underlying Merits of the Case are Immaterial to the Determination of Conditional Certification and Notice

Although Plaintiff is confident that he will successfully establish that Defendants failed to properly compensate the Covered Employees under the FLSA, a discussion of the underlying merits is unnecessary and inappropriate at this time: "the standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification." *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008; *see also, e.g., Mentor*, 246 F.R.D.\ at 181 (stating that "the merits of a plaintiffs claims need not be evaluated and discovery need not be completed to approve and disseminate a § 216(b) notice"); *Fasanelli*, 516 F. Supp. 2d at 322 ("To the extent that Defendants['] opposition relies on a detailed factual dispute about whether the Defendants maintained an 'illega1 off-the-clock' policy, 'illegal tip retention' policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of the case."); *Toure*, 2007 U.S. Dist. LEXIS 74056, at *6 (stating that at the conditional certification stage "the merits

of a plaintiff's claims need not be evaluated"); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (finding that "[t]he focus . . . is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated'"); *Hoffmann*, 982 F. Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that, a definable group of 'similarly situated' plaintiffs can exist here."). Any merits-based argument "is an improper ground on which to base a denial of a motion to certify conditionally an FLSA collective action[.]" *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *20. Rather, the proper inquiry is merely "whether the putative class alleged by Plaintiff[s] is similarly situated based on the pleadings and any affidavits," *Fasanelli*, 516 F. Supp. 2d at 321.

### iii.   Plaintiff Has Made the Modest Factual Showing Required for Conditional Certification

Here, Plaintiff has made far more than a modest factual showing that he and Covered Employees are similarly situated. Plaintiff's detailed allegations in the Complaint, Plaintiff declaration, and the documentary evidence submitted with this motion all demonstrate that all Covered Employees were subject to the same compensation scheme. If proven, these allegations establish that Defendants maintain illegal policies and practices that similarly affect all Covered Employees employed by Defendants.

### D.   DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS PROPER AND NECESSARY UNDER § 216(b)

It is appropriate for courts in collective actions to order the discovery of names and contact information of potential collective members. *E.g., Lee*, 236 F.R.D. at 202; *Fasanelli*, 516 F. Supp. 2d at 323-24; *Cuzco*, 477 F. Supp. 2d at 637; *Sherrill v. Sutherland Global Servs., Inc.*, 487 F.

14

Supp. 2d 344, 350 (W.D.N.Y. 2007); *Patton*, 364 F. Supp. 2d at 268. "Courts within this Circuit routinely grant plaintiff's motion to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *22.

Plaintiff therefore requests that, in addition to entering an order granting conditional certification and approving Plaintiff's proposed notice, the Court order Defendants to produce within ten days of its Order a list of all Covered Employees in Excel format who were employed by Defendants at any point in the six years prior to the entry of the Order with the following information: names, titles, compensation rates, dates of employment, last known mailing addresses, email addresses, and all known telephone numbers.

### E.   THE PROPOSED NOTICE IS FAIR AND ADEQUATE

Attached as **EXHIBIT I** hereto is Plaintiff's proposed judicial notice. The proposed notice provides clear instructions on how to opt in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. The Supreme Court specifically left the "content details of a proposed notice under § 216(b) . . . to the broad discretion of the court." *Lee*, 236 F.R.D. at 202; *see also Gjurovich*, 282 F. Supp. 2d at 106. "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions" and ensure that putative plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli*, 516 F. Supp. 2d at 323. The proposed notice achieves the goal of providing potential opt ins with accurate and timely notice concerning the pendency of the collective action and should be adopted.

## F.    NOTICE SHOULD BE TRANSLATED TO SPANISH

Given that many of the prospective plaintiffs in this case will be of Spanish background, Plaintiff believes that the goals of notice would be best served if t6he final approved notice that is provided to prospective class members also includes a Spanish language version. Sending notices in multiple languages has been approved in other cases in the Second Circuit. *See Cuzco*, 477 F. Supp. 2d at 634.

## G.    EQUITABLE TOLLING

Should the Court grant the instant motion, Plaintiff respectfully requests that, to avoid inequitable circumstances, the FLSA statute of limitations be tolled until such time that Plaintiff is able to send notice to potential opt-in plaintiffs. District courts in this and other Circuits have increasingly granted requests for equitable tolling to avoid the prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of such cases. *See, e.g.*, *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170-71 (S.D.N.Y. 2014) (tolling the statute of limitations as of the date of the filing of the plaintiff's motion); *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784, 2013 WL 4834428, at *2 (S.D.N.Y. Aug. 26, 2013) (tolling statute of limitations as of the date the plaintiff was originally scheduled to file her motion for conditional certification); *Kemper v. Westbury Operating Corp.*, No. 12 Civ. 895, 2012 WL 4976122, at *3 (E.D.N.Y. Oct. 17, 2012) ("[P]laintiff's request to notify individuals who were employed three years from the date plaintiff filed this motion, rather than from the date of the mailing of the notice, is granted."); *McGlone v. Contract Callers*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (tolling statute of limitations while conditional certification motion was being decided).

## IV.     CONCLUSION

The FLSA is a "uniquely protective," "remedial" and "humanitarian" statute. *See Chao v. Gotham Registry, Inc*., 514 F.3d 280, 285 (2d Cir. 2008) An express policy of the FLSA is "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202. The FLSA accordingly establishes a minimum wage, 29 U.S.C. § 206 (a), "to secure for the lowest paid segment of the nation's workers a subsistence wage," *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946). The FLSA also requires the payment of overtime compensation, 29 U.S.C. § 207, "to remedy the 'evil of overwork' by ensuring workers were adequately compensated for long hours, as well as by applying financial pressure on employers to reduce overtime," *Chao*, 514 F.3d at 285 (quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 576-78 (1942) When an employer fails to comply with its obligations, the Act requires the employer to provide the statutorily mandated compensation "to insure restoration [of its employees] . . . to [the] minimum standard of well-being" contemplated by the Act. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). As such, to further the legislative intent of Congress, collective certification in this case must be granted - particularly given that conditional collective certification would serve to safeguard and protect the rights of immigrant workers who may fear retribution for asserting their rights in this current anti-immigration climate.

Dated: New York, New York                    Respectfully submitted,

December 18, 2018                             **LEE LITIGATION GROUP, PLLC**

                       By:    */s/Taimur Alamgir*

                            C.K. Lee, Esq. (CL 4086)
                            Taimur Alamgir, Esq. (TA 9007)
                            Lee Litigation Group, PLLC
                            30 East 39th Street, Second Floor
                            New York, NY 10016
                            Tel: (212) 465-1188
                            Fax: (212) 465-1181

                            *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*