# EXHIBIT C

Case 1:18-cv-03202-GBD-SDA   Document 51-3   Filed 12/18/18   Page 2 of 6
Case 1:17-cv-00656-RLM   Document 37   Filed 06/02/17   Page 16 of 36 PageID #: 239
Case 1:15-cv-01134-PK   Document 22-1   Filed 01/13/16   Page 1 of 5 PageID #: 175

**THE LAW OFFICES OF VINCENT BAUER**
Vincent Bauer (VB 0794)
112 Madison Avenue
New York, NY 10016
(212) 575-1517

**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer (JA 9184)
225 Broadway, Suite 307
New York, NY 10007
(212) 323-6980

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

ISABEL OCAMPO, JASMIN VARGAS
LABAVES and JUAN DAVID SERNA,              15-CV-01134 (DLI) (VVP)
and other similarly situated current
and former waiters, bussers,
prep cooks and dishwashers,

                      Plaintiffs,

      -against-

LA ABUNDANCIA BAKERY,
& RESTAURANTS INC., and
RUBEN ROJAS and
VLADIMIR WALLIS, individually,

                      Defendants.
-------------------------------------------------------------X

## ISABEL OCAMPO DECLARATION

I, ISABEL OCAMPO, declare under penalty of perjury, and pursuant to 28 U.S.C. § 1746, that the following is true and accurate:

1. I am a plaintiff in the above-captioned action and, as such, I am fully familiar with the facts and circumstances of this matter.

2. I submit this declaration in support of my application that the Court enter a default judgment against the individual Defendants Ruben Rojas and Vladimir Wallis and La Abundancia Bakery, & Restaurants Inc., and award me the full

Case 1:18-cv-03202-GBD-SDA   Document 51-3   Filed 12/18/18   Page 3 of 6
Case 1:17-cv-00656-RLM   Document 37   Filed 06/02/17   Page 17 of 36 PageID #: 240
Case 1:15-cv-01134-PK   Document 22-1   Filed 01/13/16   Page 2 of 5 PageID #: 176

   amount of my unpaid overtime compensation and unpaid spread of hours pay, together with liquidated damages, prejudgment interest, attorneys' fees, and costs.

3.  I reside in Queens County, New York.

4.  I filed a Complaint in this Court against my former employers, Ruben Rojas and Vladimir Wallis because they failed to pay me overtime compensation and "spread of hours" premium pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

5.  In August 2011 I began working for the Individual Defendants as a waitress. I worked at two of the six La Abundancia Restaurants. I worked as a waitress at "La Abundancia #2 at 7502 Roosevelt Ave. in Jackson Heights, New York and "La Abundancia #3" at 8116 Roosevelt Ave. in Jackson Heights, New York.

6.  From August 2011 until January 2015 I continuously worked as a waitress for the Individual Defendants.

7.  It is my belief and understanding that Defendants Ruben Rojas and Vladimir Wallis (the "Individual Defendants") own and operate the six separate La Abundancia Restaurants.

8.  During the entire course of my employment with Defendants, I was assigned to work over forty (40) hours per week.

9.  At the La Abundancia Bakery, I was scheduled by the Individual Defendants to work one of three shifts: 6 a.m. to 2 p.m., 2 p.m. to 10 p.m. and 10 p.m. to 6 a.m.

Case 1:18-cv-03202-GBD-SDA   Document 51-3   Filed 12/18/18   Page 4 of 6
Case 1:17-cv-00656-RLM   Document 37   Filed 06/02/17   Page 18 of 36 PageID #: 241
Case 1:15-cv-01134-PK   Document 22-1   Filed 01/13/16   Page 3 of 5 PageID #: 177

10. At the conclusion of each shift, though, I was required to account for all money collected in the course of my shift and to clean my tables. This took, on average, approximately another half an hour.

11. I was never provided a meal break (or any break for that matter) during an assigned shift.

12. During the time period that I worked at the La Abundancia Restaurants, the La Abundancia Restaurants did not have an official time track keeping system to monitor waiters' hours. I was not required to sign at the start of my shift or at the end of my shift.

13. Throughout the entirety of my employment, I did not receive proper overtime compensation. From the beginning of my employment and continuing through in or about January 2015, I was paid, in cash, a fixed salary of $55 per shift regardless of how many hours I worked in a week.

14. Throughout my employment with Defendants, I worked more than forty (40) hours per week.

15. It is my belief and understanding that the Individual Defendants failed to pay me overtime compensation at the rate of time and one-half for all hours in excess of forty (40) in a workweek during the entirety of my employment.

16. I do not know why the Individual Defendants did not pay me overtime during my employment, nor did the Individual Defendants discuss this with me.

17. It is my belief and understanding that the Individual Defendants were required to pay me an additional hour's pay at the prevailing minimum wage rate for each day in which my shift exceeded ten (10) hours.

3

Case 1:18-cv-03202-GBD-SDA   Document 51-3   Filed 12/18/18   Page 5 of 6
Case 1:17-cv-00656-RLM   Document 37   Filed 06/02/17   Page 19 of 36 PageID #: 242
Case 1:15-cv-01134-PK   Document 22-1   Filed 01/13/16   Page 4 of 5 PageID #: 178

18. Despite being assigned to double shifts throughout my employment, the Individual Defendants never paid me an extra hour's pay at the minimum wage rate for each such shift.

19. During the entirety of my employment, the Individual Defendants supervised my work. More specifically, they hired me, set my rate of pay, set my work schedule, directed my work as far as the tasks I was required to perform and paid my salary.

20. The Individual Defendants never provided me with any notice of their policies regarding the payment of overtime compensation.

21. Throughout my employment with Defendants, I was completely dependent on the wage that I received (or should have received), and was the sole means of supporting myself. I had no other employer other than the Individual Defendants during that time, and I had no other source of income.

**Work Schedule at La Abundancia**

22. During my first year of employment, I was assigned to work 15 double shifts. This means that I would work two shifts in one day.

23. After my first year of employment, I averaged approximately 10 double shifts a year.

24. Throughout the entirety of my employment, on average, I worked six (6) days a week. On occasion I would work seven (7) days a week and other weeks I would work five (5) days a week. The near majority of the time, though, I was assigned to work six (6) days a week.

4

Case 1:18-cv-03202-GBD-SDA   Document 51-3   Filed 12/18/18   Page 6 of 6
Case 1:17-cv-00656-RLM   Document 37   Filed 06/02/17   Page 20 of 36 PageID #: 243
Case 1:15-cv-01134-PK   Document 22-1   Filed 01/13/16   Page 5 of 5 PageID #: 179

25. As a result, from October 2012 until the end of my employment in January 2015, I worked, on average, 51 hours a week.

26. During the time period that I worked for La Abundancia, I did not take any vacations or have any breaks in employment.

## Conclusion

27. I also make this Declaration in support of my request for attorneys' fees and costs. In January 2015, I retained the Law Offices of Jacob Aronauer, to represent me in this proceeding. It is my understanding that Mr. Aronauer then asked Vincent E. Bauer of the Law Offices of Vincent E. Bauer to work with him on this case. Records of my attorneys' fees and costs incurred in this matter are attached to Mr. Aronauer's declaration.

28. Wherefore, based upon all of the foregoing, I respectfully request that the Court enter a default judgment against the Individual Defendants for the full amount of my unpaid overtime compensation and unpaid "spread of hours" premium, together with liquidated damages, prejudgment interest, attorneys' fees and costs.

29. This declaration was translated orally to me in Spanish.

Dated: September   , 2015
New York, New York

Isabel Ocampo
9-11-2015

5