# EXHIBIT D

Case 1:18-cv-03202-GBD-SDA   Document 51-4   Filed 12/18/18   Page 2 of 6
Case 1:17-cv-00656-RLM   Document 37   Filed 06/02/17   Page 21 of 36 PageID #: 244
Case 1:15-cv-01134-PK   Document 22-2   Filed 01/13/16   Page 1 of 5 PageID #: 180

**THE LAW OFFICES OF VINCENT BAUER**
Vincent Bauer (VB 0794)
112 Madison Avenue
New York, NY 10016
(212) 575-1517

**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer (JA 9184)
225 Broadway, Suite 307
New York, NY 10007
(212) 323-6980

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

**ISABEL OCAMPO, JASMIN VARGAS**
**LABAVES and JUAN DAVID SERNA,**
and other similarly situated current
and former waiters, bussers,
prep cooks and dishwashers,

                **Plaintiffs,**

        -against-
**LA ABUNDANCIA BAKERY,**
**& RESTAURANTS INC., and**
**RUBÉN ROJAS and**
**VLADIMIR WALLIS, individually,**
              **Defendants.**

---------------------------------------------------------------------x

           **15-CV-01134 (DLI) (VVP)**

### DECLARARATION OF JUAN DAVID SERNA

      I, JUAN DAVID SERNA, declare under penalty of perjury, and pursuant to 28 U.S.C. §

1746, that the following is true and accurate:

    1.      I am a plaintiff in the above-captioned action and, as such, I am fully familiar

           with the facts and circumstances of this matter.

    2.      I submitted this declaration in support of my application that the Court enter a

           default judgment against the individual Defendants Ruben Rojas and Vladimir

           Wallis and La Abundancia Bakery & Restaurants, Inc. (collectively herein the

Case 1:18-cv-03202-GBD-SDA   Document 51-4   Filed 12/18/18   Page 3 of 6
Case 1:17-cv-00656-RLM   Document 37   Filed 06/02/17   Page 22 of 36 PageID #: 245
Case 1:15-cv-01134-PK   Document 22-2   Filed 01/13/16   Page 2 of 5 PageID #: 181

"Defendants"). and award me the full amount of my unpaid overtime compensation and unpaid "spread of hours pay", together with liquidated damages, prejudgment interest, attorneys' fees, and costs.

3.      I reside in Queens County, New York.

4.      I filed a Complaint in this Court against my former employers, La Abundancia Bakery & Restaurants Inc., and Ruben Rojas and Vladimir Wallis, individually because they failed to pay me overtime compensation pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

5.      In August 2013 I began working for the Defendants as a busser, dishwasher and prep cook at "La Abundancia #3" at 8116 Roosevelt Ave. in Jackson Heights, New York and "La Abundancia #2 at 7502 Roosevelt Ave. in Jackson Heights. New York.

6.      From August 2013 until October 2014 I worked continuously as a busser, dishwasher and a prep cook.

7.      It is my belief and understanding that Defendants Ruben Rojas and Vladimir Wallis (the "Individual Defendants") own and operate the six separate La Abundancia Restaurants.

8.      At the La Abundancia Bakery, I was scheduled by the Individual Defendants to work at least one of three shifts:  6 a.m. to 2 p.m., 2 p.m. to 10 p.m. and 10 p.m. to 6 a.m.  As set forth in more detail below, more often than not I would work more than one shift per day.

Case 1:18-cv-03202-GBD-SDA   Document 51-4   Filed 12/18/18   Page 4 of 6
Case 1:17-cv-00656-RLM   Document 37   Filed 06/02/17   Page 23 of 36 PageID #: 246
Case 1:15-cv-01134-PK   Document 22-2   Filed 01/13/16   Page 3 of 5 PageID #: 182

9.      The La Abundancia Restaurants do not have an official time track keeping system to monitor bussers, dishwashers or prep cooks hours. I was not required to sign at the start of my shift or at the end of my shift.

10.     I was never provided a meal break in the course of a shift.Throughout the entirety of my employment, I did not receive proper overtime compensation. From the beginning of my employment and continuing through in or about January 2015, I was paid, in cash, a fixed salary of $10 a hour regardless of how many hours I worked in a week.

11.     Throughout my employment with the Individual Defendants, I worked more than 40 hours a week.

12.     It is my belief and understanding that the Individual Defendants failed to pay me overtime compensation at the rate of time and one-half for all hours in excess of forty (40) in a workweek during the entirety of my employment.

13.     At no point in time during the course of my employment with the Individual Defendants did the Individual Defendants discuss with me overtime pay.

14.     During the entirety of my employment, the Individual Defendants supervised my work. More specifically, they hired me, set my rate of pay, set my work schedule, directed my work as far as the tasks I was required to perform, provided me with the masters needed to perform my work, and paid my salary.

15.     The Individual Defendants never provided me with any notice of their policies regarding the payment of overtime compensation.

16.     Throughout my employment with Defendants, I was completely dependent on the wages that I received (or should have received), and was the sole means of

3

Case 1:18-cv-03202-GBD-SDA   Document 51-4   Filed 12/18/18   Page 5 of 6
Case 1:17-cv-00656-RLM   Document 37   Filed 06/02/17   Page 24 of 36 PageID #: 247
Case 1:15-cv-01134-PK   Document 22-2   Filed 01/13/16   Page 4 of 5 PageID #: 183

supporting myself. I had no other employer other than the Defendants during
that time, and I had no other source of income.

## Work Schedule at La Abundancia

17.    Throughout my employment at La Abundancia, I would work six days a week.

18.    Approximately 10% of the time I would actually only work my scheduled shift
with no additional hours.

19.    But approximately 40% of the time I would work about 3 hours extra after the
conclusion of my assignment shift.

20.    In addition, approximately 50% of the time I would be asked to work a double
shift.

21.    As a result, from August 2012 until October 2014, I worked, on average, 79
hours a week.

22.    During the time period that I worked for La Abundancia, I did not take any
vacations or have any breaks in employment.

## Conclusion

23.    I also make this Declaration in support of my request for attorneys' fees and
costs. In January 2015, I retained the Law Offices of Jacob Aronauer, to
represent me in this proceeding. It is my understanding that Mr. Aronauer
then asked Vincent E. Bauer of the Law Offices of Vincent E. Bauer to join
him as co-counsel. Records of my attorneys' fees and costs incurred in this
matter are attached to Mr. Aronauer's declaration.

4

Case 1:18-cv-03202-GBD-SDA   Document 51-4   Filed 12/18/18   Page 6 of 6
Case 1:17-cv-00656-RLM   Document 37   Filed 06/02/17   Page 25 of 36 PageID #: 248
Case 1:15-cv-01134-PK   Document 22-2   Filed 01/13/16   Page 5 of 5 PageID #: 184

24.     Wherefore, based upon all of the foregoing, I respectfully request that the

Court enter a default judgment against the Defendants for the full amount of

my unpaid overtime compensation and unpaid spread of hours premium,

together with liquidated damages, prejudgment interest, attorneys' fees and

costs.

25.     This declaration was translated orally to me in Spanish.

Dated:   September 11, 2015
         New York, New York

                                                    *JUAN DAVID SERNA* 9/11/2015
                                                    JUAN DAVID SERNA

5