# EXHIBIT E

Case 1:18-cv-03202-GBD-SDA   Document 51-5   Filed 12/18/18   Page 2 of 6
Case 1:17-cv-00656-RLM   Document 37   Filed 06/02/17   Page 26 of 36 PageID #: 249
Case 1:15-cv-01134-PK   Document 22-3   Filed 01/13/16   Page 1 of 5 PageID #: 185

THE LAW OFFICES OF VINCENT BAUER
Vincent Bauer (VB 0794)
112 Madison Avenue
New York, NY 10016
(212) 575-1517

THE LAW OFFICES OF JACOB ARONAUER
Jacob Aronauer (JA 9184)
225 Broadway, Suite 307
New York, NY 10007
(212) 323-6980

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ISABEL OCAMPO, JASMIN VARGAS
LABAVES and JUAN DAVID SERNA,                              15-CV-01134 (DLI) (VVP)
and other similarly situated current
and former waiters, bussers,
prep cooks and dishwashers,

                               Plaintiffs,

          -against-
LA ABUNDANCIA BAKERY,
& RESTAURANTS INC., and
RUBEN ROJAS and
VLADIMIR WALLIS, individually,

                              Defendants.
-------------------------------------------------------------x

## JASMIN VARGAS TAVARES DECLARATION

I, JASMIN VARGAS TAVARES, declare under penalty of perjury, andpursuant to 28 U.S.C. § 1746, that the following is true and accurate:

1. I am a plaintiff in the above-captioned action and, as such, I am fully familiar with the facts and circumstances of this matter.

2. I submit this declaration in support of my application that the Court enter a default judgment against the individual Defendants Ruben Rojas and Vladimir Wallis and the La Abundacia Bakery & Restaurants, Inc. (collectively herein

Case 1:18-cv-03202-GBD-SDA   Document 51-5   Filed 12/18/18   Page 3 of 6
Case 1:17-cv-00656-RLM   Document 37   Filed 06/02/17   Page 27 of 36 PageID #: 250
Case 1:15-cv-01134-PK   Document 22-3   Filed 01/13/16   Page 2 of 5 PageID #: 186

the "Defendants"), and award me the full amount of my unpaid overtime compensation and unpaid spread of hours pay, together with liquidated damages, prejudgment interest, attorneys' fees, and costs.

3. I reside in Queens County, New York.

4. I filed a Complaint in this Court against my former employers, Ruben Rojas and Vladimir Wallis because they failed to pay me overtime compensation and "spread of hours" premium pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

5. In January 2012 I began working for the Individual Defendants as a waitress. I worked at three of the six La Abundancia Restaurants. I worked as a waitress at "La Abundancia #2 at 7502 Roosevelt Ave. in Jackson Heights, New York, "La Abundancia #3" at 8116 Roosevelt Ave. in Jackson Heights, New York and "La Abundancia #4" at 3701 Junction Blvd in Corona, New York.

6. From January 2012 until June 2014 I continuously worked as a waitress for the Individual Defendants.

7. It is my belief and understanding that Defendants Ruben Rojas and Vladimir Wallis (the "Individual Defendants") own and operate the six separate La Abundancia Restaurants.

8. At the La Abundancia Bakery, I was scheduled by the Individual Defendants to work one of three shifts: 6 a.m. to 2 p.m., 2 p.m. to 10 p.m. and 10 p.m. to 6 a.m.

Case 1:18-cv-03202-GBD-SDA   Document 51-5   Filed 12/18/18   Page 4 of 6
Case 1:17-cv-00656-RLM   Document 37   Filed 06/02/17   Page 28 of 36 PageID #: 251
Case 1:15-cv-01134-PK   Document 22-3   Filed 01/13/16   Page 3 of 5 PageID #: 187

9. At the conclusion of each shift, though, I was required to account for all money collected in the course of my shift and to clean my tables. This took, on average, approximately another half an hour.

10. I was never provided a meal break (or any break for that matter) during an assigned shift.

11. The La Abundancia Restaurants do not have an official time track keeping system to monitor waiters' hours. I was not required to sign at the start of my shift or at the end of my shift.

12. Throughout the entirety of my employment, I did not receive proper overtime compensation. From the beginning of my employment and continuing through in or about January 2015, I was paid, in cash, a fixed salary of $55 per shift regardless of how many hours I worked in a week.

13. Throughout my employment with Defendants, I worked more than forty (40) hours per week.

14. It is my belief and understanding that the Individual Defendants failed to pay me overtime compensation at the rate of time and one-half for all hours in excess of forty (40) in a workweek during the entirety of my employment.

15. At no point in time did during the course of my employment with the Individual Defendants did the Individual Defendants discuss with me overtime pay.

16. It is my belief and understanding that the Individual Defendants were required to pay me an additional hour's pay at the prevailing minimum wage rate for each day in which my shift exceeded ten (10) hours.

3

Case 1:18-cv-03202-GBD-SDA   Document 51-5   Filed 12/18/18   Page 5 of 6
Case 1:17-cv-00656-RLM   Document 37   Filed 06/02/17   Page 29 of 36 PageID #: 252
Case 1:15-cv-01134-PK   Document 22-3   Filed 01/13/16   Page 4 of 5 PageID #: 188

17. Despite being assigned to double shifts throughout my employment, the Defendants never paid me an extra hour's pay at the minimum wage rate for each such shift.

18. During the entirety of my employment, the Individual Defendants supervised my work. More specifically, they hired me, set my rate of pay, set my work schedule, directed my work as far as the tasks I was required to perform and paid my salary.

19. The Individual Defendants never provided me with any notice of their policies regarding the payment of overtime compensation.

20. Throughout my employment with Defendants, I was completely dependent on the wage that I received (or should have received), and was the sole means of supporting myself. I had no other employer other than the Individual Defendants during that time, and I had no other source of income.

**Work Schedule at La Abundancia**

21. During my first year of employment, I was assigned to work 18 double shifts—this means that I would work two shifts in one day.

22. After my first year of employment, I worked, on average, approximately 10 double shifts each year.

23. Throughout the entirety of my employment, on average, I worked six (6) days a week. On occasion I would work seven (7) days a week and other weeks I would work five (5) days a week. The near majority of the time, though, I was assigned to work six (6) days a week.

4

Case 1:18-cv-03202-GBD-SDA   Document 51-5   Filed 12/18/18   Page 6 of 6
Case 1:17-cv-00656-RLM   Document 37   Filed 06/02/17   Page 30 of 36 PageID #: 253
Case 1:15-cv-01134-PK   Document 22-3   Filed 01/13/16   Page 5 of 5 PageID #: 189

24. As a result, from January 2012 until the end of my employment in June 2014, I worked, on average, 51 hours a week.

25. During the time period that I worked for La Abundancia, I did not take any vacations. I missed one week of work after having surgery.

## Conclusion

26. I also make this Declaration in support of my request for attorneys' fees and costs. In January 2015, I retained the Law Offices of Jacob Aronauer, to represent me in this proceeding. It is my understanding that Mr. Aronauer then asked Vincent E. Bauer of the Law Offices of Vincent E. Bauer to work with him on this case. Records of my attorneys' fees and costs incurred in this matter are attached to Mr. Aronauer's declaration.

27. Wherefore, based upon all of the foregoing, I respectfully request that the Court enter a default judgment against the Individual Defendants for the full amount of my unpaid overtime compensation and unpaid spread of hours premium, together with liquidated damages, prejudgment interest, attorneys' fees and costs.

28. This declaration was translated orally to me in Spanish.

Dated: September   2015
New York, New York
9-11-2015

Jasmin Vargas Tavares
9-11-2015

5