UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mogollan,

                        Plaintiff,

-against-

La Abundancia Bakery & Restaurant Inc. et al,

                        Defendants.

1:18-cv-03202 (GBD) (SDA)

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE:**

On April 12, 2018, Plaintiff commenced this action by filing a complaint alleging violations of the Fair Labor Standards Act and New York Labor Law. (ECF No. 1.) On June 21, 2018, Defendants La Abundancia Bakery & Restaurant Inc., 63-12 La Abundancia Inc., 75-02 La Abundancia Bakery and Restaurant Corp., 81-16 La Abundancia Inc., 37-01 La Abundancia Inc., 88-26 La Abundancia Inc., Monica Ferrerosa, and Ruben Rojas (collectively "Defendants") appeared through their counsel, Stephen D. Hans, and filed an Answer. (ECF No. 31.)

On December 17, 2018, Hans filed a motion to withdraw as Defendants' counsel, citing as reasons he was moving to withdraw: that Rojas, who had retained Hans to represent him and the corporate defendants, had become "increasingly difficult to manage and work with" and "consistently unavailable to discuss the discovery matters in this case;" that Hans "ha[d] been unable to effectively communicate" with his clients; that Rojas "was unhappy with my representation of him and the defendant corporations, and that he [Rojas] was going to seek other legal opinions" (which Hans interpreted to mean that Rojas "would soon be retaining new

counsel"); that Hans had been "unable to contact Rojas or his assistant" since mid-November, despite numerous attempts to do so via phone calls and email; and that "there is a serious disagreement over how to proceed in the case . . . even if Ruben Rojas had contacted me, he has consistently refused to listen to my counsel on the matter, and I believe the attorney-client relationship has disintegrated entirely." (Mot., ECF No. 48; Affirm. in Supp. of Mot., ECF No. 48-1.) Therefore, Hans stated, "I can no longer effectively represent Ruben Rojas or the corporate defendants." (Affirm., ECF No. 48-1, ¶ 7.)

Two days after Hans filed the motion, the parties appeared for a previously-scheduled status conference. (12/19/18 Minute Entry.) At the conference, the Court discussed the motion with the parties. Following the conference, on the same day, I issued an Order granting Hans's motion to withdraw, and providing the defendants thirty days to obtain new counsel. (ECF No. 53.) Moreover, the Order advised the defendant-corporate entities that, due to their status as corporate entities, they "cannot proceed *pro se*" and that "must retain counsel," and that failure to obtain new counsel within thirty days "may result in my recommendation to the District Judge that their answer(s) be stricken and default judgment(s) be entered against them. (*Id.* ¶ 1.) Furthermore, the Order directed Hans to serve the Order upon the Defendants and file proof of service. (*Id.* ¶ 4.) On December 21, 2018, Hans filed an affidavit of service showing that he had mailed the Order to Defendants at their last known addresses. (ECF No. 54.)

The thirty-day time period for Defendants to comply with the Order has passed, and Defendants have failed to obtain new counsel. Thus, I recommend that District Judge Daniels strike Defendants' answer, and that a default be entered against the following Defendants: La Abundancia Bakery & Restaurant Inc., 63-12 La Abundancia Inc., 75-02 La Abundancia Bakery and

Restaurant Corp., 81-16 La Abundancia Inc., 37-01 La Abundancia Inc., and 88-26 La Abundancia Inc. *See Grace v. Bank Leumi*, 443 F.3d 180, 192 (2d Cir. 2006) (corporation must appear by counsel).

The Clerk of Court is directed to mail a copy of this Report and Recommendation to the following defendants at their last known addresses, which are as follows:

    La Abundancia Bakery and Restaurant Inc.
    c/o Ruben Rojas
    75-02 Roosevelt Avenue
    Jackson Heights, NY 11372

    63-12 La Abundancia Inc.
    c/o Ruben Rojas
    63-10 Broadway
    Woodside, NY 11377

    75-02 La Abundancia Bakery and Restaurant Corp.
    c/o Ruben Rojas
    75-02 Roosevelt Avenue
    Jackson Heights, NY 11372

    81-16 La Abundancia Inc.
    c/o Ruben Rojas
    81-16 Roosevelt Avenue
    Jackson Heights, NY 11372

    37-01 La Abundancia Inc.
    c/o Ruben Rojas
    37-01 Junction Blvd.
    Corona, NY 11368

    88-26 La Abundancia Inc.
    c/o Ruben Rojas
    88-26 37th Avenue
    Jackson Heights, NY 11372

    Monica Ferrerosa
    63-10 Broadway
    Woodside, NY 11377

Ruben Rojas
63-10 Broadway, 2nd Floor
Woodside, NY 11377

**SO ORDERED.**

DATED:   New York, New York
         January 25, 2019

_____
STEWART D. AARON
United States Magistrate Judge

*               *               *

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS
### TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels.

**THE FAILURE TO FILE THESE TIMELY OBJECTIONS WILL RESULT IN A WAIVER OF THOSE OBJECTIONS FOR PURPOSES OF APPEAL.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).