UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL MOGOLLAN and ALBA MARIA MEJIA, on behalf of themselves, FLSA Collective Plaintiffs and the Class,

                                           Plaintiff,

against

LA ABUNDANCIA BAKERY & RESTAURANTS INC., *et al.*

                                           Defendants

Docket No. 18-cv-03202-(GBD)(SDA)

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR CONDITIONAL CERTIFICATION**

October 15, 2019

The Law Office of Albert Talero, P.C.

By: Albert Talero (AT5420)
71-50 Austin Street, Suite 207
Forest Hills, NY 11375
718-261-6780

atalero@talerolaw.com

Attorneys for Defendants

## TABLE OF CONTENTS

Table of Contents ...................................................................................................................2

Table of Authorities ................................................................................................................3

Preliminary Statement .............................................................................................................4

Facts .......................................................................................................................................5

Legal Argument ......................................................................................................................6

    The Plaintiffs Have Failed to Establish they are similarly situated with the proposed class and the court should deny their motion for conditional certification .............................................. 6

    The Plaintiffs seek to represent an "overly broad class," and the Court should deny their motion in its entirety............................................................................................................ 9

Conclusion ..............................................................................................................................9

## TABLE OF AUTHORITIES

### Cases

*Anjum et al v. J.C. Penney*, 2015 WL 3603973 (E.D.N.Y., USDJ Dearie, June 5, 2015) .......................... 10
*Durling, et al. v. Papa John's International*, 16-cv-03592(CS)(JCM)(SDNY, 3/29/2017), .......................... 12
*Flores v. Osaka Health Spa*, (05-cv-962) (SDNY, 3/16/2006) ...................................................... 10
*Mata v. Foodbridge,* 2014-cv-8754 (SDNY, 6/1/2015)(D.J. Ramos) .......................................................... 11
*Prizmic v. Armour*, No. 05-CV-2503(DLI)(MDG), 2006 WL 1662614, at 2 (EDNY, June 12, 2006) ........... 10
*Qing Gu v. T.C. Chikurin*, 2013-cv-2322, (EDNY, 2014)(Magistrate Judge Go) ....................................... 11
*Rosario v. Valentine Ave. Discount Store, Co., Inc.*, 828 F. Supp. 2d 508 (EDNY, 2011) ........................... 9

*Mata v. Foodbridge,* 2014-cv-8754 (SDNY, 6/1/2015)……………………………………………….9

*Qing Gu v. T.C. Chikurin*, 2013-cv-2322, (EDNY, 2014)……………………………………………. 9

### Statutes

Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C §§ 207 ...................................................................... 4
New York Labor Law ("NYLL") §§ 195 ....................................................................................................... 4

### Rules

New York Codes, Rules and Regulations ("NYCRR") Title 12, § 142.-2.2 .................................................. 4

## PRELIMINARY STATEMENT

Plaintiffs seek to recover allegedly unpaid overtime compensation and related damages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C §§ 207, 216, New York Labor Law ("NYLL") §§ 195, 198, 663 and New York Codes, Rules and Regulations ("NYCRR") Title 12, § 142.-2.2.  The Plaintiffs' original motion (ECF Document 51) was granted in part, conditionally certifying the collective action for "all non-exempt employees employed at the 75-02 La Abundancia Bakery and Restaurant Corp. on or after April 12, 2012," (ECF Document 79) but withholding conditional certification for other La Abundancia locations.

In that context, after depositions, Plaintiffs now bring a second motion for conditional certification as a class under §216(b) of the FLSA largely on the strength of two new declarations from opt-in plaintiffs Alba Maria Mejia and Hector De La Rosa Villares, neither of whom still works at any *La Abundancia* location, Hector De La Rosa Villares, having been discharged for theft in March, 2019, and Alba Maria Mejia having left in 2016.  Although purporting to have new evidence in support of this second attempt, the new declarations only support the motion with longer lists of individuals whose last names are unknown, whose locations are unstated, with no dates, or clear indication of at least approximately when conversations took place, with persons all of whom are said, self-servingly, to have worked in "all restaurant locations." (Mejía Declaration, Par. 4) and (De La Rosa Declaration, Par. 4).  De La Rosa claims to have been obligated to work at all of the locations "interchangeably" and lists five individuals as his sources of information of the the "similar situation" of the employees at all those locations.  However, the affidavits of all five (5) of his sources reveals that he is untruthful in that none confirms his alleged conversations with him, and none ever worked more than forty-hour weeks, nor eight-hour days, and three (3) out of seven (7) of Mejía's sources deny ever having spoken with her about underpayment of wages, including

a close friend of hers, who no longer works at any *La Abundancia,* Alejandra Loaiza.  So, the two new declarants cannot be said to have "first hand" knowledge about conditions and payment of wages at seven (7) different and independently owned and operated bakery/restaurants. Furthermore, the affidavits make clear that the people claimed as "sources" by the new would-be class representatives were not "similarly situated" with the declarants, in that they had never worked overtime, and had not worked, for the most part, at a significant number of other locations, other than 75-02 Roosevelt (No. 2) and 81-16 Roosevelt (No. 3).   Under the circumstances, the defendants respectfully oppose the motion as sparsely supported at best, by sources who contradict the factual assertions for which they are cited as sources, and as seeking an "overly broad class."

Contrary to the statements of the plaintiff, who claim to be similarly situated to all "[o]ther non-managerial employees at Defendants' Restaurants (including, but not limited to individuals listed in ¶ 4 herein)"  Whereas the first time around, this case was about a dishwasher who had only worked at the bakery/restaurant at 75-02 Roosevelt Avenue, Jackson Heights, NY 11372, ("*La Abundancia* #2") now, after all the employees at that location have been peppered with mailed and other notifications inviting them to joint the plaintiffs, not one has done so, and the new declarants only have experience with one other location, 81-16 Roosevelt Avenue, Jackson Heights, NY 11372  ("*La Abundancia* #3"), despite the new declarants expansive claims to the contrary.

The plaintiffs and proposed representatives of the class, have only worked at *La Abundancias #2 and #3*, yet they seek to represent all non-managerial employees of the seven (7) *La Abundancia* restaurant/bakeries.  However, six of the declarants claimed "sources" of information regarding their "similar situation" have submitted affidavits denying any similarity with the would-be representatives of the class, denying the new declarants' claim to having worked

at virtually all of the at bakery/restaurants and even deny having spoken with the declarants about their claim that the sources had spoken to them about similar dissatisfaction with the defendants' failure to pay overtime, all of them denying ever having worked overtime.  In other words, the original plaintiff was found by the Court to be insufficiently "similarly situated" with employees employed at locations other than *La Abundancia #2*, and the new declarants are no more "similarly situated" to anyone, since most of their sources report not having experienced any overtime.  Under the circumstances, the plaintiffs cannot be considered "similarly situated" with the people they claim to be their sources for proof that they are similarly situated with other unnamed employees.  The telltale lack of specificity as to time, place, correct names, specific quotations, or corroboration, simply unmask the so-called "new" evidence of "similar situation" as only slightly more elaborate perjured FLSA plaintiff's boilerplate than the first partly-failed attempt.  The lack of specificity requires the Court to deny the motion in its entirety, under the law.  However, should the Court prefer, the motion should be denied as premature, with leave to renew at the conclusion of discovery.

## FACTS

The amended complaint and the new declaration purportedly establish that there are seven (7) *La Abundancia* bakery restaurants at different locations in Queens, New York, and that the plaintiffs worked at *La Abundancia* #2, located at 75-02 Roosevelt Avenue, Jackson Heights, Queens and *La Abundancia* #3, located at 81-16 Roosevelt Avenue, Jackson Heights, Queens. The Declaration of defendant RUBEN ROJAS shows that each of the six (6) bakery restaurants are owned and operated by different corporations, many, but not all, named in the caption, and that plaintiff worked as a dishwasher.

Declarations in support of the motion contain many details and quotations, from individuals who have sworn, under oath, that the plaintiffs' allegations are untrue, in that they have never worked at any of the other bakeries and they, personally, have never suffered from underpayment, nor even worked any overtime, nor experienced forced tip-sharing, or untipped labor cleaning, nor have they ever spoken to the declarants about such problems.

Under the circumstances, where the Plaintiffs are attempting to certify a class based on false information, and cannot demonstrate that they are similarly situated to any identifiable individuals who have not factually denied their claims of similar situation, their motion should be denied in its entirety.

## LEGAL ARGUMENT

### THE PLAINTIFFS HAVE FAILED TO ESTABLISH THEY ARE SIMILARLY SITUATED WITH THE PROPOSED CLASS AND THE COURT SHOULD DENY THEIR MOTION FOR CONDITIONAL CERTIFICATION OF AN EXPANDED CLASS IN LIGHT OF MANY OF THE NAMED MEMBERS OF THEIR PROPOSED CLASS HAVING SUBMITTED AFFIDAVITS CONTRADICTING THEIR SIMILARITIES WITH THE PLAINTIFFS AND DENYING THE FUNDAMENTAL FACTS ALLEGED BY PLAINTIFFS

The amended complaint and the moving papers allege that plaintiffs MOGOLLÁN and MEJÍA worked at several of the *La Abundancia* bakery restaurants other than *La Abundancia* #2 and *La Abundancia* #3. However, Defendants have submitted affidavits from six individuals named by MEJÍA and DE LA ROSA (Declarations, par. 4) as potential members of the class to be certified. Clearly guided by caselaw, the declarants carefully named specific non-managerial individuals with whom they claimed to have spoken of their dissatisfaction with the payment of wages, who allegedly confirmed their shared frustration and dissatisfaction. They follow the pattern established in the Plaintiffs' first certification, down to the same table in paragraph 4, listing the supposed sources of information, and describing how they had been "required" to work at virtually all of the locations leading him to conclude, in almost the identical language used by MOGOLLAN that their "personal observations and my conversations with other non-managerial employees," that they were all similarly deprived. (both Declarations, Par 4.)

It was impossible to obtain affidavits from all of the people cited by the declarants, but six of them supplied affidavits, identified as follows:

    a. ALEJANDRA LOAIZA, identified by MEJÍA as "Alejandra Loayza;"

    b. MARTHA HERNÁNDEZ, , identified by MEJÍA as "Martha Hernández"

    c. KATHY CIFUENTES, identified by DE LA ROSA as "Kathy [NN]"

    d. JUAN DE LA CRUZ, identified by DE LA ROSA as "Juan [NN]"

    e. MIGUEL DE LA CRUZ, identified by DE LA ROSA as "Miguel [NN]"

    f. SANDRA MILENA ORJUELA, identified by DE LA ROSA as "Sandra [NN]"

These individuals in their affidavits completely debunk the declarants' version of events, and, before them, plaintiff MOGOLLÁN's. They attest that:

- the declarants never worked overtime;
- they never had the conversations he claims to have had with them, either individually, or collectively;
- they never heard the declarants complain about underpayment;
- they never worked any overtime, nor did they know of anyone else who did; and
- the affiants who attended the public at the counters and tables agreed that they had never had to share tips from the tip jar with any managers;
- the affiants who attended the public at the counters and tables agreed that they do not have to spend 50% of their time doing the untipped labor of cleaning, and agreed that the limited cleaning they have done takes up about 5% of their time, and is incidental to serving food and cleaning up what is left by customers on the tables.

Although the FLSA does not contain a class certification requirement, orders such as the one sought by Plaintiffs, authorizing notice to potential plaintiffs, are often referred to in terms of "certifying a class." (see *Rosario v. Valentine Ave. Discount Store, Co., Inc.*, 828 F. Supp. 2d 508 (EDNY, 2011). While the Plaintiff's burden in seeking this relief is low, where the proposed representative of the class is "unable to state clearly and specifically to whom it is that she contends she is similarly situated, it is not possible for the Court to conclude that a collective action

certification is warranted." *Flores v. Osaka Health Spa*, (05-cv-962) (SDNY, 3/16/2006) at 3.

Clearly, the identified members of Plaintiffs' proposed expanded class are not similarly situated with them in that none of them shares the experiences of having to work at all the bakeries, having to share tips with management, having to spend 50% of their working hours engaged in cleaning, working overtime, and all swear the conversations with them that the declarants claim are fictitious. In fact, they all claim he never mentioned anything about his own dissatisfaction!

FLSA plaintiffs must still demonstrate that they and the potential new members of the "class" are "similarly situated." This requires them to provide a "factual nexus between their situation[s], rather than mere conclusory allegations." *Anjum et al v. J.C. Penney*, 2015 WL 3603973 (E.D.N.Y., USDJ Dearie, June 5, 2015), p. 8, *quoting* from *Prizmic v. Armour*, No. 05-CV-2503(DLI)(MDG), 2006 WL 1662614, at 2 (EDNY, June 12, 2006).

In the *Anjum* case, Judge Dearie was faced with a conditional certification application like the instant application, except that it was brought *after* depositions. In that case, each of four named plaintiffs personally attested to the violations they claimed and identified by name similarly situated employees at the Staten Island and Manhattan stores of defendant J.C. Penney. Judge Dearie granted conditional certification as to those stores, but denied the relief as to other New York State J.C. Penney Retail Stores on grounds that they had failed to provide "firsthand evidence of violations at any of the J.C. Penney retail stores in the State of New York, other than the Staten Island Store." *Id.*, p. 15. It is telling that those plaintiffs had named individuals at the Staten Island and Manhattan stores who had suffered from similar treatment, but Judge Dearie refused to extend the relief to other stores, where names had not been provided. Here, Plaintiff has provided names, after a fashion, ("LNU"), but they largely come from the same bakery where he worked, and they all specifically reject his version of the facts and deny working more than forty hours,

negating any "similarity" with Plaintiff, who claims to have averaged fifty (50) hours of work per week.

### **THE PLAINTIFFS SEEK TO REPRESENT AN "OVERLY BROAD CLASS," AND THE COURT SHOULD DENY THEIR MOTION IN ITS ENTIRETY**

The courts in the Second Circuit do not require the members of the proposed class to have exactly the same position as the proposed representatives, as long as the proposed representatives have established that they and the proposed members of the class are subject to a common unlawful practice. However, where a pizza counterperson was seeking to represent cooks, line-cooks, food preparers, dishwashers, delivery persons, counter persons and cashiers," the court found this to be an "overly broad class," *Mata v. Foodbridge,* 2014-cv-8754 (SDNY, 6/1/2015)(D.J. Ramos) *citing Qing Gu v. T.C. Chikurin*, 2013-cv-2322, (EDNY, 2014)(Magistrate Judge Go)

Furthermore, the instant plaintiffs, must overcome the directly contradictory statements of the individuals they proffered as potential class members to show that conditions at restaurant bakeries other than *La Abundancia* #2 or #3, share common policies, or that specific employees at the other restaurant bakeries are victims of the same specific policies. Plaintiffs rely on deposition transcripts for indications that Defendant RUBEN ROJAS administers many of the La Abundancia bakeries, but they ignore the fact that the bakeries have different owners and different managers, and that the managers set work schedules. In a case where the plaintiffs failed to show why notice should be sent to employees of five restaurants for which plaintiffs only alleged generally that the restaurants were operated as chain restaurants under common names, the court denied the motion without prejudice to renewal in the future. *Qing Gu v. T.C. Chikurin*, 2013-cv-2322, (EDNY, 2014)(Magistrate Judge Go)

## I

Although certification of an FLSA class does not require the movant to meet a stringent burden, conditional certification requires a factual nexus, or "similar situation" between the proposed class members and the movant. In the instant case, the contradiction of all of the factual bases upon which the motion rests by the very members of the proposed class should give the Court pause. In *Durling, et al. v. Papa John's International*, 16-cv-03592(CS)(JCM)(SDNY, 3/29/2017), the court, noting that 80% of conditional certification motions were granted in the Second Circuit in 2016, because plaintiffs have a low bar to obtain it, nevertheless, denied such certification to Papa John's International drivers who alleged they had not been sufficiently reimbursed for the use of their cars, where the court found that the plaintiffs had not produced sufficient evidence to support a finding that they were similarly situated to drivers employed by hundreds of different employers, the franchise owners. In the instant case, Plaintiffs have, once again, failed to show such a nexus, given that many of the people cited by the declarants as suffering from an allegedly common illicit policy to not pay overtime, or improperly sharing tips, have submitted affidavits saying they have not been so victimized. Under the circumstances, the Court should either deny the motion outright.

## **CONCLUSION**

Under the circumstances, Defendants respectfully urge the Court to deny the plaintiffs' motion for conditional certification.  However, should the Court prefer, the motion should be denied as premature, with leave to renew at the conclusion of discovery.


Dated:   October 15, 2019
         Forest Hills, New York


Respectfully submitted,

THE LAW OFFICE OF ALBERT TALERO, PC.


_____/S/_____
By:  Albert Talero  (AT 5420)
71-50 Austin Street, Suite 207
Forest Hills, NY 11375
718-261-6780
atalero@talerolaw.com