# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:        212-465-1188
                              cklee@leelitigation.com

May 26, 2020

**Via ECF**
The Honorable Stewart D. Aaron, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street,
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/26/2020
```

        Re:    *Mogollan v. La Abundancia Bakery & Restaurant Inc., et al.*
                  Case No. 18-cv-03202 (GBD) (SDA)

Dear Judge Aaron,

    I am counsel to Plaintiffs and write to inform the Court of a dispute. The saga for setting the deposition dates of the remaining three opt-in claimants, which Defendant had failed to request during the entire period of discovery, is contorted. Defendants had noticed depositions for one claimant for the afternoon of May 26, 2020 and two for the afternoon of May 28, 2020, and will not agree to deposing all in one day, due to scheduling conflicts. The parties (C.K. Lee for Plaintiffs and Oscar Sanchez for Defendants) met and conferred today for 15 minutes regarding this issue.

    I had requested to Defendants that the three remaining depositions of the opt-in claimants be conducted this coming Friday, starting at 12pm, and proceeding until Defendants are satisfied. Although Defendant had previously agreed to conduct three depositions previously scheduled with a start time of 1pm on May 18, 2020 (*See* **EXHIBIT A**), Defendants now refuse to conduct three depositions in one day with an even earlier start time. Because of the limited complexity of this case, I believe Defendants will have more than enough time to complete their depositions and will not be prejudiced. In fact, many of the depositions that I conducted in this case did not exceed 15 minutes or half an hour.

    I have conflicts for depositions on May 27, 2020, due to (i) a remote mediation that was scheduled months in advance and (ii) my non-English speaking mother in law who is stranded in the US because she cannot return to her native country, needs to visit a doctor, because of a significant health issue with her eye. As such, I need to look after my 2 year old and 10 year old, who is disabled.

    At the least, I am not sure why Defendants cannot depose all three witnesses on Friday, albeit with an earlier start time, since the first of the two depositions for Friday has a 1pm scheduled start time anyway.

  Also, because my non-English speaking clients are severely technology challenged, I have requested that the deposition take place by conference call. If necessary, I can have the deponent on my phone through Facetime or Zoom.

  I respectfully request that the Court approve the three remaining depositions to take place on May 28, 2020, starting at 12pm, utilizing conference call functionality. Pursuant to local rule 37.2, Plaintiffs request a pre-motion discovery conference.

Respectfully,

/s/ C.K. Lee

C.K. Lee, Esq.

cc: All parties via ECF

---

Request GRANTED IN PART AND DENIED IN PART. The depositions of Nidia Perdomo, Alba Maria Mejia and Hector de la Rosa shall take place on Friday, May 29, 2020 commencing at 10:30 a.m. by remote means, whereby Defendants' counsel can clearly see all deponents, and shall continue until completed. Furthermore, due to exigent circumstances, in my discretion and pursuant to Rules 30(b)(3), 30(b)(4) and 30(b)(5) of the Federal Rules of Civil Procedure, all depositions in this action may be taken via videoconference or other remote means and a deposition will be deemed to have taken place "before an officer appointed or designated under Rule 28" (*see* Fed. R. Civ. P. 30(b)(5)(A)) if such officer attends the deposition using the same remote means used to connect other participants, so long as all participants (including the officer) can clearly hear and be heard by all other participants.

Finally, during a call with the parties held on May 26, 2020, Plaintiffs' counsel represented to the Court that he was unable to contact opt-in Plaintiff Claudia Vasquez Ibarra in order to schedule her deposition. As such, I will recommend that the the claims of opt-in Plaintiff Vasquez be deemed withdrawn unless she appears for a deposition prior to June 1, 2020 or unless she makes an application showing good cause for failure to appear, no later than June 8, 2020. SO ORDERED.

Dated: May 26, 2020