# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:  212-465-1188
cklee@leelitigation.com

June 4, 2020

**Via ECF**
The Honorable Stewart D. Aaron, U.S.M.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

        Re:  *Mogollan, et al. v. La Abundancia Bakery & Restaurant Inc., et al.*
            Case No. 18 CV 3202 (GBD) (SDA)

Dear Judge Aaron:

    We represent Plaintiffs and Opt-in Plaintiffs in the above-referenced matter. This letter is respectfully submitted in response to Defendants letter-motion for Local Rule 37.2 Discovery Conference and Sanctions, filed on June 1, 2020 (Dkt. No. 203). Plaintiffs' oppose and reject Mr. Sanchez's characterization of Mr. Lee's conduct as disruptive and dilatory behavior and cross move for sanctions and costs or any other available remedy.

    As a preliminary matter, at this time the parties do not have an opportunity to review the transcript. Plaintiffs are awaiting the copy of the deposition transcript, which as mentioned in Defendants' letter, should be available by June 10th, at which point we shall be able to respond more thoroughly to the allegations in Defendants' letter.

    The standard for sanctions under Rule 30(d)(2) is that the party being sanctioned must have performed conduct that "impedes, delays, or frustrates the fair examination of the deponent." *See* Edwards v. Wilkie, 2019 U.S. Dist. LEXIS 197115, at *5 (S.D.N.Y. Nov. 12, 2019). Throughout the deposition, Mr. Lee's objections did not impede, delay or frustrate the deposition as they were a necessary and reasonable response in view of Defendants' counsel's improper questions and conduct. Even if, assuming for arguments sake, that Mr. Lee's actions were inappropriate, the purported misconduct would not reach a level where sanctions are warranted. The record will speak for itself.

                      \*            \*            \*

    Plaintiffs also intend to cross-move for sanctions against Defendants under Rule 37(b)(2) and the Courts inherent powers to impose sanctions.

    Rule 37(b)(2) authorizes sanctions against a party that fails to comply with a discovery order and applies to Defendants' failure to produce "documents for all non-exempt employees of Defendants after April 12, 2012, across all of Defendants La Abundancia locations: payroll

records, time records, wage-and-hour notices, wage statements, tip credit notices and tip records." *See* Dkt. No. 149.

In their letter, Defendants claim that the exhibits that were the subject to objections in Mrs. Alba Maria Mejia's deposition contained documents that Defendants had previously produced. However, the exhibits also included summaries, photographs and worksheets that seemed, and later were confirmed, to have been created by Defendants in anticipation of the deposition. Furthermore, all the exhibits consisted of documents that had been bates-stamped, which was not the case for Defendants prior production.

Furthermore, we request that the Court compel Defendants to provide Plaintiffs with the exhibits used in the deposition of Mrs. Mejia, and the exhibits intended for use in the remaining depositions, as Defendants refuse to provide Plaintiffs with those exhibits.

Plaintiffs had requested that Defendants provide the Exhibits that were used for Mrs. Alba Maria Mejia's depositions. Plaintiffs have also requested that Defendants provide the Exhibits that were anticipated to be used for the depositions of Hector De La Rosa and Nidia Perdomo, also scheduled for that same day, May 29, 2020. Defendants have now refused to produce those documents, all of which were previously provided to the Court Reporter, Veritext. We respectfully request that the Court compel such production to allow Plaintiffs a complete record prior to submitting their motions for sanctions.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ C.K Lee*
C.K. Lee, Esq.

cc:     All Counsel via ECF