**SANCHEZ & ASSOCIATES**
40-20 58TH STREET
WOODSIDE, NY 11377
TEL: 718-747-4162
OSCAR@SANCHEZLLC.COM

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/6/2020
```

July 5, 2020

<u>Via ECF</u>
The Honorable Stewart D. Aaron, U.S.M.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

      Re:    *Mogollan, et al. v. La Abundancia Bakery & Restaurant Inc., et al.*
              <u>Case No. 18 CV 3202 (GBD) (SDA)</u>

Dear Judge Aaron:

      We represent Defendants in the above-referenced matter. Defendants, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 16, 37, and 41, respectfully submit this Application for an order to show cause. For the reasons set forth herein, Defendants respectfully request the Court issue an order requiring opt-in plaintiff, Hector de la Rosa, who has failed to respond to Defendants' court-ordered discovery, to show cause within five (5) days as to why his claims should not be deemed withdrawn or dismissed with prejudice. In a similar instance, when former opt-in plaintiff Claudia Vasquez Ibarra failed to appear for deposition, this Court ordered that her claims be deemed withdrawn unless she appeared for a deposition within five (5) days or unless she made an application showing good cause for her failure to appear, no later than seven (7) days from the date she was to appear for deposition [ECF. 198]. She never appeared and her claims were deemed withdrawn.

      On June 12, 2020, the Court entered an Order [ECF. 207] authorizing Defendants to serve written discovery on two opt-in plaintiffs, Hector de la Rosa and Nidia Perdomo. On June 19, 2020, following the Court's Order, the Defendants served both plaintiffs with requests for admissions and interrogatories. Plaintiff Hector de la Rosa has failed or refused to comply with this Court's Orders as he has failed to provide <u>any</u> discovery responses by the original court ordered due date, June 26, 2020 [ECF. 207], or the extended court ordered due date, July 3, 2020 [ECF. 214]. Thus, Plaintiff De la Rosa has elected to stop participating in this litigation. Indeed, it is clear, from Plaintiffs' motion for extension of time [ECF. 213], that Hector de la Rosa has had no recent communication with his counsel.

      Counsel for the Defendants has repeatedly attempted to confer with counsel for the Plaintiffs to resolve this dispute without success. The undersigned called the main line to Lee Litigation Group, the direct line to CK Lee, and his cell phone and left a voicemail regarding this matter on June 29, 2020. I also sent an email requesting Mr. Lee return my calls on June 29, 2020. On June 30, 2020, I was able to speak to CK Lee and he only wanted to discuss setting a date for a class mediation, however, he did not provide reason for De La Rosa's failure to respond. By failing to respond to the court-ordered discovery, opt-in Plaintiff De la Rosa has not prosecuted his claims and has instead elected not to be part of this lawsuit.

      Defendants' motion implicates both Rule 37(b) of the Federal Rules of Civil Procedure, and the court's inherent authority and overarching power under Rule 41(b) of the Federal Rules of Civil

Procedure, which provides the court with discretion to dismiss a plaintiff's complaint for failure to prosecute or based upon a failure to comply with legitimate court orders. Regarding its Inherent Authority, the Court may turn to its inherent powers, which are innate to the creation of federal courts, to impose respect for their lawful mandates.[1]

It is axiomatic that a party to an action pending in a federal district court, whether a plaintiff or defendant, is required to comply with legitimate court directives and to participate in scheduled proceedings, including status conferences and discovery.[2] The failure of a party to fulfill this obligation provides a basis for the striking of the offending party's pleadings and the entry of appropriate corresponding relief.[3] The court's inherent authority to strike a party's pleading may be exercised sua sponte:

> The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.[4]

In the present action, the non-responding opt-in plaintiff's refusal to comply with the Orders of this Court would justify *sua sponte* dismissal of his claims. Such *sua sponte* action is not necessary, however, since defendants have moved pursuant to Rule 37(b), affirmatively seeking the sanction of deeming plaintiff's claims withdrawn or dismissal with prejudice as a result of plaintiff's refusal to comply with the Court's discovery Orders [ECF. 207 and 214].

The provision governing a party's failure to obey a court discovery order provides for an array of available sanctions to be awarded, in the court's discretion, ranging in severity up to and including dismissal of an action in the case of a recalcitrant plaintiff.[5] The decision as to which of those available sanctions should be awarded in the event of a party's failure to comply with a legitimate discovery order, is a matter entrusted to the sound discretion of the court.[6] The court's broad discretion to impose sanctions pursuant to Rule 37(b)(2) is limited only by the requirement, expressly stated in the rule, that the sanction selected be "just" and that it relate to the particular claim to which the discovery order was addressed.[7] The determination of whether a sanction is just must be weighed in light of the record as a whole.[8] In deciding which of the available sanctions under Rule 37(b) to award, some courts have looked for guidance to cases decided under Rule 41(b).[9]

The propriety of a Rule 41(b) dismissal for failure to comply with an order of the court and/or for failure to prosecute is informed by five relevant factors, including (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further

---

[1] United States v. Seltzer, 227 F.3d 36, 39-42 (2d Cir. 2000)).
[2] Cerruti 1881 S.A. v. Cerruti, Inc., 169 F.R.D. 573, 582-83 (S.D.N.Y. 1996)).
[3] Doyle v. Anderson, No. 02-CIV. 3572, 2004 WL 63484, at *1 (S.D.N.Y. Jan. 13, 2004)
[4] Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962)
[5] Fed. R. Civ. P. 37(b)(2)(A); *see* Gissinger v. Yung, Nos. 04-CV-534 (CBA)(JO), 04-CV-5406 (CBA)(JO), 2006 WL 1329697, at *4-5 (E.D.N.Y. May 16, 2006).
[6] Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991).
[7] Insurance Corp. of Ireland v. Compagnie des Bauxites, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106 (1982).
[8] Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979).
[9] *See*, e.g., Banjo v. United States, No. 95 Civ. 633, 1996 WL 426364, at *5 (S.D.N.Y. July 29, 1996)

delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.[10] The Court has already determined that in order to permit them to adequately defend in this action, defendants are entitled to the basic information sought in the court-ordered request for admissions and interrogatories [ECF. 207]. The prejudice to the defendants in not being able to garner the basic information regarding this plaintiff through the request for admissions and interrogatories is manifest. The request for admissions and interrogatories were authorized in order to permit the defendants to gain information concerning the specific circumstances surrounding plaintiff's claims of working overtime without compensation. Defendants are significantly handicapped in their ability to defend the claims with regard to this plaintiff by not having the information sought, a factor which militates heavily in favor of dismissal.[11] Another important factor in the dismissal calculus is the need of the court to both manage its docket and preserve the integrity of its orders. This is a factor that also weighs strongly in favor of dismissal. As previously noted, the plaintiffs' conduct has resulted in a delay of this action, having failed to respond to defendants' request for admissions and interrogatories pursuant to a two Court Orders [ECF. 207 and 214].

We respectfully submit that no sanction short of dismissal is warranted.[12] The opt-in plaintiff's refusals to provide standard discovery has caused delay, required court intervention, increased defendants' costs, and prejudiced them in their ability to defend against the plaintiff's claims. Having ignored this Court's Orders, the non-complying opt-in plaintiff has left the Court with no alternative but to order dismissal of his claims. The requested sanction is just given the Plaintiff's unexcused defiance of the Court's discovery Orders.

Plaintiffs' inaction in this case also implicates Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action or comply with any order of the court.[13] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.[14] Accordingly, for the same reasons set forth above, dismissal pursuant to Rule 41(a) is also warranted. Pursuant to local rule 37.2, Defendants request a pre-motion discovery conference.

We thank the Court for considering this matter.

Respectfully submitted,
*/s/ Oscar Sanchez*
Oscar E. Sanchez, Esq.

Request GRANTED IN PART. By Order dated 6/29/2020 (ECF No. 241), the Court granted an extension until 7/3/2020 for Hector De La Rosa to provide discovery responses. Due to his failure to provide such responses, he is in violation of a court order. If Mr. De La Rosa fails to provide discovery responses by 7/10/2020 and/or fails to appear for a deposition by the 7/17/2020 deadline (*see* ECF No. 217), I will recommend that his claims be dismissed for failure to prosecute. No later than 7/20/2020, the parties shall advise the Court whether Mr. De La Rosa has complied and/or appeared, so that the Court may make a Report and Recommendation as to Mr. De La Rosa, and also as to Claudia Vasquez Ibarra, who still appears on the ECF docket as a Plaintiff with pending claims. SO ORDERED. Dated: 7/6/2020

---

[10] *See* Shannon v. Gen. Elect. Co., 186 F.3d 186, 193 (2d Cir. 1999).
[11] *See* Odle v. City of New York, No. 09-CV-2881, 2010 WL 1528548, at * 2 (E.D.N.Y. Mar. 26, 2010)
[12] *See* Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir.1994) (per curiam)
[13] Link, 370 U.S. at 629-30, 82 S. Ct. at 1388.
[14] *See* Rodriguez v. Walsh, No. 92- Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y., Jan. 14, 1994).