UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGEL MOGOLLAN et al.*,*

                    Plaintiffs,

    -against-

LA ABUNDANCIA BAKERY &
RESTAURANT INC. et al.,

                    Defendants.

**DEFENDANTS'
MEMORANDUM OF LAW
*IN SUPPORT OF*
PARTIAL SUMMARY JUDGMENT
AND DECERTIFICATION**

18-CV-3202

---

**PRELIMINARY STATEMENT**

In this action, Plaintiffs Angel Mogollan, Alba Maria Mejia, Hector De la Rosa, and Nidia Perdomo seek to prosecute claims that they worked uncompensated overtime, were denied minimum wage, and were kept in the dark about their rights, all in violation of the Fair Labor Standards Act and state law. They seek to represent what they contend is a large class of similarly situated employees.

The Plaintiffs cannot establish their minimum wage claims because the undisputed facts demonstrate that Plaintiffs Mogollan, De la Rosa, and Perdomo were paid above minimum wage and Plaintiff Mejia was subject to a tip credit. The Plaintiffs cannot establish that they worked overtime "off-the-clock" because the undisputed facts demonstrate that the Defendants had established procedures for employees to record their time, asked employees to certify the accuracy of the time

submitted, and paid employees for the time reported and certified. The Plaintiffs cannot establish that they were kept in the dark because the undisputed facts demonstrate that the Defendants adequately posted notices. In fact, the evidence includes ***a photograph of two of the Plaintiffs standing next to a wall with the posted notices.***

Even if any of the Plaintiffs could establish anything less than strict compliance with the Fair Labor Standards Act, Plaintiffs Perdomo and Mejia cannot establish any damages at all, and Plaintiffs Mogollan and De la Rosa can point to nothing more than inadvertence resulting in minor accounting errors. To the extent that any Plaintiff could ever establish a violation, his or her case is limited to fewer than all of the Defendants, and the remaining Defendants are entitled to judgment as to those Plaintiffs who never worked for them.

The record is replete with evidence of the Defendants' good faith and devoid of proof of willfulness, indicating that liquidated damages are not recoverable and that all of these claims are statutorily limited to a two-year period.

Given the lack of merit in the Plaintiffs' claims, they not surprisingly do not warrant collective treatment. Each Plaintiffs' circumstances are different, as are the circumstances of each of the Defendants.

The Court should grant summary judgment in part and should decertify the collective for the reasons set froth more fully below.

**STATEMENT OF FACTS**

The material facts in this case are set forth, and shown to be undisputed, in the Statement of Material Facts ("SMF") annexed to the Defendants' Motion pursuant to Rule 56.1 of the Local Rules.

**ARGUMENT**

I.   **THE COURT SHOULD GRANT SUMMARY JUDGMENT IN PART.**

The Defendants had established policies and practices designed to ensure that their employees were properly compensated, and the undisputed record demonstrates that these policies did in fact ensure that none of the Defendants violated the law with respect to the Plaintiffs. The Defendants are entitled to summary judgment in whole or in part as a consequence. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A.   **The Plaintiffs Cannot Establish That They Were Paid Below Minimum Wage.**

Three of the four Plaintiffs—Angel Mogollan, Hector De la Rosa, and Nidia Perdomo—indisputably were paid at least minimum wage under the Fair Labor Standards Act because each of them was paid at the New York City minimum wage.[1]

As for Plaintiff Alba Maria Mejia, she admitted her understanding of the tip credit. The Defendants posted notices regarding the tip credit,[2] which Plaintiff Mejia

---

[1]   SMF at ¶¶ 34, 60, 62, 64, 66, 69, 71, 73, 75, 77, 79.
[2]   SMF at ¶¶ 36, 40, 41.

admitted seeing[3] and Plaintiff Perdomo also acknowledged.[4] Indeed, Plaintiff Mejia was photographed standing near one of the notices.[5]

In addition, managers at each of the restaurants where Plaintiff Mejia worked informed her regarding her tip credit.[6]

All of this was more than sufficient notification. "The employer may provide oral or written notice to its tipped employees informing them of [the requirements for use of the tip credit]." U.S. Dep't of Labor Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA).

### B. The Plaintiffs Cannot Prove They Worked Hours For Which They Were Not Compensated.

"To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must provide that he or she performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011). *See, e.g., Grosswiler*, 2015 U.S. Dist. LEXIS 109592, at *11-12 (awarding summary judgment to employer and dismissing the employees' uncompensated overtime claim where the employees failed to comply with the employer's policy for tracking overtime); *Nieddu v. Lifetime Fitness, Inc.*, 38 F. Supp. 3d 849, 869-870 (S.D. Tex. 2014) (awarding summary judgment to employer on employee's claim for uncompensated overtime where the employee failed to follow the employer's established procedures for

---

[3]    SMF at ¶ 30.
[4]    SMF at ¶ 58.
[5]    SMF at ¶¶ 30, 58.
[6]    SMF at ¶¶ 36, 47, 49, 52, 55.

claiming overtime compensation); *Wood v. Mid-America Mgmt. Corp.*, 192 Fed. Appx. 378, 380-81 (6th Cir. Aug. 1, 2006) (dismissing FLSA claim involving employer who required employees to self-report overtime hours, and explaining that the employee "should [have] report[ed] the overtime hours himself")).

The Plaintiffs claim that they worked off-the-clock and are due overtime. It is well settled, however, that to be liable for unpaid overtime, an employer must have knowledge that the work was performed. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011); *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 718 (2d Cir. 2001) (citing 29 C.F.R. § 785.11); *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 524 (2d Cir. 1998).

Here, the Defendants had no knowledge that Plaintiffs were allegedly working off the clock.[7] In fact, Plaintiff De la Rosa admits that he never informed his employers that he was working off the clock.[8] Awareness that an employee performed work outside of his normal shift is not tantamount to knowledge of uncompensated work. *Boelk v. AT&T Teleholdings, Inc.*, No. 12-cv-40-bbc, 2013 U.S. Dist. LEXIS 101111, *17 (W.D. Wis. Jan. 10, 2013) (Plaintiffs' statement that employees "were working through their lunches and breaks" does not establish that supervisor knew employees were working without pay) (citing *Kellar v. Summit Seating, Inc.*, 664 F.3d 169, 177 (7th Cir. 2011) (affirming summary judgment for employer where it knew

---

[7]  SMF at ¶¶ 35, 46, 50, 53, 56, 61, 63, 65, 70, 72, 74, 76, 78, 80.
[8]  SMF at ¶¶ 70, 72, 74, 76, 78, 80.

plaintiff punched in early but not that plaintiff was performing work between the time she punched in and the scheduled start of her shift)).

None of the Plaintiffs performed work for which the Defendants failed and refused to properly compensate them, i.e., "off-the-clock" time or overtime. "When an employer has an established policy for tracking overtime, 'an employer is not liable for nonpayment if the employee fails to follow the established process.'" *Grosswiler v. Freudenberg-NOK Sealing Techs.*, 2015 U.S. Dist. LEXIS 109592, at *11 (N.D. Ohio Aug. 19, 2015), *aff'd*, 642 Fed. Appx. 596 (6th Cir. Mar. 2, 2016).

Each of the Defendant employers, as a practice, did not suffer or permit uncompensated work; they had established procedures for employees to record their time, asked employees to certify the accuracy of the time they submitted, and paid employees for all time so reported and certified.[9] None of the Plaintiffs ever challenged or corrected the time they had reported.[10] If any of the Plaintiffs were not complying with established procedures, then the Defendant employers were not aware of their non-compliance.[11]

The Defendants' establishment of reasonable procedures, coupled with the Plaintiffs failure to ever notify them of compensation errors, prevents the Plaintiffs from establishing a violation of the FLSA arising out of "off-the-clock" work. *See, e.g., Joza v. WW JFK LLC*, 2010 U.S. Dist. LEXIS 94419, at *33-34 (E.D.N.Y. Sept. 9, 2010) (holding that the employer was unaware of any overtime hours allegedly

---

[9]   SMF at ¶ 29.
[10]  SMF at ¶ 35, 46, 50, 53, 56, 61, 63, 65, 70, 72, 74, 76, 78, 80.
[11]  SMF at ¶ 35, 46, 50, 53, 56, 61, 63, 65, 70, 72, 74, 76, 78, 80.

worked by the employee due to the employee's failure to comply with the employer's overtime reporting and compensation procedures); *Edwards v. City of New York*, 2012 U.S. Dist. LEXIS 68055 (S.D.N.Y. May 15, 2012) (holding that the fact that "[s]ome plaintiffs may on occasion have chosen not to submit overtime slips . . . is insufficient to impute knowledge to the defendant that the plaintiffs were performing uncompensated overtime work.").

While the Defendants have learned of two minor errors with respect to Plaintiff Mogollan (resulting in a total due to him of $208.08),[12] even those errors do not give rise to a violation because they were inadvertent and **Plaintiff Mogollan never notified anyone of a mistake**.[13] "When the employee fails to follow reasonable time reporting procedures, she prevents the employer from knowing its obligation to compensate the employee and thwarts the employer's ability to comply with the FLSA." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012). *See also Grosswiler*, 2015 U.S. Dist. LEXIS 109592, at *11, *aff'd*, 642 Fed. Appx. 596.

### C. The Defendants' Conduct Demonstrates Good Faith And Should Preclude Liquidated Damages.

The Defendants always acted in good faith. Each of them took "active steps to ascertain the dictates of the FLSA and then act[ed] to comply with them." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999).

---

[12]   SMF at ¶ 33.

[13]   SMF at ¶ 35 (Plaintiff Mogollan, in spite of having regular contact with the restaurant managers of 75-02 Inc. who were willing and able to adjust his hours, never informed a manager that he was working "off-the clock" hours.)

By the same token, the Defendants cannot have been parties to a common illegal plan. The Defendants' payment of minimum wage within the context of their posted notices and established procedures precludes a finding of an illegal policy or plan, much less a common one—particularly in the absence of anything more than the Plaintiffs' conclusory allegations in support of the existence of such a policy or plan. *See, e.g., Eng-Hatcher v. Sprint Nextel Corp.*, 2009 U.S. Dist. LEXIS 127262, at *13 (S.D.N.Y. Nov. 13, 2009) (denying motion for conditional certification where plaintiff failed to present evidence of a common plan or practice requiring employees to work uncompensated overtime, other than her own deposition testimony as proof of those allegations).

The Defendants' good faith and the absence of a common illegal plan warrant a finding that liquidated damages are not appropriate. Whether liquidated damages are appropriate is a matter of law within the Court's discretion. *See* 29 U.S.C. § 260; *see also Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1063 (2d Cir. 1988) (holding that an award of liquidated damages under the FLSA is within the discretion of the district court).

### D. The Two-Year Statute Of Limitations Applies To The FLSA Count.

The FLSA provides for a two-year limitations period that may be extended for one year only where the violation was ***willful***. *See* 29 U.S.C. § 255(a); *Herman*, 172 F.3d at 141. The Defendants' established good faith and absence of a common illegal plan precludes a finding of willfulness. "[T]o prove a willful violation of the FLSA within the meaning of § 255(a), it must be established that the employer either knew

or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Parada v. Banco Indus. de Venez.*, 753 F.3d 62, 71 (2d Cir. 2014). "The 'plaintiff bears the burden of proof' on the issue of willfulness for statute of limitations purposes." *Parada*, 753 F.3d at 71. These Plaintiffs simply cannot meet that burden.

It would be a stretch to prove negligence with respect to compliance, and even that would not be enough to establish willfulness. A plaintiff must present evidence establishing that the employer affirmatively knew it was violating the FLSA. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). No such evidence appears in the record.

### E.     Plaintiffs Perdomo And Mejia Cannot Prove Damages.

Neither Plaintiff Perdomo nor Plaintiff Mejia can establish any damages.[14] Throughout her employment with the Defendants, Plaintiff Mejia—who was subject to a tip credit—never worked more than 40 hours per workweek and was never scheduled for more than five 8-hour shifts per workweek.[15] In fact, in her five years working for various of the Defendants she was only scheduled once to work five 8-hour shifts in a workweek.[16]

Similarly, Plaintiff Perdomo—who was always paid an hourly rate above the New York City minimum wage[17]—worked ***only one*** overtime hour, for which she was

---

[14]     SMF at ¶¶ 36-66.
[15]     SMF at ¶¶ 45, 48, 51, 54, 57.
[16]     SMF at ¶¶ 57.
[17]     SMF at ¶¶ 60, 62, 64, 66.

compensated appropriately.[18] She was scheduled to work 40 hours in only 15 workweeks.[19] She also never worked a spread of 10 or more hours.[20]

### F. Certain Of The Defendants Are Entitled To Summary Judgment With Respect To Certain Of The Plaintiffs.

Each Defendant is entitled to summary judgment with respect to claims filed by Plaintiffs who never worked for that Defendant. Specifically, Plaintiff Mogollan cannot show that he was employed by Defendants La Abundancia Bakery and Restaurant Inc., 63-12 La Abundancia Inc., 81-16 La Abundancia Inc., M. Arroyave Food Corp., 37-01 La Abundancia Inc., V. Rojas Food Corp, 94-19 La Abundancia Inc., 153-40 La Abundancia Inc., or 88-26 La Abundancia Inc. because he was only employed by other Defendants.[21]

Plaintiff De la Rosa cannot show that he was employed by Defendants La Abundancia Bakery and Restaurant Inc., 63-12 La Abundancia Inc., 153-40 La Abundancia Inc., or 88-26 La Abundancia Inc. because he was only employed by other Defendants. [22]

Plaintiff Perdomo cannot show that she was employed by Defendants La Abundancia Bakery and Restaurant Inc., 63-12 La Abundancia Inc., V. Rojas Food Corp, 94-19 La Abundancia Inc., 153-40 La Abundancia Inc., 75-02 La Abundancia

---

[18] SMF at ¶¶ 60,66.
[19] SMF at ¶¶ 66.
[20] SMF at ¶¶ 66.
[21] SMF at ¶¶ 32.
[22] SMF at ¶¶ 69, 71, 73, 75, 77, 79.

Bakery and Restaurant Corp, or 88-26 La Abundancia Inc. because she was only employed by other Defendants.[23]

Plaintiff Mejia cannot show that she was employed by Defendants La Abundancia Bakery and Restaurant Inc., 63-12 La Abundancia Inc., V. Rojas Food Corp, M. Arroyave Food Corp., 94-19 La Abundancia Inc., or 153-40 La Abundancia Inc. because she was only employed by other Defendants. [24]

## CONCLUSION

For all of the foregoing reasons, the Defendants are entitled to summary judgment as to Count I in its entirety and as to other parts of the Plaintiffs' claims.

## II.     THE COURT SHOULD DECERTIFY THE COLLECTIVE CLASS.

### A. Legal Standard

The Second Circuit has endorsed a "two-step method" for determining whether to certify a FLSA collective action. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). The second step requires the Court to review a fuller record and determine "whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." *See id.* (citations and internal quotation marks omitted).

This requires consideration of: (1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Holick v.*

---

[23]     SMF at ¶¶ 60, 62, 64, 66.
[24]     SMF at ¶¶ 45, 48, 51, 54, 57.

*Cellular Sales of N.Y., LLC*, 2019 U.S. Dist. LEXIS 70399, at *10-11 (N.D.N.Y. Apr. 26, 2019).

When a defendant moves for decertification, the plaintiff must show by a preponderance of the evidence that the opt-in plaintiffs are similarly situated. *See Thind v. Healthfirst Mgmt. Servs., LLC*, 2016 U.S. Dist. LEXIS 170503, at *4-6 (S.D.N.Y. Dec. 9, 2016).

### B. The Disparities Among The Plaintiff's Employment Circumstances And The Availability Of Individualized Defenses Warrant Decertification.

The record demonstrates that these Plaintiffs were not similarly situated with respect to their job duties. *See, e.g., Thind*, 2016 U.S. Dist. LEXIS at *7-8 (granting decertification where "the individual opt-in plaintiffs have disparate factual and employment circumstances."). Only one was a server,[25] while another was a dishwasher,[26] and others were a baker (hornero)[27] and a cook.[28]

Moreover, as the contents of the Defendants' Motion for Summary Judgment reflects, the Plaintiffs are subject to different defenses. *See, e.g., Thind*, 2016 U.S. Dist. LEXIS at *8; *see also Zivali v. AT&T Mobility, LLC*, 784 F. Supp. 2d 456, 468-70 (S.D.N.Y. 2011) (granting motion to decertify collective action where the record showed an extremely wide variety of factual and employment settings among the individual plaintiffs, managers, and retail stores).

---

25  SMF at ¶¶ 45, 48, 51, 54, 57.
26  SMF at ¶¶ 69, 71, 73, 75, 77, 79.
27  SMF at ¶¶ 32.
28  SMF at ¶¶ 60, 62, 64, 66..

## C. The Distinctions Among The Defendants Preclude Treating Them Jointly.

The Plaintiffs fail to establish that the Defendants operate as a single integrated enterprise.

"The Second Circuit Court of Appeals has yet to apply the single integrated enterprise rule to FLSA liability." *Camara v. Kenner*, 2018 U.S. Dist. LEXIS 54039, at *22 (S.D.N.Y. Mar. 29, 2018). Even if Plaintiffs could proceed under an "integrated enterprise" theory (which they cannot), they fail to satisfy the factors considered by District Court in determining the existence of an integrated enterprise, which are as follows: (1) interrelated operation, (2) common management, (3) centralized control of labor relations, and (4) common ownership. *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 940 n. 16 (S.D.N.Y. 2013).

The record only shows some overlap among shareholders,[29] and each restaurant had its own manager.[30] Notably, common ownership and a common business plan or purpose are insufficient to impose liability; instead, the Defendants alleged to be a "joint" employer via an integrated enterprise must have **centralized** control of labor relations with Plaintiffs' direct corporate employer. *See Apolinar v. R.J. 49 Rest., LLC*, 2016 WL 2903278, *11-12 (S.D.N.Y. May 18, 2016); *see, e.g., Camara*, 2018 U.S. Dist. LEXIS 54039, at *23 (declining to find a single integrated enterprise existed where the plaintiffs "failed to explain how the stores where the plaintiffs did not work had any control or supervision over them.").

---

[29]   SMF at ¶¶ 11-15.
[30]   SMF at ¶¶ 6-22.

Similar to the joint employer analysis, "[c]ontrol of labor relations" is the key factor. *Hart*, 967 F. Supp. 2d at 940 n. 16; *see also Camara*, 2018 U.S. Dist. LEXIS 54039, at *22 ("No one factor is dispositive; 'control of labor relations is the central concern.'"). Here, the record shows that the Defendants' had different restaurant managers[31] utilized different approaches to both scheduling and hourly rates,[32] and that the Plaintiffs worked for certain restaurants and not others, who did not control them. [33]

## CONCLUSION

The record merits an order decertifying the collective.

Dated July 31, 2020.

Respectfully submitted,
SANCHEZ & ASSOCIATES
40-20 58th Street
Woodside, New York 11377
(718) 747-4162
oscar@sanchezllc.com

By: /s/ *Oscar E. Sanchez, Esq.*

TO: All Counsel of Record (via ECF)

---

[31] SMF at ¶¶ 6-22
[32] SMF at ¶¶ 23-24, 33, 34, 47-49, 51, 54, 57, 60, 62, 64, 66, 69, 71, 73, 75, 77, 79.
[33] SMF at ¶¶ 23-24, 33, 34, 47-49, 51, 54, 57, 60, 62, 64, 66, 69, 71, 73, 75, 77, 79.