# SANCHEZ & ASSOCIATES
**40-20 58TH STREET**
**WOODSIDE, NY 11377**
**TEL: 718-747-4162**
**OSCAR@SANCHEZLLC.COM**

July 24, 2020

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 8/1/2020

**Via ECF**
The Honorable Stewart D. Aaron, U.S.M.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

ENDORSEMENT: Defendants' Letter Motion is DENIED WITHOUT PREJUDICE to renewal after disposition of Defendants' overlapping motion for sanctions. (ECF No. 252.) SO ORDERED. Dated: 8/1/2020

Re:   *Mogollan,* Case No. 18CV3202 (GBD) (SDA) - Letter-Motion to Compel

Att of an

Dear Judge Aaron:

I write on behalf of the Defendants requesting that the Court compel the Plaintiffs to appear for additional deposition time to ***answer*** questions they refused to answer in interrogatories and subsequent depositions. During conference, opposing counsel stated he does not consent and that the responses suffice.[1]

The Plaintiffs have brought time-shaving claims and, despite the Court's admonishment [ECF No. 223], moved for summary judgment [ECF No. 228, Pages 21-24]. Summary judgment will turn on the Defendants' time records and testimony regarding the tip credit. Specifically, the Plaintiffs assert that the Defendants' records are inaccurate—despite affirming them with their signatures.

The facts and circumstances surrounding their affirmations are crucial. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946). In an FLSA case, when an employer's records are "inaccurate or inadequate[,]" employees can meet their burden by proving they have in fact performed work for which they were improperly compensated, and if they produce sufficient evidence to show the amount and extent of the work, the burden shifts to the employer to come forward with evidence of the precise amount of work performed "***or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence***." *Id.* "If the employer fails to produce such evidence, the court may then award damages to the employee." *Id.* at 688.

### ***Plaintiffs' Counsel's Deposition Misconduct***

Preliminarily, this discovery dispute is the latest arising out of Plaintiffs' refusal to cooperate in their depositions and written discovery, to which the Plaintiffs refused to adequately respond, as discussed more fully below.

One reason that the Plaintiffs have refused to cooperate during their depositions is that their attorney employs shockingly unethical tactics to interfere with questioning and to supply his clients with their responses.

---

[1] Defense counsel was forced to expend excessive time and effort to merely secure Plaintiffs' counsel cooperation in conferring. Plaintiffs' counsel engaged in stonewalling tactics, ignoring repeated calls for more than a week—as he has done each time Defense counsel has sought to confer. Plaintiffs' counsel only made time when Defense counsel was preparing to file a motion to compel him ***to confer***. In this manner, he already has wasted a significant amount of the time the Court extended to the Defendants. *See* **Exhibit A**.

During the depositions of Plaintiffs Nidia Perdomo and Hector de la Rosa, which the Defendants seek to continue, Plaintiffs' counsel was present in the same room with his client while the court reporter and I attended via video-conferencing. Four times when I introduced an exhibit, Plaintiffs' counsel interrupted the depositions by ***turning off the video and audio feed so that he was alone with the witness***. When the deposition and my questions resumed, his client made coached statements regarding the exhibits.[2] Most of these tactics were used when the witness was questioned regarding a photograph depicting government posters on a wall inside the restaurants. Plaintiffs' counsel turned off the camera as soon as he saw this type of exhibit, since in Plaintiff Alba Maria Mejia's deposition she had already answered the question before he interrupted the deposition.

In this action, Plaintiff Alba Maria Mejia seeks to prosecute claims that the Defendants did not comply with the FLSA's requirements for a tip credit, and she seeks to represent what she contends is a large class of similarly situated employees. At her deposition she was shown a photograph of posters, in both English and Spanish, containing general information regarding the minimum wage rate, the minimum wage laws, overtime laws, and tip/meal-credit allowance requirements. *See* **Exhibit B**; *see* also Dep. at 136 (citing the poster as exemplifying the type of poster which was present in the restaurant when she worked there). She confirmed that this type of poster was inside the restaurant. Dep. at 136:6. Plaintiffs' counsel then interrupted the questioning and argued with the undersigned as to whether there is a pending question. Dep. at 137. Plaintiffs' counsel then states:

> So there was no question. We're going off the record and I'm going to talk to my client.
> Dep. at 138:17

When the deposition and my questions resumed, Mrs. Mejia said she never saw a poster with those rates. Plaintiffs' counsel then objected because the exhibit was in English, when the witness was shown the exhibit in Spanish, he said:

> You know what? I'm going to put a stop to this. I'm not having her answer any of these questions, okay, because we never got these documents before[3] so move on, Counselor.
> Dep. at 141:19

The facts and circumstances surrounding the tip credit are crucial. The FLSA provides that the ***tip credit "shall not apply with respect to any tipped employee unless* [1] *such employee has been informed by the employer of the [statute's tip credit] provisions***, and [2] all tips received by such employee have been retained by the employee." 29 U.S.C. § 203(m). The "***tip credit*** ***provision is*** "***strictly construed***," ***and "an employer may not take a tip credit unless it complies***

---

[2]   During De la Rosa's deposition, Plaintiffs' counsel turns off the video and audio feed at the following times in the video provided in the link below: 5:59 p.m., 6:04 p.m., 6:07 p.m., and 6:12. p.m. During Perdomo's deposition, he turns off the video and audio feed at 3:16 p.m. Additionally, Perdomo, after not recalling specific names, is seen reading from a list of names, which is out of the view of camera at 3:36 p.m. Plaintiffs' responses to Defendants' request for admissions and interrogatories, deposition transcripts, exhibits, and videos of the depositions are provided in this link: https://1drv.ms/u/s!AjJcBSFci0dzhfhbvp8r-EDe8jU4vw?e=PaMO19

[3]   *See* **Exhibit C** – Two Declarations of Alberto Talero, Esq. Defendants' former counsel.

*strictly with both statutory requirements."* *Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048 (GEL), 2007 U.S. Dist. LEXIS 7770, 2007 WL 313483, at *17 (S.D.N.Y. Feb. 1, 2007), abrogated on other grounds by *Barenboim v. Starbucks Corp.*, 698 F.3d 104 (2d Cir. 2012).

### *Plaintiff Nidia Perdomo*

During Plaintiff Perdomo's, July 13, 2020, deposition, she refused to authenticate the Defendants' time records or her signature on them, which contradicts her responses to request for admission.[4]

Ms. Perdomo admitted that the Defendants' records and her signature on them are authentic and that they accurately reflect her compensation, but she denied that the records accurately reflect her time worked. She then responded to interrogatories regarding her denials by stating:

> (a) See the Request for Admissions. (b) Plaintiff relies on [her/his] recollection and allegations. (c) The Plaintiffs in this lawsuit, who can be contacted through their attorneys. (d) None.

She repeated this boilerplate each time the Defendants sought an explanation of a denial.[5]

### *Plaintiff Hector de la Rosa*

Like Ms. Perdomo, Plaintiff De la Rosa refused to cooperate during his deposition and provided testimony that contradicted his response to request for admission and interrogatories. Like Ms. Perdomo, Mr. De la Rosa admitted that the Defendants' records and his signature on them are authentic and that they accurately reflect his compensation, but he denied that the records accurately reflect his time worked. He, too, responded to all interrogatories regarding his denial by referring the Defendants to his denial, his unsworn allegations, and his attorney.

In addition to the excessive time and resources devoted to securing Plaintiffs' counsel's cooperation in conferring, the Defendants have expended an extraordinary amount of time and effort seeking answers to basic, pertinent questions about the Plaintiffs' claims. The Defendants are entitled to an award of fees in this regard, and ask the Court to so order.

We thank the Court for considering this matter.

Respectfully submitted,
/s/ Oscar Sanchez
Oscar E. Sanchez, Esq.

cc: Plaintiffs via ECF

---

[4]  *Compare* Perdomo Dep. at 8:18; 42:16-18 (denying the signature is hers) *with* Admission No. 9 (admitting the signature is hers); *compare* Perdomo Dep. at 18:04-05 (accusing the Defendants of coercing her to sign) *with* Admission No. 8 (admitting that the records accurately reflect the compensation received).

[5]  Plaintiff Nidia Perdomo and Hector de la Rosa's responses to Defendants' request for admissions and interrogatories are provided in the link provided in footnote 2.

3