UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ANGEL MOGOLLAN et al.*,*

                              Plaintiffs,

          -against-

LA ABUNDANCIA BAKERY &
RESTAURANT INC. et al.,


                              Defendants.

_____

18-CV-3202

**DEFENDANTS'
MEMORANDUM OF LAW
*IN OPPOSITION TO*
SUMMARY JUDGMENT**

## <u>PRELIMINARY STATEMENT</u>

In this action, Plaintiffs Angel Mogollan, Alba Maria Mejia, Hector De la Rosa, and Nidia Perdomo claim that they worked uncompensated overtime, were denied the minimum wage, and were deprived of notice about their rights, all in violation of the Fair Labor Standards Act and state law. They seek to represent what they contend is a large class of similarly situated employees.

The Plaintiffs cannot prove their minimum wage claims because the undisputed facts demonstrate that all of them received above minimum wage. The Plaintiffs cannot prove that they worked overtime "off-the-clock" because the undisputed facts demonstrate that the Defendants had established procedures for employees to record their time, asked employees to certify the accuracy of the time submitted, and paid employees for the time reported and certified. The Plaintiffs cannot prove that they were deprived of statutorily required notices because the

undisputed facts demonstrate the Defendants' affirmative defense based on actual notice and complete and timely payment.

Consequently, Plaintiffs Perdomo and Mejia cannot prove any damages at all, and Plaintiffs Mogollan and De la Rosa can point to nothing more than inadvertence resulting in minor accounting errors. To the extent that any Plaintiff could ever prove a violation, his or her case is limited to fewer than all of the Defendants, and the remaining Defendants are entitled to judgment as to those Plaintiffs who never worked for them.

The record is replete with evidence of the Defendants' good faith and devoid of proof of willfulness, indicating that liquidated damages are not recoverable and that all of these claims are statutorily limited in time.

Given the lack of merit in the Plaintiffs' claims, they not surprisingly do not warrant class-wide treatment. Each Plaintiffs' circumstances are different, as are the circumstances of each of the Defendants.

The Court should deny the Plaintiffs' motion for summary judgment and their motion to certify a class, as more fully set forth below.

## I.     STATEMENT OF FACTS, INCLUDING FACTS IN DISPUTE

The Defendants incorporate their Rule 56.1 statements of fact as if set forth fully herein: (i) Defendants' Response to Plaintiff's Rule 56.1 Statement of Material Facts ("R-SMF");[1] and (ii) Defendants' Rule 56.1 Statement of Material Facts ("SMF")

---

[1]     ECF No. 295.

annexed to the Defendants' Motion for Partial Summary Judgment and Decertification.[2]

## II.   <u>ARGUMENT</u>

### A.   <u>The Plaintiffs Have Not Met the Summary Judgment Standard.</u>

The Plaintiffs are required to demonstrate an absence of a factual dispute with respect to each element of their claims. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). They reject this burden, offering speculation in place of evidence and sometimes asking that their burden be shifted to the Defendants. The Court should deny their request for summary judgment because they have not met the standard of Rule 56 with respect to any count of their complaint or any portion of any count.

### B.   <u>The Plaintiffs Cannot Prove Their Overtime Claims.</u>

"To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he or she performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011). *See, e.g., Grosswiler v. Freudenberg-NOK Sealing Techs.*, 2015 U.S. Dist. LEXIS 109592 *1 (N.D. Ohio Aug. 19, 2015) (awarding summary judgment to employer and dismissing the employees' uncompensated overtime claim where the employees failed to comply with the employer's policy for tracking overtime); *Nieddu v. Lifetime Fitness, Inc.*, 38 F. Supp. 3d 849, 869-870 (S.D. Tex. 2014) (awarding summary judgment to employer

---

[2]     ECF No. 248.

on employee's claim for uncompensated overtime where the employee failed to follow the employer's established procedures for claiming overtime compensation); *Wood v. Mid-America Mgmt. Corp.*, 192 Fed. Appx. 378, 380-81 (6th Cir. Aug. 1, 2006) (dismissing FLSA claim involving employer who required employees to self-report overtime hours, and explaining that the employee "should [have] report[ed] the overtime hours himself").

Plaintiff Mejia never worked more than 40 hours per workweek and, in fact, was only scheduled once to work five 8-hour shifts in a workweek.[3] Plaintiff Perdomo worked **only one** overtime hour, for which she was compensated appropriately.[4] She was scheduled to work 40 hours in only 15 workweeks.[5] Nor did the Defendants ever refuse to compensate Plaintiffs Mogollan or De La Rosa for overtime.[6]

The Plaintiffs claim that they are due overtime for hours they worked off-the-clock. It is well settled, however, that to be liable for unpaid overtime, an employer must have knowledge that the work was performed. *Kuebel*, 643 F.3d at 361; *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 718 (2d Cir. 2001) (citing 29 C.F.R. § 785.11); *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 524 (2d Cir. 1998); *see also, e.g., Grosswiler*, 2015 U.S. Dist. LEXIS 109592, at *11-12 (awarding summary judgment to employer and dismissing the employees' uncompensated

---

[3]     SMF at ¶¶ 44, 45, 48, 51, 54, 57.

[4]     SMF at ¶¶ 60,66.

[5]     SMF at ¶ 66.

[6]     SMF at ¶¶ 35, 70, 72, 74, 76, 78, 80. Although Plaintiff Mogollan's employer did discover two minor errors (amounting to $208.08), SMF at ¶ 33, these do not give rise to a violation because they were inadvertent and, most importantly, he never notified anyone of a mistake, SMF at ¶ 35.

overtime claim where the employees failed to comply with the employer's policy for tracking overtime); *Nieddu*, 38 F. Supp. 3d at 869-870 (awarding summary judgment to employer on employee's claim for uncompensated overtime where the employee failed to follow the employer's established procedures for claiming overtime compensation); *Wood*, 192 Fed. Appx. at 380-81 (dismissing FLSA claim involving employer who required employees to self-report overtime hours, and explaining that the employee "should [have] report[ed] the overtime hours himself").

Here, the Defendants had no knowledge that Plaintiffs were allegedly working off the clock.[7] In fact, Plaintiff De la Rosa admits that he never informed his employers that he was working off the clock.[8] Awareness that an employee performed work outside of his normal shift is not tantamount to knowledge of uncompensated work. *Boelk v. AT&T Teleholdings, Inc.*, No. 12-cv-40-bbc, 2013 U.S. Dist. LEXIS 101111, *17 (W.D. Wis. Jan. 10, 2013) (Plaintiffs' statement that employees "were working through their lunches and breaks" does not establish that supervisor knew employees were working without pay) (citing *Kellar v. Summit Seating, Inc.*, 664 F.3d 169, 177 (7th Cir. 2011) (affirming summary judgment for employer where it knew plaintiff punched in early but not that plaintiff was performing work between the time she punched in and the scheduled start of her shift)).

None of the Plaintiffs performed work for which the Defendants failed and refused to properly compensate them, *i.e.*, "off-the-clock" time or overtime. "When an

---

[7]      SMF at ¶¶ 35, 46, 50, 53, 56, 61, 63, 65, 70, 72, 74, 76, 78, 80.
[8]      SMF at ¶¶ 70, 72, 74, 76, 78, 80.

employer has an established policy for tracking overtime, 'an employer is not liable for nonpayment if the employee fails to follow the established process.'" *Grosswiler v. Freudenberg-NOK Sealing Techs.*, 2015 U.S. Dist. LEXIS 109592, at *11 (N.D. Ohio Aug. 19, 2015), *aff'd*, 642 Fed. Appx. 596 (6th Cir. Mar. 2, 2016).

Each of the Defendant employers, as a practice, did not suffer or permit uncompensated work; they had established procedures for employees to record their time, asked employees to certify the accuracy of the time they submitted, and paid employees for all time so reported and certified.[9] None of the Plaintiffs ever challenged or corrected the time they had reported.[10] If any of the Plaintiffs were not complying with established procedures, then the Defendant employers were not aware of their non-compliance.[11]

The Defendants' establishment of reasonable procedures, coupled with the Plaintiffs failure to ever notify them of compensation errors, prevents the Plaintiffs from establishing a violation of the FLSA arising out of "off-the-clock" work. *See, e.g., Joza v. WW JFK LLC*, 2010 U.S. Dist. LEXIS 94419, at *33-34 (E.D.N.Y. Sept. 9, 2010) (holding that the employer was unaware of any overtime hours allegedly worked by the employee due to the employee's failure to comply with the employer's overtime reporting and compensation procedures); *Edwards v. City of New York*, 2012 U.S. Dist. LEXIS 68055 (S.D.N.Y. May 15, 2012) (holding that the fact that "[s]ome plaintiffs may on occasion have chosen not to submit overtime slips . . . is insufficient

---

[9]   SMF at ¶ 29.

[10]   SMF at ¶¶ 35, 46, 50, 53, 56, 61, 63, 65, 70, 72, 74, 76, 78, 80.

[11]   SMF at ¶¶ 35, 46, 50, 53, 56, 61, 63, 65, 70, 72, 74, 76, 78, 80.

to impute knowledge to the defendant that the plaintiffs were performing uncompensated overtime work.").

While the Defendants have learned of two minor errors with respect to Plaintiff Mogollan (resulting in a total due to him of $113.04)[12] and errors by Plaintiff De la Rosa's employers (resulting in a total due to him of $458.00),[13] even those errors do not give rise to a violation because they were inadvertent and ***Plaintiffs Mogollan and De la Rosa never notified anyone of a mistake***.[14] "When the employee fails to follow reasonable time reporting procedures, she prevents the employer from knowing its obligation to compensate the employee and thwarts the employer's ability to comply with the FLSA." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012). *See also Grosswiler*, 2015 U.S. Dist. LEXIS 109592, at *11, *aff'd*, 642 Fed. Appx. 596.

## C.   The Plaintiffs Cannot Prove Their Minimum Wage and Overtime Claims.

All of the Plaintiffs indisputably were paid at least minimum wage under the Fair Labor Standards Act because Angel Mogollan, Hector De la Rosa, and Nidia Perdomo were paid at the New York City minimum wage[15] while Plaintiff Mejia testified that she always received at least $2 to $4 in tips over the wage that her

---

12     SMF at ¶ 33.

13     SMF at ¶¶ 69, 71, and 79.

14     SMF at ¶ 35 (Plaintiff Mogollan, in spite of having regular contact with the restaurant managers of 75-02 Inc. who were willing and able to adjust his hours, never informed a manager that he was working "off-the clock" hours.)

15     SMF at ¶¶ 34, 60, 62, 64, 66, 69, 71, 73, 75, 77, 79.

employer paid.[16] Plaintiff Mejia's claims depend on her assertion that her employer cannot take a tip credit because she did not receive adequate notice. This is simply untrue,[17] as discussed in greater detail in Section II-C, below.

Similarly, Plaintiff Perdomo—who was always paid an hourly rate above the New York City minimum wage[18]—worked ***only one*** overtime hour, for which she was compensated appropriately.[19] She was scheduled to work 40 hours in only 15 workweeks.[20]

**1.     The Facts Are In Dispute Regarding Whether the Defendants Paid Non-Exempt Tipped Employees at Hourly Rates Less Than the Prevailing Minimum Wage.**

Plaintiff Mejia—the only tipped employee among the Plaintiffs—admitted that she always received prompt compensation at or above the minimum wage.[21] Consequently, the Defendants can at least point to a material dispute in this regard, precluding summary judgment in favor of the Plaintiffs.

**2.     The Facts Are In Dispute Regarding Whether the Defendants Failed to Satisfy the Notice Requirement for Claiming a Tip Credit Allowance Under the FLSA.**

The Defendants have come forward with evidence that they provided notice sufficiently to claim a tip credit, as they provided actual notice and governing statute

---

[16]     SMF at ¶¶ 41-43.

[17]     SMF at ¶¶ 30, 36, 40, 41, 58.

[18]     SMF at ¶¶ 60, 62, 64, 66.

[19]     SMF at ¶¶ 60,66.

[20]     SMF at ¶ 66.

[21]     SMF at ¶¶ 17, 41-43 (testifying that she always received $2 to $4 in tips above her base rate, which always was within $2 of minimum wage); R-SMF at ¶¶ 27,47-48.

is understood as not requiring proof of written notice where an employer has completely and timely compensated its tipped employees. This is discussed more fully in Section II-F, below. Thus, even if the Defendants' notices suffered defects, the Plaintiffs nonetheless are not entitled to summary judgment.

> **3.**   **The Facts Are In Dispute Regarding Whether the Defendants Failed to Satisfy the Requirements for Claiming Tip Credit Allowance under the NYLL.**

Again, the Defendants have come forward with evidence that they met the requirements for claiming a tip credit, as discussed more fully in Section II-F, below, and the Plaintiffs are not entitled to summary judgment.

> **4.**   **The Facts Are In Dispute Regarding Whether the Plaintiffs Performed Excessive Non-Tipped Side Work.**

Of the named plaintiffs, only Plaintiff Mejia worked as a tipped employee, and she was not required to perform excessive side work. Although she states she spent 20 percent of her time performing side work, witnesses dispute this. Plaintiff Mejia, like all servers, was required to spend only approximately 5 percent of her time performing side work.[22]

The Plaintiffs have not met their burden and are not entitled to summary judgment on their claim of excessive side work.

---

[22]     R-SMF at ¶65.

### D.     The Plaintiffs Cannot Prove Their Time-Shaving Claims.

The Plaintiffs do not point to any evidence in support of their time-shaving claims. In fact, they admit that Defendants' employees are paid for time "*when they are working.*"[23]

Rather than demonstrate that they worked without compensation, they complain about Defendant Rojas's belief that they should not be paid for ***not*** working. They disliked it when Mr. Rojas said, "If they stayed around there doing nothing, just talking to a co-worker, that's not working"[24]—but they never established that his view meant he refused to pay for actual work.

The Plaintiffs posit that an employer must pay an employee for all time claimed by the employee, regardless of whether the employee was actually working or even ***authorized*** to work. Thus, they insist that an employee be paid for clocking in early to socialize and for delaying in clocking out to attend to personal business. They ***speculate*** that employees might remain on the clock to engage in work-related discussions with other employees, but they offered ***no*** evidence of this having ever occurred.[25] And Mr. Rojas rebutted this speculation, testifying that it was unlikely for such to occur "because when he finishes at ten, the other shift is ready."[26]

---

[23]     ECF No. 228 at p. 24 (relying on Rojas Dep. at 93:9-10) (emphasis added).

[24]     ECF No. 228 at p. 24 (quoting Rojas Dep. at 93:10-12).

[25]     ECF No. 228 at p. 23 (quoting Rojas Dep. at 87:13-88:5).

[26]     *Id.*

Speculation is not enough. To obtain summary judgment, an employee must prove that an employee worked and was not paid. The Plaintiffs have not met their burden with respect to their time-shaving theory, and the Court should deny their request for summary judgment on this ground.

### E.   **The Plaintiffs Cannot Prove Their Spread-of-Hours Claims.**

The Plaintiffs cannot prevail on their spread-of-hours claims because they have offered no evidence that any Defendant had a policy of scheduling employees for more than an 8-hour shift per day. The evidence indicates the opposite, in fact.[27] While the Defendants have learned of two errors with respect to Plaintiff Mogollan (resulting in a total due to him of $18.00),[28] and one error with respect to Plaintiff De la Rosa (resulting in a total due to him of $13.00),[29]  even these errors do not give rise to a violation because they were inadvertent and Plaintiff Mogollan and De la Rosa never notified anyone of a mistake.

 The Defendants make much of the lack of sophistication about the regulations, pointing out that that one manager did not know what a spread-of-hours is.[30] They do not explain how this matters when they have not shown a policy of scheduling employees to work more than one 8-hour shift per workday, and when two of the

---

[27]    SMF at ¶ 66 (Plaintiff Perdomo never worked a spread of 10 or more hours).

[28]    SMF at ¶ 33.

[29]    SMF at ¶ 79.

[30]    ECF No. 228 at p. 25.

Plaintiffs cannot point to a single day in which their work was spread beyond 10 hours and the other two can only complain about minor errors, inadvertent mistakes. [31]

### F.   The Plaintiffs Cannot Prevail on Their WTPA Claims Because They Are Subject to the WTPA Affirmative Defense of Actual Notice and Complete and Timely Payment.

The Plaintiffs contend that Defendants violated New York law by claiming a tip credit for Plaintiff Mejia without complying with the notice requirements of Section 195 of New York labor law. Their claim fails because their employers provided them with actual notice of the tip credit and "made complete and timely payment of all wages due." *See* N.Y.L.L. §§ 198(1-b), 198(1-d). Actual notice coupled with complete and timely payment serves as a complete defense under the WTPA. *See* N.Y.L.L. §§ 198(1-b), 198(1-d); s*ee also Ahmed v Morgan's Hotel Group Mgt., LLC*, 160 A.D.3d 555 (1st Dep't 2018) (noting that New York law provides that "it shall be an affirmative defense that . . . the employer made complete and timely payment of all wages due pursuant to this article, and the record demonstrates that plaintiff was always paid more than minimum wage"); *Camara v. Kenner*, 2018 U.S. Dist. LEXIS 54039 *26-28 (S.D.N.Y. March 29, 2018) (defendants entitled to the § 198(1-b) defense); *Carvente-Avila v. Chaya Mushkah Rest. Corp.*, 2016 U.S. Dist. LEXIS 75396 *6-8 (S.D.N.Y. March 1, 2016) (recognizing affirmative defense and noting agency interpretation of same); *Franco v. Jubilee First Ave. Corp.*, No. 14-cv-07729, 2016 U.S. Dist. LEXIS 114191 at *13 (S.D.N.Y. Aug. 25, 2016) (proof of written notice not required under certain circumstances); *cf. Garcia v. Saigon Mkt. LLC*, 2019 U.S. Dist.

---

[31]    SMF at ¶¶ 33, 35.

LEXIS 163259 *1 (S.D.N.Y. Sept. 24, 2019) (disallowing defense where defendant did not make complete and timely payment and as to pre-2015 conduct); *Marin v. Apple-Metro, Inc.*, 2017 U.S. Dist. LEXIS 165568 *89 (E.D.N.Y. Oct. 4, 2017) (precluding affirmative defense); *Aguilar v. Ham N Eggery Deli Inc.*, 2017 U.S. Dist. LEXIS 228042 * (E.D.N.Y. March 30, 2017) (declining to rely on DOL letter not provided to court).

At a minimum, the Defendants can point to factual disputes that defeat the Plaintiffs' request for summary judgment on their state-law claims. That is all that the Defendants must do because (contrary to the Plaintiffs' assertion) they do not bear the burden of proof.

### 1. The Tipped Plaintiffs Received Actual Notice, or Sufficient Evidence Exists to Create a Dispute.

The Plaintiffs aver that "Plaintiffs and Class Members never received any Notices."[32] The Defendants have adduced abundant evidence that they did, however. The Defendants posted notices regarding the tip credit,[33] which Plaintiff Mejia admitted seeing[34] and which Plaintiff Perdomo acknowledged.[35] Moreover, managers repeated the information orally to ensure employees' understanding.[36]

Nevertheless, the Plaintiffs insist that Plaintiff Mejia (the only tipped employee among the Plaintiffs) can recover tip credit amounts based on a failure to

---

[32]   ECF No. 228 at p. 26 (emphasis in original).

[33]   SMF at ¶¶ 36, 40, 41.

[34]   SMF at ¶ 30.

[35]   SMF at ¶ 58.

[36]   *See* SMF at ¶¶ 36, 47, 49, 52, 55.

provide the statutorily mandated notices. This is disingenuous; the Defendants have filed with the Court a photograph of Plaintiff Mejia standing next to the wall where her employer posted notices.[37]

### 2. The Tipped Plaintiffs Received Complete and Timely Payment, or Sufficient Evidence Exists to Create a Dispute.

Plaintiff Mejia—the only tipped employee—admitted that she always received prompt compensation at or above the minimum wage.[38] In fact, all of the Plaintiffs received minimum wage, and none have complained of any delays in payment. Consequently, the Plaintiffs' notice-based claims are defeated. *See Ahmed*, 160 A.D.3d 555; *Camara*, 2018 U.S. Dist. LEXIS 54039 *26-28; *Carvente-Avila*, 2016 U.S. Dist. LEXIS 75396 *6-8; *Franco*, 2016 U.S. Dist. LEXIS 114191 at *13; *cf. Garcia*, 2019 U.S. Dist. LEXIS 163259 *1; *Marin*, 2017 U.S. Dist. LEXIS 165568 *89; *Aguilar*, 2017 U.S. Dist. LEXIS 228042 *1.

### 3. New York Labor Law Does Not Authorize Damages for Recordkeeping Omissions Where Tipped Employees Are Not Injured.

Despite receiving actual notice and all wages due her, Plaintiff Mejia pretends that she did not, and the Plaintiffs dare the Defendants to prove that they are lying by coming forward with signed acknowledgments and paystubs containing the information required by Section 195(1)(a).[39]

---

[37]   SMF at ¶¶ 30, 58.

[38]   R-SMF at ¶¶ 27, 47-48; SMF at ¶¶ 41-43.

[39]   ECF No. 228 at p. 26.

The Plaintiffs believe they can hold the Defendants liable solely for recordkeeping errors. It is well settled that they cannot. *See Ahmed*, 160 A.D.3d 555; *Camara*, 2018 U.S. Dist. LEXIS 54039 *26-28; *Carvente-Avila*, 2016 U.S. Dist. LEXIS 75396 *6-8; *Franco*, 2016 U.S. Dist. LEXIS 114191 at *13; *cf. Garcia*, 2019 U.S. Dist. LEXIS 163259 *1; *Marin*, 2017 U.S. Dist. LEXIS 165568 *89; *Aguilar*, 2017 U.S. Dist. LEXIS 228042 *1.

### 4. The Defendants Do Not Bear the Burden of Proof as to Notice Issues.

The Plaintiffs attempt to lend weight to their position by representing that the Defendants have the burden of proving compliance with not only the notice requirement but also the recordkeeping requirements of Section 195. Citing Title 12 of the state's regulations, the Plaintiffs proclaim: "Under the NYLL, the 'employer has the burden of proving compliance' with this requirement."[40] This is misleading because state administrative agencies do not dictate burdens of proof in federal court.

The commissioner of labor, like all department heads, possesses the authority to promulgate rules for ***administrative*** hearings—including assigning burdens of proof in agency proceedings. N.Y. Admin. P. Act § 201 (establishing "minimum procedures for all agencies" and authorizing each agency to "adopt by rule additional procedures not inconsistent with statute"); *see also, e.g.*, 12 N.Y.C.R.R. § 146-2.2. The commissioner's power over adjudications ends at his or her agency door, however. Burdens of proof in this Court are established only by legislatures (enacting statutes)

---

[40]    ECF No. 228 at pp. 16, 26.

and the courts (interpreting statutes and common law and promulgating rules). Conversely, **courts** may pass upon the validity of **agencies'** rules. N.Y. Admin. P. Act § 205.

In civil actions, plaintiffs always bear the burden of proving their claims, and a plaintiff can carry that burden for purposes of summary judgment only by establishing facts beyond dispute. "The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). Only if the Plaintiffs carry their burden may the Court require the Defendants to come forward with evidence. *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). This Court should not accept the Plaintiffs' invitation to alter the burden scheme set forth in the Federal Rules.

### G.    The Plaintiffs Cannot Prove That This Is a Case in which Liquidated Damages Are Appropriate.

The Defendants' good faith and the absence of a common illegal plan preclude a finding that liquidated damages are appropriate. Whether liquidated damages are appropriate is a matter of law within the Court's discretion.  *See* 29 U.S.C. § 260; *see also Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1063 (2d Cir. 1988) (holding that an award of liquidated damages under the FLSA is within the discretion of the district court). On summary judgment, however, the facts must be free from dispute. Here, that is not the case. The Defendants adduced evidence that they always acted in good faith, and the Plaintiffs challenge it. While Defendants aver that each of them took "active steps to ascertain the dictates of the FLSA and then act[ed] to comply with

them,"[41] *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999), the Plaintiffs dispute that this was so.

By the same token, the Defendants cannot have been parties to a common illegal plan. The Defendants' payment of minimum wage within the context of their posted notices and established procedures precludes a finding of an illegal policy or plan, much less a common one—particularly in the absence of anything more than the Plaintiffs' conclusory allegations in support of the existence of such a policy or plan. *See, e.g., Eng-Hatcher v. Sprint Nextel Corp.*, 2009 U.S. Dist. LEXIS 127262, at *13 (S.D.N.Y. Nov. 13, 2009) (denying motion for conditional certification where plaintiff failed to present evidence of a common plan or practice requiring employees to work uncompensated overtime, other than her own deposition testimony as proof of those allegations).

## H.    The Plaintiffs Cannot Prove That the Three-Year Statute of Limitations Applies.

The FLSA provides for a two-year limitations period that may be extended for one year only where the violation was ***willful***.  *See* 29 U.S.C. § 255(a); *Herman*, 172 F.3d at 141. "[T]o prove a willful violation of the FLSA within the meaning of § 255(a), it must be established that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Parada v. Banco Indus. de Venez.*, 753 F.3d 62, 71 (2d Cir. 2014).

---

[41]    SMF at ¶¶ 29, 30, 40, 58, 67.

"The 'plaintiff bears the burden of proof' on the issue of willfulness for statute of limitations purposes." *Parada*, 753 F.3d at 71. To address that burden, the plaintiff must present evidence establishing that the employer affirmatively knew it was violating the FLSA. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

The Plaintiffs have not come forward with any evidence that any of the Defendants "knew or showed reckless disregard" of misconduct. To the contrary, the Defendants have proved that they acted in good faith, demonstrating the absence of a common illegal plan. Because the Defendants' evidence (at a minimum) creates a material dispute, it precludes a finding of willfulness.

The Defendants had established policies and practices designed to ensure that their employees were properly compensated, and the undisputed record demonstrates that these policies did in fact ensure that none of the Defendants violated the law with respect to the Plaintiffs. The Defendants are entitled to summary judgment in whole or in part as a consequence. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## I.     <u>The Plaintiffs Cannot Prove Joint and Several Liability.</u>

Plaintiff Mogollan cannot show that he was employed by Defendants La Abundancia Bakery and Restaurant Inc., 63-12 La Abundancia Inc., 81-16 La Abundancia Inc., M. Arroyave Food Corp., 37-01 La Abundancia Inc., V. Rojas Food Corp, 94-19 La Abundancia Inc., 153-40 La Abundancia Inc., or 88-26 La Abundancia Inc. because he was only employed by 75-02 Corp.[42]

---

[42]     SMF at ¶¶ 32.

Plaintiff De la Rosa cannot show that he was employed by Defendants La Abundancia Bakery and Restaurant Inc., 63-12 La Abundancia Inc., 153-40 La Abundancia Inc., or 88-26 La Abundancia Inc. because he was only employed by other Defendants. [43]

Plaintiff Perdomo cannot show that she was employed by Defendants La Abundancia Bakery and Restaurant Inc., 63-12 La Abundancia Inc., V. Rojas Food Corp, 94-19 La Abundancia Inc., 153-40 La Abundancia Inc., 75-02 La Abundancia Bakery and Restaurant Corp, or 88-26 La Abundancia Inc. because she was only employed by other Defendants. [44]

Plaintiff Mejia cannot show that she was employed by Defendants La Abundancia Bakery and Restaurant Inc., 63-12 La Abundancia Inc., V. Rojas Food Corp, M. Arroyave Food Corp., 94-19 La Abundancia Inc., or 153-40 La Abundancia Inc. because she was only employed by other Defendants. [45]

"The Second Circuit Court of Appeals has yet to apply the single integrated enterprise rule to FLSA liability." *Camara*, 2018 U.S. Dist. LEXIS 54039, at *22. Even if Plaintiffs could proceed under an "integrated enterprise" theory (which they cannot), they fail to satisfy the factors considered by District Court in determining the existence of an integrated enterprise, which are as follows: (1) interrelated operation, (2) common management, (3) centralized control of labor relations, and (4)

---

[43]   SMF at ¶¶ 69, 71, 73, 75, 77, 79.

[44]   SMF at ¶¶ 60, 62, 64, 66.

[45]   SMF at ¶¶ 45, 48, 51, 54, 57.

common ownership.  *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 940 n. 16 (S.D.N.Y. 2013).

The record only shows some overlap among shareholders,[46] and each restaurant had its own manager. [47] Notably, common ownership and a common business plan or purpose are insufficient to impose liability; instead, the Defendants alleged to be a "joint" employer via an integrated enterprise must have **centralized** control of labor relations with Plaintiffs' direct corporate employer. *See Apolinar v. R.J. 49 Rest., LLC*, 2016 WL 2903278, *11-12 (S.D.N.Y. May 18, 2016); *see, e.g., Camara*, 2018 U.S. Dist. LEXIS 54039, at *23 (declining to find a single integrated enterprise existed where the plaintiffs "failed to explain how the stores where the plaintiffs did not work had any control or supervision over them.").

Similar to the joint employer analysis, "[c]ontrol of labor relations" is the key factor.  *Hart*, 967 F. Supp. 2d at 940 n. 16; *see also Camara*, 2018 U.S. Dist. LEXIS 54039, at *22 ("No one factor is dispositive; 'control of labor relations is the central concern.'"). Here, the record shows that the Defendants' had different restaurant managers[48] utilized different approaches to both scheduling and  hourly rates,[49] and that the Plaintiffs worked for certain restaurants and not others, who did not control them.[50]

---

[46]     SMF at ¶¶ 11-15.

[47]     SMF at ¶¶ 6-22.

[48]     SMF at ¶¶ 6-22

[49]     SMF at ¶¶ 23-24, 33, 34, 47-49, 51, 54, 57, 60, 62, 64, 66, 69, 71, 73, 75, 77, 79.

[50]     SMF at ¶¶ 23-24, 33, 34, 47-49, 51, 54, 57, 60, 62, 64, 66, 69, 71, 73, 75, 77, 79.

## III.   **CONCLUSION**

For the foregoing reasons, the Plaintiffs utterly fail to carry their burden under Rule 56 oof the Federal Rules of Civil Procedure, and the Court should deny their motion.

Dated August 31, 2020.                    Respectfully submitted,
                                          SANCHEZ & ASSOCIATES
                                          40-20 58th Street
                                          Woodside, New York 11377
                                          (718) 747-4162
                                          oscar@sanchezllc.com
                                   By:    /s/  *Oscar E. Sanchez, Esq.*

TO:   All Counsel of Record (via ECF)