UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————

ANGEL MOGOLLAN et al.,

                              Plaintiffs,

          -against-

LA ABUNDANCIA BAKERY &
RESTAURANT INC. et al.,

                              Defendants.

—————————————————————

18-CV-3202

**DEFENDANTS'
MEMORANDUM OF LAW
*IN OPPOSITION TO*
CLASS CERTIFICATION**

## <u>PRELIMINARY STATEMENT</u>

Plaintiffs Angel Mogollan, Alba Maria Mejia, Hector De la Rosa, and Nidia Perdomo claim that they were denied the minimum wage, worked uncompensated overtime, and were deprived of notice about their rights, all in violation of the Fair Labor Standards Act and state law. They filed a motion seeking certification of what they contend is a large class of similarly situated employees.

The Plaintiffs cannot prove any of their claims: (i) they cannot prove that they worked overtime "off-the-clock" because the undisputed facts demonstrate that the Defendants had established procedures for employees to record their time, asked employees to certify the accuracy of the time submitted, and paid employees for the time reported and certified; (ii) they cannot prove their minimum wage claims because the undisputed facts demonstrate that all of them received above minimum wage; (iii) they cannot prove that they were deprived of statutorily required notices

because the undisputed facts demonstrate the Defendants' affirmative defense based on actual notice and complete and timely payment; and (iv) Plaintiffs Perdomo and Mejia cannot prove any damages at all, and Plaintiffs Mogollan and De la Rosa can point to nothing more than inadvertence resulting in minor accounting errors.[1]

Given the lack of merit in the Plaintiffs' claims, they not surprisingly do not warrant class-wide treatment. Not only do each of the Plaintiffs' claims fail, they fail in highly individualized ways. For this reason, they are not adequate representatives, and individualized determinations would predominate.

At the same time, their counsel's conduct raises grave concerns regarding his adequacy—a factor that the Court cannot ignore.

The Court should deny the Plaintiffs' motion to certify a class, as more fully set forth below.

## I.    FACTUAL BACKGROUND

The Defendants incorporate the statements they have filed pursuant to Rule 56.1 relating to summary judgment and discuss relevant facts below.[2]

## II.    ARGUMENT

### A.    The Class Certification Standard.

The Plaintiffs are required to demonstrate that their claims are appropriate for class-wide treatment by meeting the requirements of Rule 23 of the Federal Rules

---

[1]    To the extent that any Plaintiff could ever prove a violation, his or her case is limited to fewer than all of the Defendants.

[2]    ECF Nos. 248 and 295.

of Civil Procedure. *See* Fed. R. Civ. P. 23. Rule 23(a) provides for a minimum threshold that all putative classes must cross:

(a)  Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1)  the class is so numerous that joinder of all members is impracticable;

(2)  there are questions of law or fact common to the class;

(3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)  the representative parties will fairly and adequately protect the interests of the class.

If a putative class can meet the four-part test of Rule 23(a), the Court must then consider whether it satisfies additional requirements found elsewhere in the Rule for particular types of classes. Here, the Plaintiffs show that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

While there are a number[3] of obstacles to the satisfying Rule 23(a) and Rule 23(b), the greatest and most glaring center on: (i) the affirmative defenses by which

---

[3]    The Plaintiffs cannot evens show that the ***Defendants*** are similarly situated to each other. Each restaurant had its own manager, SMF at ¶¶ 6-22, and they utilized different approaches to both scheduling and hourly rates, SMF at ¶¶ 23-24, 33, 34, 47-49, 51, 54, 57, 60, 62, 64, 66, 69, 71, 73, 75, 77, 79, and the Plaintiffs worked

each of the named Plaintiffs' claims are defeated and which would also have to be examined for each class member, resulting in a series of mini-trials rather than efficient adjudication; and (ii) issues with class counsel.

These problems mean that the Plaintiffs cannot demonstrate the adequacy required by Rule 23(a) and cannot show, as required by Rule 23(b)(3) that class questions predominate.

### B.   The Plaintiffs Cannot Demonstrate Adequacy.

"The adequate representation requirement 'lies at the heart' of the rationale supporting class actions." *Kingsepp v. Wesleyan University*, 142 F.R.D. 597, 598 (S.D.N.Y. 1992). Rule 23(a)(4) requires that a class be adequately represented. "Adequacy of representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *Id.*, at 598-99. For the reasons more fully set forth below, neither Plaintiffs nor their counsel satisfy the adequacy of representation prerequisite for class certification.

### 1.   The Named Plaintiffs Are Inadequate Representatives.

*First*, troubling issues have arise regarding the Plaintiffs' honesty and trustworthiness, as there is evidence that they may have fabricated the allegations in their respective Declarations in support of class certification. "To judge the adequacy of representation, courts may consider the honesty and trustworthiness of the named

---

for certain restaurants and not others, who did not control them, SMF at ¶¶ 23-24, 33, 34, 47-49, 51, 54, 57, 60, 62, 64, 66, 69, 71, 73, 75, 77, 79.

plaintiff." *Savino v. Computer Credit*, 164 F.3d 81, 87 (2d Cir. 1998) (affirming denial of class certification on adequacy of representation grounds).

As a starting point, Opt-In Plaintiff Hector De La Rosa Villares was terminated by his employer for theft, which raises material questions about his ability to serve as a fiduciary representing a putative class of employees in this case.  *See* Affidavit of Wilman Sanchez, ¶2-¶3 (ECF No. 136-7).  Moreover, multiple employees have rebutted the allegations made by the other Plaintiffs in their Declarations in support of certification, either by testifying in affidavits that the Plaintiffs never worked more than 40 hours a week, or that they never had conversations with Plaintiffs that the Plaintiffs allege they had.  *See* Affidavits (ECF Nos. 136-1 through 136-6; 244-7).

*Second*, it is well settled that a class representative must be a member of the class that he or she seeks to represent, and none of them are. Yet each of the named Plaintiffs is subject to at least one affirmative defense that prevents him or her from prevailing on their claims and thus representing the class. As the Supreme Court has repeatedly held, "a ***class representative must be part of the class*** and 'possess the same interest and suffer the same injury' as the class members." *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 156 (1982) (emphasis added).[4]

### a.    *Plaintiff Mejia*

The most problematic is Plaintiff Alba Maria Mejia, who is ***not*** a member of the FLSA collective class she seeks to represent. She did not file her Consent to sue under

---

[4]     *See also In re BGI, Inc.*, 476 B.R. 812, 826 (Bankr. S.D.N.Y. 2012) ("A class representative must be a member of the class he seeks to represent . . .").

the FLSA until June 28, 2019. (ECF No. 98), and she alleges that her employment with the Defendants "concluded in or around March 2016" (SAC, ¶38) (ECF No. 110), which is more than three years before she filed her Consent. "The statute of limitations on a claim for willful violation of the minimum wage or overtime laws is three years; non-willful violations are barred after two years." *Abdrabo v. N.Y. – Worker Comp. Bd.*, No. 03 CIV. 7690 (DLC), 2005 U.S. Dist. LEXIS 10317, at *5-6 (S.D.N.Y. May 27, 2005) (citing 29 U.S.C. § 255(a)). Her FLSA claims are time barred either under the two- or three-year statute of limitations, which makes her an inadequate representative to prosecute the FLSA claims in this case or the tip credit subclass claims.  She therefore lacks standing to pursue such time barred claims, which makes her an inadequate class representative. *See Baffa v. Donald, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 58-59 (2d Cir. 2000) (affirming denial of class certification on adequacy grounds where plaintiff was no longer a member of the class and lacked standing to pursue the claim).

Plaintiff Mejia also cannot belong to the class because she admits that she has suffered none of the violations alleged.

Plaintiff Mejia never worked more than 40 hours per workweek and, with one exception, was never even scheduled for more than five 8-hour shifts per workweek.[5] Plaintiff Mejia also was paid minimum wage in that she always received at least $2 to $4 in tips over the wage that her employer paid.[6] Although she states she spent 20 percent of her time performing "excessive" side work, witnesses dispute this, Plaintiff

---

[5]      SMF at ¶¶ 45, 48, 51, 54, 57.
[6]      SMF at ¶¶ 41-43.

Mejia, like all servers, was required to spend only approximately 5 percent of her time performing side work.[7] Finally, her claim of denial of notice fails because Plaintiff Mejia received minimum wage and had seen posted notices.[8]

Moreover, Plaintiff Mejia cannot show that she was employed by all of the Defendants; she was never employed by Defendants La Abundancia Bakery and Restaurant Inc., 63-12 La Abundancia Inc., V. Rojas Food Corp, M. Arroyave Food Corp., 94-19 La Abundancia Inc., or 153-40 La Abundancia Inc. because she was only employed by other Defendants.

### b.   *Plaintiff Perdomo*

Plaintiff Perdomo likewise has admitted that none of the Defendants are liable to her. She worked ***only one*** overtime hour, for which she was compensated appropriately.[9] Plaintiff Perdomo also was paid at least minimum wage.[10] She never worked a spread of 10 or more hours.[11] She also is subject to the same affirmative defense regarding notice that defeats Plaintiff Mejia's claim.[12]

Moreover, Plaintiff Perdomo cannot show that she was employed by all of the Defendants; she was never employed by Defendants La Abundancia Bakery and Restaurant Inc., 63-12 La Abundancia Inc., V. Rojas Food Corp, 94-19 La Abundancia

---

[7]     R-SMF at ¶65.
[8]     SMF at ¶¶ 30, 36, 40, 41, 47, 49, 52, 55, 58.
[9]     SMF at ¶¶ 60,66.
[10]    SMF at ¶¶ 34, 60, 62, 64, 66, 69, 71, 73, 75, 77, 79.
[11]    SMF at ¶ 66.
[12]    SMF at ¶ 58.

Inc., 153-40 La Abundancia Inc., 75-02 La Abundancia Bakery and Restaurant Corp, or 88-26 La Abundancia Inc. because she was only employed by other Defendants.[13]

### c.    *Plaintiff Mogollan*

Plaintiff Mogollan cannot demonstrate that any Defendant ever refused to compensate him for overtime.[14] Although a minor accounting error was discovered after this action was filed, Plaintiff Mogollan is precluded from demonstrating it was a violation of the law because he never notified anyone of a mistake.[15] Plaintiff Mogollan also was paid at least minimum wage.[16] He, too, is subject to the same affirmative defense regarding notice that defeats Plaintiff Mejia's and Plaintiff Perdomo's claims.[17]

Moreover, Plaintiff Mogollan cannot show that he was employed by all of the Defendants; he was never employed by Defendants La Abundancia Bakery and Restaurant Inc., 63-12 La Abundancia Inc., 81-16 La Abundancia Inc., M. Arroyave Food Corp., 37-01 La Abundancia Inc., V. Rojas Food Corp, 94-19 La Abundancia Inc., 153-40 La Abundancia Inc., or 88-26 La Abundancia Inc. because he was only employed by 75-02 La Abundancia Bakery and Restaurant Corp..[18]

---

[13]    SMF at ¶¶ 60, 62, 64, 66.
[14]    SMF at ¶¶ 35, 70, 72, 74, 76, 78, 80.
[15]    SMF at ¶¶ 33, 35 (Plaintiff Mogollan, in spite of having regular contact with the restaurant managers of 75-02 Inc. who were willing and able to adjust his hours, never informed a manager that he was working "off-the clock" hours.)
[16]    SMF at ¶¶ 34, 60, 62, 64, 66, 69, 71, 73, 75, 77, 79.
[17]    SMF at ¶ 30.
[18]    SMF at ¶¶ 32.

### d.    *Plaintiff De La Rosa*

Like Plaintiff Mogollan, Plaintiff De La Rosa is unable to demonstrate that any Defendant ever refused to compensate him for overtime.[19] He admits that he never informed his employers that he was working off the clock[20] and that he never challenged or corrected the time he had reported.[21]  Plaintiff De La Rosa also was paid at least minimum wage.[22] Like the others, he is subject to the affirmative defense regarding notice that defeats the others' claims.[23]

Moreover, Plaintiff De la Rosa cannot show that he was employed by all of the Defendants; he was never employed by Defendants La Abundancia Bakery and Restaurant Inc., 63-12 La Abundancia Inc., 153-40 La Abundancia Inc., or 88-26 La Abundancia Inc. because he was only employed by other Defendants. [24]

### 2.    **The Plaintiffs' Counsel Is Inadequate.**

Federal Rule of Civil Procedure 23(g) is an amendment to Rule 23, effective in late 2003, and governs the appointment of class counsel. It requires that "[c]lass counsel must fairly and adequately represent the interests of the class."  Rule 23(g)(4), Fed.R.Civ.P.[25] In addition to consideration of the factors listed in Rule 23(g)(1)(A)

---

[19]    SMF at ¶¶ 35, 70, 72, 74, 76, 78, 80. Although Plaintiff Mogollan's employer did discover two minor errors (amounting to $208.08), SMF at ¶ 33, these do not give rise to a violation because they were inadvertent and, most importantly, he never notified anyone of a mistake, SMF at ¶ 35.

[20]    SMF at ¶¶ 70, 72, 74, 76, 78, 80.

[21]    SMF at ¶¶ 35, 46, 50, 53, 56, 61, 63, 65, 70, 72, 74, 76, 78, 80.

[22]    SMF at ¶¶ 34, 60, 62, 64, 66, 69, 71, 73, 75, 77, 79.

[23]    SMF at ¶ 67.

[24]    SMF at ¶¶ 69, 71, 73, 75, 77, 79.

[25]    "[A]lthough Rule 23(g) replaces the adequacy test as originally developed under Rule 23(a)(4), it largely incorporates the adequacy standards developed

related to, among other things, class counsel's experience and knowledge, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Plaintiffs' counsel fails to satisfy the adequacy of representation requirement because of his litigation misconduct. "In addressing the adequacy of counsel, a court may examine class counsel's conduct in both: (1) prior litigations, and (2) the putative class action before the court." *Kingsepp v. Wesleyan University*, 142 F.R.D. at 599. "***Misconduct by class counsel*** that creates a serious doubt that counsel will represent the class loyally ***requires denial of class certification***." *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011).

In the instant case, Plaintiffs' counsel has engaged in a relentless campaign of deposition misconduct intended to disrupt and impede a fair examination of each of the Plaintiffs. Through his actions, he prevented his clients from answering questions about their purported claims, improperly instructed them not to answer relevant questions during their respective depositions, and made endless speaking objections and engaged in other bad faith tactics, such as unilaterally turning off video and audio feeds during remotely taken depositions. This misconduct is more fully detailed in Defendants' Motion for Sanctions (ECF Nos. 252, 254), which Defendants incorporate here by reference, and is grounds for the imposition of sanctions against him. *See, e.g., Cordero v. City of New York*, No. 15 CV 3436 (JBW) (CLP), 2017 U.S. Dist. LEXIS

---

thereunder, which means that class counsel decisions premised on Rule 23(a)(4) remain relevant." *Jones v. Ford Motor Credit Co.*, No. 00 Civ. 8330 (RJH) (KNF), 2005 U.S. Dist. LEXIS 5381, at *82 (S.D.N.Y. Mar. 31, 2005).

80556, at *19-22 (E.D.N.Y. May 12, 2017) (granting motion for sanctions against counsel who, in addition to making speaking objections, "repeatedly instructed the witness not to answer questions that were relevant to the case"); *see also Morales v. Zondo, Inc.*, 204 F.R.D. 50, 54 (S.D.N.Y. 2001) (granting sanctions where 'private consultations with the witness, instructions not to answer, instructions how to answer, colloquies, interruptions, and ad hominem attacks disrupted the examination").[26]

As neither the named Plaintiffs nor their counsel can demonstrate adequacy, they cannot satisfy Rule 23(a)'s prerequisites.

## C.   The Plaintiffs Cannot Demonstrate that Individualized Issues Do Not Predominate.

As discussed above, each of the named Plaintiffs' claims are defeated by an affirmative defense. The facts of this case indicate that, if it certifies the Plaintiffs' claims for class-wide treatment, this Court will have to consider each of these affirmative defenses with respect to each member of the class.

---

[26] It bears noting that Plaintiffs' counsel's professional competence was questioned in a case where he represented to the court that certain crucial documents had not been produced in discovery and should be excluded at trial, and defendants challenged that representation. In granting his "ostensibly unrelated" motion to withdraw, the court didn't sanction him because it was not sure he "***intentionally*** lied." *Chen v. Wai? Café Inc.*, 2016 U.S. Dist. LEXIS 20519, at *1-2 (S.D.N.Y. Feb.19, 2016) ("Although the defendants' arguments raise questions about plaintiffs' counsel's professional competence, they do not establish by clear and convincing evidence that Mr. Lee intentionally lied to the Court.").

### 1. A defense to the overtime claims will require examination of each class member's circumstances.

"To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he or she performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011).

A defendant can defeat such a claim if it can show that it had procedures for verifying time and the plaintiff did not follow them. *See, e.g., Grosswiler v. Freudenberg-NOK Sealing Techs.*, 2015 U.S. Dist. LEXIS 109592 *1 (N.D. Ohio Aug. 19, 2015) (awarding summary judgment to employer and dismissing the employees' uncompensated overtime claim where the employees failed to comply with the employer's policy for tracking overtime); *Nieddu v. Lifetime Fitness, Inc.*, 38 F. Supp. 3d 849, 869-870 (S.D. Tex. 2014) (awarding summary judgment to employer on employee's claim for uncompensated overtime where the employee failed to follow the employer's established procedures for claiming overtime compensation); *Wood v. Mid-America Mgmt. Corp.*, 192 Fed. Appx. 378, 380-81 (6th Cir. Aug. 1, 2006) (dismissing FLSA claim involving employer who required employees to self-report overtime hours, and explaining that the employee "should [have] report[ed] the overtime hours himself").

Here, the Defendants have already defeated the Plaintiffs' overtime claims in this manner. If this class moves forward on a class basis, they will seek to demonstrate the same failure as to each class member, resulting in a series of mini-trials.

### 2. A defense to the minimum wage claims will require examination of each class member's circumstances.

Each of the named Plaintiffs was paid at least New York city minimum wage, and so they will not be able to establish that the Defendants engaged in a practice of not paying the minimum wage. The Defendants will undertake a similar showing with respect to each class member.

### 3. A defense to the denial of notice claims will require examination of each class member's circumstances.

Relatedly, because the Defendants demonstrated that they provided actual notice to each of the named Plaintiffs and that each of them received complete and timely compensation, each is subject to the statutory affirmative defense. *See* N.Y.L.L. §§ 198(1-b), 198(1-d); s*ee also Ahmed v Morgan's Hotel Group Mgt., LLC*, 160 A.D.3d 555 (1st Dep't 2018) (noting that New York law provides that "it shall be an affirmative defense that . . . the employer made complete and timely payment of all wages due pursuant to this article, and the record demonstrates that plaintiff was always paid more than minimum wage"); *Camara v. Kenner*, 2018 U.S. Dist. LEXIS 54039 *26-28 (S.D.N.Y. March 29, 2018) (defendants entitled to the § 198(1-b) defense); *Carvente-Avila v. Chaya Mushkah Rest. Corp.*, 2016 U.S. Dist. LEXIS 75396 *6-8 (S.D.N.Y. March 1, 2016) (recognizing affirmative defense and noting agency interpretation of same); *Franco v. Jubilee First Ave. Corp.*, No. 14-cv-07729, 2016 U.S. Dist. LEXIS 114191 at *13 (S.D.N.Y. Aug. 25, 2016) (proof of written notice not required under certain circumstances); *cf. Garcia v. Saigon Mkt. LLC*, 2019 U.S. Dist. LEXIS 163259 *1 (S.D.N.Y. Sept. 24, 2019) (disallowing defense where defendant did

not make complete and timely payment and as to pre-2015 conduct); *Marin v. Apple-Metro, Inc.*, 2017 U.S. Dist. LEXIS 165568 *89 (E.D.N.Y. Oct. 4, 2017) (precluding affirmative defense); *Aguilar v. Ham N Eggery Deli Inc.*, 2017 U.S. Dist. LEXIS 228042 * (E.D.N.Y. March 30, 2017) (declining to rely on DOL letter not provided to court).

The Plaintiffs will not be able to establish a pattern, and the Defendants will undertake a showing of complete and timely compensation with respect to each class member.

### 4.    **A defense to the spread-of-hours claims will require examination of each class member's circumstances.**

The Defendants make much of the lack of sophistication about the regulations, pointing out that that one manager did not know what a spread-of-hours is.[27] They do not explain how this matters when the named Plaintiffs' circumstances demonstrate that none of the Defendants had a practice of scheduling employees to work more than one 8-hour shift per workday. After ***years*** of discovery, the Plaintiffs have not identified any improper policy, and it was the Defendants who found two minor mistakes in accounting.

## III.    CONCLUSION

For the foregoing reasons, the Plaintiffs utterly fail to carry their burden under Rule 23 of the Federal Rules of Civil Procedure, and the Court should deny their motion.

---

[27]    ECF No. 228 at p. 25.

Dated August 31, 2020.                    Respectfully submitted,
                                          SANCHEZ & ASSOCIATES
                                          40-20 58th Street
                                          Woodside, New York 11377
                                          (718) 747-4162
                                          oscar@sanchezllc.com
                                          By:    /s/  *Oscar E. Sanchez, Esq.*

TO:    All Counsel of Record (via ECF)