UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGEL MOGOLLAN et al.*,*

                Plaintiffs,           18-CV-3202-GBD-SDA

-against-

LA ABUNDANCIA BAKERY &
RESTAURANT INC. et al.,

                Defendants.

---

# DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Dated: October 14, 2020

Respectfully submitted,

Oscar E. Sanchez, Esq.
Sanchez & Associates
40-20 58th Street
Woodside, NY 11377
Tel: (718) 747-4162
Fax: (347) 549-4106
*Attorney for Defendants*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.   PRELIMINARY STATEMENT ........................................................................... 1

II.   SUMMARY JUDGMENT ..................................................................................... 2

     A.   The Defendants Adduced Evidence that Mejia's Employer Provided Her with the Requisite Written Notice, Creating a Factual Dispute that Precludes Summary Judgment. .................................................................................... 3

     B.   If the Defendants' Evidence Was Not Sufficient under Rule 56, It Was Due to Plaintiffs' Counsel's Deposition Conduct. ..................................................... 4

     C.   The Defendants Established an Affirmative Defense that Warranted Summary Judgment in *Their* Favor. ............................................................... 7

III.   CLASS-WIDE AND COLLECTIVE TREATMENT ......................................... 11

IV.   CONCLUSION .................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**

*Ahmed v Morgan's Hotel Group Mgt., LLC*,
    160 A.D.3d 555 (1st Dep't 2018) ........................................................................... 8

*Camara v. Kenner*,
    2018 U.S. Dist. LEXIS 54039 (S.D.N.Y. March 29, 2018) .................................. 9, 10

*Carvente-Avila v. Chaya Mushkah Rest. Corp.*,
    2016 U.S. Dist. LEXIS 75396 (S.D.N.Y. March 1, 2016) .................................... 9, 10

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ............................................................................................ 4

*Chen v. Wai? Café Inc.*,
    2016 U.S. Dist. LEXIS 20519 (S.D.N.Y. Feb.19, 2016) ........................................ 13

*Cordero v. City of New York*, No. 15 CV 3436 (JBW) (CLP),
    2017 U.S. Dist. LEXIS 80556 (E.D.N.Y. May 12, 2017) ...................................... 12

*Creative Montessori Learning Centers v. Ashford Gear LLC*,
    662 F.3d 913 (7th Cir. 2011) ............................................................................... 11

*Franco v. Jubilee First Ave. Corp.*,
    No. 14-cv-07729, 2016 U.S. Dist. LEXIS 114191 (S.D.N.Y. Aug. 25, 2016) ....... 9, 10

*Garcia v. Saigon Mkt. LLC*, No. 15-CV-09433 (VSB),
    2019 WL 4640260 (S.D.N.Y. Sept. 24, 2019) .................................................... 9

*Jones v. Ford Motor Credit Co.*, No. 00 Civ. 8330 (RJH) (KNF),
    2005 U.S. Dist. LEXIS 5381 (S.D.N.Y. Mar. 31, 2005) ...................................... 11

*Kingsepp v. Wesleyan University*,
    142 F.R.D. 597 (S.D.N.Y. 1992) ........................................................................ 11

*Marin v. Apple-Metro, Inc.*, No. 12-CV-05274 (ENV) (CLP),
    2017 WL 4950009 (E.D.N.Y. Oct. 4, 2017) ....................................................... 9

*Morales v. Zondo, Inc.*,
    204 F.R.D. 50 (S.D.N.Y. 2001) .......................................................................... 12

*Petition of Bloomfield S.S. Co.*,
  298 F. Supp. 1239 (S.D.N.Y. 1969), aff'd, 422 F.2d 728 (2d Cir. 1970) .................. 10

*Salahuddin v. Craver*,
  163 A.D.3d 1508 (4th Dep't 2018) ............................................................................... 8

*United States v. Romano*,
  794 F.3d 317 (2d Cir. 2015) ......................................................................................... 1

**<u>Statutes</u>**

12 N.Y.C.R.R. § 146-2.2 ............................................................................................. 2, 9

28 U.S.C. § 636 .................................................................................................................. 1

N.Y.L.L. § 195 .................................................................................................................... 7

N.Y.L.L. § 198 .................................................................................................................... 7

**<u>Rules</u>**

Fed. R. Civ. P. 23 ...................................................................................................... passim

Fed. R. Civ. P. 56 ............................................................................................................... 4

Fed. R. Civ. P. 72 ............................................................................................................... 1

iii

I.  **PRELIMINARY STATEMENT**

This action arises out of claims by four plaintiffs that 12 defendants violated federal and state law governing treatment of employees. Both sides filed summary judgment motions on their various claims and certain damages issues and also argued for or against class-wide and collective treatment. All of these motions were referred to Magistrate Judge Stewart D. Aaron for initial consideration.

With respect to summary judgment, Judge Aaron found an abundance of conflict in testimony and other evidence and determined that most of the claims required submission to the trier of fact. He recommended summary judgment, however, in favor of Plaintiff Alba Maria Mejia on her minimum wage claim, and he denied the Defendants' summary judgment on that claim. This was error.

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] The district court conducts a de novo review of those portions of a report and recommendation to which a party submits a timely objection.[2]

The Court should reject Judge Aaron's recommendation of judgment in favor of Plaintiff Mejia and grant summary judgment to the Defendants because he overlooked substantial evidence creating a triable issue, allowed the Plaintiffs to

---

[1]  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).
[2]  *See generally United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015).

benefit from their discovery misconduct, and ignored the complete defense that entitled the ***Defendants*** to summary judgment.

With respect to class-wide and collective treatment, Judge Aaron recommended certification of all of the Plaintiffs' claims. The Court should reject his recommendations in this regard as well because it ignores the law and abundant evidence that the class representatives and their counsel do not meet the adequacy requirement of Rule 23.

## II. <u>SUMMARY JUDGMENT</u>

Judge Aaron recommends granting summary judgment to Plaintiff Mejia on her state-law minimum wage claim, and denying the Defendants' summary judgment on that claim, ***despite Mejia's admission that she never received less than minimum wage***.[3][4] According to Judge Aaron, Mejia's employer is not entitled to credit for the portion of Mejia's wages that was paid in tips because it did not comply with a regulation requiring it to notify her in writing that it would take the credit.[5]

Judge Aaron recommends summary judgment in favor of Plaintiff Mejia and the class she seeks to represent.[6]

---

[3] ECF No. 248 (Defendants' Rule 56.1 Statement or "SMF") at ¶¶ 17, 41-43 (testifying that she always received $2 to $4 in tips above her base rate, which always was within $2 of minimum wage); RSMF (RSM at ¶¶ 27, 49.
[4] ECF No. 248 (SMF) at ¶¶ 41-43.
[5] ECF No. 301 at p. 15 ("With respect to the NYLL, however, Mejia was not provided with written notice of the tip credit and, in any event, no acknowledgement of receipt by her has been proffered by Defendants."). *See* 12 N.Y.C.R.R. §§ 146-2.2 (a), (c).
[6] ECF No. 301 (stating "I recommend that summary judgment also be granted to members of the tipped subclass as to liability on their equivalent claims, as Defendants have not presented evidence that they provided the required written tip credit notice to any employees.").

2

Judge Aaron's recommendation of summary judgment against the Defendants is wrong for three separate and independent reasons: (i) it overlooks evidence that Mejia's employer did, in fact, post written notices;[7] (ii) it ignores Plaintiffs' counsel's interference in the Defendants' discovery into this area—part of a pattern of interference that resulted in Judge Aaron's admonishing Plaintiffs' counsel;[8] and (iii) it disregards the affirmative defense established by the Defendants.

Moreover, the last of these reasons—demonstration through ***Plaintiffs'*** proof of a complete defense—warrants summary judgment in favor of the Defendants.

### A. The Defendants Adduced Evidence that Mejia's Employer Provided Her with the Requisite Written Notice, Creating a Factual Dispute that Precludes Summary Judgment.

The Defendants came forward with evidence disputing the contention that Mejia was not provided with written notice. Specifically, Defendant Rojas testified that notices "contain[ing] all required information regarding employees' rights under the federal and state wage and hour laws" were prominently posted in Mejia's workplace throughout her employment.[9]

Rojas's account was corroborated by one of the other plaintiffs, Nidia Perdomo.[10] And, in addition to Rojas's and Perdomo's testimony, Mejia herself

---

[7]   Mejia Dep. at 135-136:20-9; *see* ECF No. 248 (SMF) at ¶ 40 (citing Mejia Dep.).
[8]   ECF No. 301 at p. 40 ("The Court admonishes Plaintiffs' counsel for his conduct during the depositions. There were many improper speaking objections and instructions not to answer.").
[9]   ECF No. (Rojas Decl.) at ¶¶ 17, 76-77; *see also* ECF No. 248 (SMF) at ¶ 40 (citing Rojas Declaration at ¶¶ 17, 76-77, Exh. 31).
[10]  ECF No. 248 (SMF) at ¶ 58.

admitted that minimum wage notices were posted in her workplace.[11] All of these posted notices were accompanied by managers' orally repeating the information to ensure employees' understanding.[12]

Contrary to Judge Aaron's suggestion, the Defendants' evidence of written notice was not limited to a photograph of Mejia standing near posted notices, which Judge Aaron was unable to read. Rather, the photograph was evidence of Mejia's disingenuousness in stating in her motion that she ***never*** received notice.[13]

***All*** of the Defendants' evidence regarding notice precluded summary judgment in favor of Mejia because it created a genuine issue of fact—the ***absence*** of which Mejia was required to demonstrate.[14]

### B. If the Defendants' Evidence Was Not Sufficient under Rule 56, It Was Due to Plaintiffs' Counsel's Deposition Conduct.

If Judge Aaron saw no factual dispute—if he saw only a "mere . . . scintilla" of evidence in Defendant Rojas's testimony regarding written notices, in Perdomo's corroboration of that testimony, and in Mejia's admission of its truth, then he still should have refrained from granting judgment to Mejia in light of her counsel's interference with the Defendants' discovery efforts in this regard.

---

[11] ECF No. 248 (SMF) at ¶ 40 (citing Mejia Deposition at 135-136:20-9). The admission occurred despite Plaintiffs' counsel's interference in her deposition and was qualified by her denial that she saw posters reflecting the minimum wage for 2018 and 2019.
[12] *See* ECF No. 248 (SMF) at ¶¶ 36, 47, 49, 52, 55.
[13] *See* ECF No. 248 (SMF) at ¶¶ 30, 58.
[14] *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

4

The exchange in which Mejia admitted that her employer posted notices occurred during, and reflects the extent of, Plaintiffs' counsel's interference with the Defendants' examination of her. The following is the relevant excerpt:

> Q. Ma'am, I'm showing you the first photograph in the exhibit and there is a New York State Labor Department poster in Spanish, but for the purposes of this deposition, I'm putting the same poster, which is in English. It's basically a 2019 poster that shows the minimum wage of $15.00. Do—
>
> MR. LEE:
> I'm not going to have her answer any of these questions. This thing is in English and she cannot read it.
>
> Q. Ma'am, you stated before that you do recall this board, but that the rates were different, correct?
>
> THE INTERPRETER:
> I'm sorry, Counsel, you cut off.
>
> Q. You previously stated that you recall this board but that the amounts on that notice were different; is that correct?
>
> THE WITNESS:
> No.
>
> MR. LEE:
> I think she answered, right? What —
>
> A. I said I never had seen that poster ***with 13.50 or $15.00***. I never saw it.
>
> Q. Did you see a similar poster with different rates?
>
> A. Those ***amounts*** I've never seen.
>
> Q. Okay. I will move on to the third photograph, which is in Spanish, and it's the same poster that's on that picture and it's in Spanish. Have you seen this poster before?
>
> MR. LEE:

5

> You know what? I'm going to put a stop to this. I'm not having her answer any of these questions, okay, because we never got these documents before so move on, Counselor.
>
> MR. SANCHEZ:
> You have received the link to these documents and I'm not moving on. If you want to stop the deposition —
>
> MR. LEE:
> I'm not letting her answer the questions. These were never provided in Discovery, so I'm not doing it.
>
> MR. SANCHEZ:
> These exhibits were sent to you.
>
> MR. LEE:
> They were sent to me this morning based on what you said. I didn't see it, okay?
>
> MR. SANCHEZ:
> Based on what? What I told you —
>
> MR. LEE:
> You realize that you sent it to me this morning? That's not enough time for me to review. These where never produced in Discovery.
>
> MR. SANCHEZ:
> Are you instructing the witness not to answer?
>
> MR. LEE:
> Yes, I'm telling the witness not to answer questions regarding a document that you never produced during Discovery. Sorry.[15]

In all of the depositions of the Plaintiffs, their counsel interfered with questioning regarding the posted notices and instructed them not to answer. This resulted in a number of discovery-related motions, motions to extend the time for

---

[15] Mejia Dep. at 140:8-143:22 (emphasis added).

6

summary judgment briefing, and a motion for sanctions, which was granted. In light of this interference, summary judgment in favor of Plaintiff Mejia on her minimum wage claim was not proper.

### C. The Defendants Established an Affirmative Defense that Warranted Summary Judgment in *Their* Favor.

Mejia admitted that she never received less than minimum wage, as noted above, and there was ample evidence that she had notice of the tip credit, even if that notice was not in writing. Consequently, her claim for violation of New York's minimum wage law depended entirely on the written notice requirement. In such circumstances, employers may establish an affirmative defense based on actual notice. The Defendants here did establish that affirmative defense—and Judge Aaron simply disregarded it.

Full payment serves as a complete defense to a tip credit-based cause of action for New York's minimum wage.[16] Section 195(1)(a) is the New York statute that requires employers to provide written notice of the tip credit,[17] and, in Section 198(1-b), the legislature provide a statutory affirmative defense to it.

N.Y.L.L. § 198(1-b) states in pertinent part:

> In any action or administrative proceeding to recover damages for violation of paragraph (a) of subdivision one of

---

16  *See* N.Y.L.L. §§ 198(1-b).
17  "Every employer shall . . . provide his or her employees, ***in writing*** in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, ***a notice containing the following information:*** the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; ***allowances, if any, claimed as part of the minimum wage, including tip,*** meal, or lodging allowances . . ." N.Y.L.L. § 195 (1)(a) (emphasis added).

7

>section one hundred ninety-five of this article, ***it shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article or article nineteen or article nineteen-A of this chapter to the employee who was not provided notice as required by subdivision one of section one hundred ninety-five of this article*** or (ii) the employer reasonably believed in good faith that it was not required to provide the employee with notice pursuant to subdivision one of section one hundred ninety-five of this article.[18]

New York appellate courts have recognized this.[19] In *Ahmed v. Morgan's Hotel Group*, an employee claimed that his employer did not strictly comply with the written notice requirements of 12 N.Y.C.R.R. 146-2.2.[20] The employer established that he nonetheless always received at least minimum wage and was granted summary judgment.[21] The First Department rejected his appeal, noting that New York law provides that "it shall be an affirmative defense that . . . the employer made complete and timely payment of all wages due pursuant to this article[.]"[22]

In *Salahuddin v. Craver*, two former employees moved for summary judgment against their former employer for not providing adequate written notice, the employer raised the same statutory affirmative defense that the Defendants raised here, and the Fourth Department held that the defense raised triable issues of fact.[23]

---

[18]     Emphasis added.
[19]     *See Ahmed v Morgan's Hotel Group Mgt., LLC*, 160 A.D.3d 555 (1st Dep't 2018); *Salahuddin v. Craver*, 163 A.D.3d 1508 (4th Dep't 2018).
[20]     *Ahmed*, 160 A.D.3d 555.
[21]     *Id.*
[22]     *Id.*
[23]     163 A.D.3d at 1510.

A number of federal courts have similarly recognized this affirmative defense.[24] The court in *Camara v. Kenner* pointed out that the legislature added the affirmative defense in 2010, stating,

> Under this provision, it is a complete defense to section 195(1)(a) liability if "(i) the employer made complete and timely payment of all wages due . . . to the employee who was not provided notice . . . or (ii) the employer reasonably believed in good faith that it was not required to provide the employee with notice."[25]

The Defendants pointed out these authorities to Judge Aaron, but, unless his allusion to a "minority view" meant the three federal cases on point, he appears to have ignored them. In his report and recommendation, he recognized only that the Defendants had supplied a letter opinion in which the New York Department of Labor construed the regulation, which he found unworthy of deference as "contrary to the plain language of the regulations [12 N.Y.C.R.R. § 146-2.2]" and inconsistent with certain cases that also rejected the letter opinion.[26]

The Defendants did not rely solely (or primarily) on the letter opinion construing the regulation, however. The Defendants relied on the New York *statute* creating the affirmative defense. The legislature's pronouncement trumps whatever

---

[24] *Camara v. Kenner*, 2018 U.S. Dist. LEXIS 54039 *26-28 (S.D.N.Y. March 29, 2018); *Carvente-Avila v. Chaya Mushkah Rest. Corp.*, 2016 U.S. Dist. LEXIS 75396 *6-8 (S.D.N.Y. March 1, 2016); *Franco v. Jubilee First Ave. Corp.*, No. 14-cv-07729, 2016 U.S. Dist. LEXIS 114191 at *13 (S.D.N.Y. Aug. 25, 2016).
[25] 2018 U.S. Dist. LEXIS 54039 at *27.
[26] ECF No. 301 at n.9 (citing *Garcia v. Saigon Mkt. LLC*, No. 15-CV-09433 (VSB), 2019 WL 4640260, at *9 (S.D.N.Y. Sept. 24, 2019), and *Marin v. Apple-Metro, Inc.*, No. 12-CV-05274 (ENV) (CLP), 2017 WL 4950009 (E.D.N.Y. Oct. 4, 2017)).

9

plain language the *regulation* contains, and a statutory affirmative defense to the statutory requirement likewise defeats the regulation.

Again, the Defendants also cited a number of federal cases for their affirmative defenses. At least three courts in this district have applied this statutory affirmative defense.[27]

Puzzlingly, ***Judge Aaron*** applied the statutory affirmative defense to the Plaintiffs' claims under the Wage Theft Protection Act. It is unclear why he believes it does not apply to Plaintiff Mejia's minimum wage claims. Although he refers to the letter opinion as containing a "minority view," he does not explain what the majority view is or how the two differ.[28]

Regardless, the fact that he chose among conflicting courts' views is reason enough to reject his recommendation. The Second Circuit has instructed district courts to ***deny*** summary judgment when the law is unsettled.[29] In Petition of Bloomfield, for instance, it stated that summary judgment based on collateral estoppel would have been inappropriate because the availability of that doctrine to litigants in the movant's position was "an evolving, rather than an established, doctrine."[30]

---

[27] *Camara*, 2018 U.S. Dist. LEXIS 54039 at *26-28; *Carvente-Avila*, 2016 U.S. Dist. LEXIS 75396 at *6-8; *Franco*, 2016 U.S. Dist. LEXIS 114191 at *13.
[28] ECF No. 301 at n.9.
[29] *Petition of Bloomfield S.S. Co.*, 298 F. Supp. 1239, 1242 (S.D.N.Y. 1969), aff'd, 422 F.2d 728 (2d Cir. 1970).
[30] Fed. R. Civ. P. 23(g)(4).

**III.   CLASS-WIDE AND COLLECTIVE TREATMENT**

Federal Rule of Civil Procedure 23(g) is an amendment to Rule 23, effective in late 2003, and governs the appointment of class counsel. It requires that "[c]lass counsel must fairly and adequately represent the interests of the class."[31] In addition to consideration of the factors listed in Rule 23(g)(1)(A) related to, among other things, class counsel's experience and knowledge, the Court "may consider **any other matter** pertinent to counsel's ability to fairly and adequately represent the interests of the class."[32]

Defendants showed that Plaintiffs' counsel failed to satisfy the adequacy of representation requirement because of, among other things, his litigation misconduct. "In addressing the adequacy of counsel, a court may examine class counsel's conduct in both: (1) prior litigations, and (2) the putative class action before the court."[33] "***Misconduct by class counsel*** that creates a serious doubt that counsel will represent the class loyally ***requires denial of class certification***."[34]

Plaintiffs' counsel engaged in a relentless campaign of deposition misconduct intended to disrupt and impede a fair examination of each of the Plaintiffs. Through his actions, he prevented his clients from answering questions about their purported

---

[31]   "[A]lthough Rule 23(g) replaces the adequacy test as originally developed under Rule 23(a)(4), it largely incorporates the adequacy standards developed thereunder, which means that class counsel decisions premised on Rule 23(a)(4) remain relevant." *Jones v. Ford Motor Credit Co.*, No. 00 Civ. 8330 (RJH) (KNF), 2005 U.S. Dist. LEXIS 5381, at *82 (S.D.N.Y. Mar. 31, 2005).
[32]   Fed. R. Civ. P. 23(g)(1)(B) (emphasis added).
[33]   *Kingsepp v. Wesleyan University*, 142 F.R.D. 597, 599 (S.D.N.Y. 1992).
[34]   *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011).

11

claims, improperly instructed them not to answer relevant questions during their respective depositions, and made endless speaking objections and engaged in other bad faith tactics, such as unilaterally turning off video and audio feeds during remotely taken depositions.[35] This misconduct is more fully detailed in Defendants' Motion for Sanctions,[36] and resulted in Magistrate Judge Aaron "admonish[ing] counsel for his conduct during the depositions."[37] Even though Magistrate Judge Aaron granted Defendants' Motion for Sanctions, in part, he held that this was not a basis to not appoint Plaintiffs' counsel as class counsel, even though litigation misconduct is relevant to the adequacy of counsel analysis.[38] Additionally, Magistrate Judge Aaron held that the other factors of Rule 23(g), including experience in handling other class actions and complex litigation, were not addressed by Defendants,[39] but that is inaccurate, because Defendants cited to a case in which Plaintiffs' counsel's professional competence was directly questioned by another court in the Southern District of New York.[40] Putting aside whether it is proper to reward Plaintiffs' counsel

---

[35] *See, e.g., Cordero v. City of New York*, No. 15 CV 3436 (JBW) (CLP), 2017 U.S. Dist. LEXIS 80556, at *19-22 (E.D.N.Y. May 12, 2017) (granting motion for sanctions against counsel who, in addition to making speaking objections, "repeatedly instructed the witness not to answer questions that were relevant to the case"); *see also Morales v. Zondo, Inc.*, 204 F.R.D. 50, 54 (S.D.N.Y. 2001) (granting sanctions where 'private consultations with the witness, instructions not to answer, instructions how to answer, colloquies, interruptions, and ad hominem attacks disrupted the examination").

[36] ECF Nos. 252, 254.
[37] ECF No. 301 at p. 40.
[38] ECF No. 301 at p. 34.
[39] ECF No. 301 at p. 34.
[40] *See* ECF No. 297 at page 11, n.26. Plaintiffs' counsel's professional competence was questioned in a case where he represented to the court that certain crucial documents had not been produced in discovery and should be excluded at trial defendants challenged that representation. In granting his "ostensibly unrelated"

12

with class counsel status while admonishing him in the same document for misconduct,[41] Magistrate Judge Aaron should have taken into consideration the professional competency questions raised in the case of *Chen v. Wai? Café Inc.*[42]

## IV. <u>CONCLUSION</u>

As set forth above, the Court should reject the report and recommendation insofar as it grants summary judgment to Plaintiff Alba Maria Mejia on her minimum wage claim and denies summary judgment to the Defendants on that claim.

As also set forth above, the Court should deny the Plaintiffs' motion to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and should decertify the collective.

Dated October 14, 2020.                    Respectfully submitted,

                                                            SANCHEZ & ASSOCIATES
                                                            40-20 58th Street
                                                            Woodside, New York 11377
                                                            (718) 747-4162
                                                            oscar@sanchezllc.com

                                        By:    <u>/s/ Oscar E. Sanchez, Esq.</u>

TO:    All Counsel of Record (via ECF)

---

motion to withdraw, the court didn't sanction him because it was unsure he "***intentionally*** lied." *Chen v. Wai? Café Inc.*, 2016 U.S. Dist. LEXIS 20519, at *1-2 (S.D.N.Y. Feb.19, 2016) ("Although the defendants' arguments raise questions about plaintiffs' counsel's professional competence, they do not establish by clear and convincing evidence that Mr. Lee intentionally lied to the Court.").

[41]     *Compare* ECF No. 301 at pp. 34 and 40.
[42]     2016 U.S. Dist. LEXIS 20519, at *1-2 (S.D.N.Y. Feb.19, 2016).