UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANGEL MOGOLLAN and ALBA MARIA MEJIA,
*on behalf of themselves, FLSA Collective Plaintiffs
and Class Members*,

                           Plaintiffs,

            -against-

LA ABUNDANCIA BAKERY & RESTAURANT
INC., et al.,

                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

18 Civ. 3202 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs bring this collective action against La Abundancia Bakery & Restaurant Inc., 63-12 La Abundancia Inc., 75-02 La Abundancia Bakery and Restaurant Corp. ("75-02 La Abundancia"), 81-16 La Abundancia Inc. ("81-16 La Abundancia"), M. Arroyave Food Corp. ("Arroyave"), 37-01 La Abundancia Inc. ("37-01 La Abundancia"), V. Rojas Food Corp. ("V. Rojas Food"), 94-19 La Abundancia Inc. ("94-19 La Abundancia"), 153-40 La Abundancia Inc., 88-26 La Abundancia Inc. ("88-26 La Abundancia"), Ruben Rojas (collectively, "Defendants"), and Monica Ferrerosa, alleging claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. L. §§ 650 *et seq.*,. (Second Am. Compl. ("SAC"), ECF No. 110, ¶¶ 1–2.) Plaintiffs subsequently moved for partial summary judgment[1] and class certification.[2] (Notice of Pls.' Mot. for Summ. J. Pursuant to Fed.

---

[1] Magistrate Judge Aaron correctly notes that Plaintiffs' motion for summary judgment is a motion for partial summary judgment because Plaintiffs' proposed order indicates that their "supplemental" briefing on damages will follow. (September 30, 2020 Report and Recommendation ("Report"), ECF No. 309, at 1 n.1 (citing Proposed Order, ECF No. 227-1).)

[2] As Magistrate Judge Aaron properly points out, Plaintiffs do not appear to seek summary judgment against Monica Ferrerosa. (Report at 3 n.3.)

1

R. Civ. P. 56, ECF No. 227; Notice of Pls.' Mot. for Class Certification Pursuant to Fed. R. Civ. P. 23, ECF No. 224.) Defendants then cross-moved for partial summary judgment and decertification of the collective class. (Defs.' Mot. for Partial Summ. J. & Decert., ECF No. 242.)

Before this Court is Magistrate Judge Stewart D. Aaron's Report, recommending that (1) Plaintiffs' motion for summary judgment be granted only as to Plaintiff Mejia's state law minimum wage claim, (2) Defendants' motion for summary judgment be denied, (3) Plaintiffs' motion for class certification be granted, (4) Defendants' motion for class decertification be denied, and (5) Plaintiff Ibarra's claims be dismissed without prejudice for failure to prosecute.[3] (Report at 44.) Magistrate Judge Aaron advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 45.)

Defendants timely filed objections on October 14, 2020. (Defs.' Objs. to Mag. J.'s R. & R. ("Defs.' Objs."), ECF No. 310.) Defendants' objections solely address Magistrate Judge Aaron's recommendations regarding (i) Plaintiff Mejia's NYLL minimum wage claim and (ii) the adequacy of class counsel under Rule 23(g). Plaintiffs timely filed their response to Defendants' objections on October 27, 2020. (Pls.' Resp. to Defs.' Obj. to the Mag. J.'s Order and R. & R., ECF No. 313.) Having reviewed the Report, as well as Defendants' objections and Plaintiffs' responses, this Court declines to adopt that portion of the Report that recommends

---

[3] A district court considering a dismissal pursuant to Rule 41(b) assesses five factors: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Peters-Turnbull v. Bd. of Educ.*, 7 F. App'x 107, 110 (2d Cir. 2001). No one factor is dispositive. *Feurtado v. City of New York*, 225 F.R.D. 474, 477-78 (S.D.N.Y. 2004) (citing *Spencer*, 139 F.3d at 113). Magistrate Judge Aaron appropriately recommends that Plaintiff Ibarra's claims be dismissed without prejudice because she failed to appear for her deposition and failed to comply with Magistrate Judge Aaron's Order to Show Cause. (Report at 42 (citing Order to Show Cause, ECF No. 237.)

2

Plaintiff Mejia's motion for summary judgment be granted as to her NYLL minimum wage claim. This Court ADOPTS the remainder of the Report and OVERRULES Defendants' remaining objections.

## I. FACTUAL BACKGROUND[4]

All Plaintiffs claim that they were not paid overtime. Plaintiff Mogollan was employed as a baker and dishwasher from October 2016 to October 2017 at 75-02 La Abundancia. (Pls.' Resp. to Defs.' R. 56.1 Statement of Material Facts ("Pls.' 56.1 Resp."), ECF No. 291, ¶¶ 31, 34; Defs.' Resps. to Pls.' Local R. 56.1 Statement of Material Facts ("Defs.' 56.1 Resps."), ECF No. 295, ¶¶ 34, 36.) Plaintiff Nidia Perdomo worked as a cook from December 31, 2011 to July 15, 2016 at 81-16 La Abundancia. (Pls.' 56.1 Resp. ¶ 60; Defs.' 56.1 Resps. ¶ 49.) 37-01 La Abundancia also employed Perdomo as a cook from March 21, 2015 to June 19, 2015. (Pls.' 56.1 Resp. ¶ 62; Defs.' 56.1 Resps. ¶ 50.) Arroyave similarly, employed Perdomo as a cook from July 16, 2016 to December 23, 2016. (Pls.' 56.1 Resp. ¶ 64; Defs.' 56.1 Resps. ¶ 50.)

Plaintiff Hector De La Rosa Villares worked as a dishwasher, food preparer and helper from December 31, 2011 to January 13, 2017 at 75-02 La Abundancia. (Pls.' 56.1 Resp. ¶ 69; Defs.' 56.1 Resps. ¶ 54.) Villares was employed by 81-16 La Abundancia as a dishwasher and helper from October 25, 2014 to June 27, 2015. (Pls.' 56.1 Resp. ¶ 71.) He was also employed by 37-01 La Abundancia as a dishwasher and helper from April 3, 2015 to December 25, 2015. (Pls.' 56.1 Resp. ¶ 73; Defs.' 56.1 Resps. ¶ 55.) Villares similarly worked at 94-19 La Abundancia as a dishwasher and helper during the weeks of July 11, 2015, December 26, 2015 and April 8, 2017. (Pls.' 56.1 Resp. ¶ 75; Defs.' 56.1 Resps. ¶ 55.) V. Rojas Food employed Villares as a dishwasher and helper from May 20, 2017 to March 22, 2019. (Pls.' 56.1 Resp. ¶

---

[4] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

77; Defs.' 56.1 Resps. ¶ 55.) Villares was also employed by Arroyave as a dishwasher and helper from September 30, 2017 to March 15, 2019. (Pls.' 56.1 Resp. ¶ 79; Defs.' 56.1 Resps. ¶ 55.)

Plaintiff Mejia also claims that she was not paid federal and state minimum wage. Plaintiff Mejia worked as a server and counterperson for 37-01 La Abundancia from March 31, 2012 to November 2, 2012. (Pls.' 56.1 Resp. ¶ 45; Defs.' 56.1 Resps. ¶ 43.) During this time period, her hourly rate varied at $6.25, $7.50, and $8.50. (Pls.' 56.1 Resp. ¶ 45.) Plaintiff Mejia held the same positions at 81-16 La Abundancia from May 5, 2012 to August 22, 2014. (Pls.' 56.1 Resp. ¶ 48; Defs.' 56.1 Resps. ¶ 43.) There, her hourly rate was $6.25 until December 27, 2013; thereafter, it was raised to $8.13 per hour for the remainder of her employment. (Pls.' 56.1 Resp. ¶ 48.) From June 1, 2013 to December 27, 2013, she worked as a server and counterperson for 88-26 La Abundancia at an hourly rate of $6.25. (*Id.* ¶ 51; Defs.' 56.1 Resps. ¶ 43.) 75-02 La Abundancia also employed Mejia as a server and counterperson from September 12, 2015 to April 15, 2016. (Pls.' 56.1 Resp. ¶ 51; Defs.' 56.1 Resps. ¶ 43.) Her hourly rate was $6.88 until January 9, 2016, when it was raised to $7.50. (Pls.' 56.1 Resp. ¶ 54.)

Mejia admits that she received $15 to $30 in tips per each 8-hour shift while working for various Defendants, depending upon the year and restaurant location. (*Id.* ¶¶ 42–44.) The parties dispute the amount of non-tipped side work that Mejia performed, whether managers were included in the tip pools, whether Mejia worked for Defendants after April 2016, and whether she was paid below minimum wage during a certain period. (*Id.* ¶¶ 44–46, 50, 53, 56–57; Defs.' 56.1 Resps. ¶¶ 42–47, 58–59, 64–65.) The parties also dispute what notices Defendants provided to Plaintiff Mejia regarding the tip allowance. (Pls.' 56.1 Resp. ¶¶ 47, 49,

4

52, 55; Defs.' 56.1 Resps. ¶ 62.) Defendants, however, admit that Plaintiff Mejia's wage statements did not include tip credit information. (Defs.' 56.1 Resps. ¶ 63.)[5]

The parties dispute whether Plaintiffs worked at other La Abundancia locations during their employment, the numbers of hours that Plaintiffs worked, whether Plaintiffs worked "off the clock," and whether Plaintiffs are owed spread of hours premiums.[6] (*See e.g.*, Pls.' 56.1 Resp. ¶¶ 31–35, 44–46, 50, 53; Defs.' 56.1 Resps. ¶¶ 34–38, 40, 42–47, 50–53.) Moreover, there is evidence to suggest that Defendants had a policy or practice of paying employees in accordance with their scheduled shifts, as opposed to the time they clocked in and out, and that Defendants did not understand spread of hours premiums. (*See* Exhibit I ("Rojas Dep."), ECF No. 301-9, 87:13–89:14, 92:8–93:21; Exhibit G, ECF No. 228-7, 21:11–15.)

## II. LEGAL STANDARD

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. *Id.* However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

---

[5] Neither party addresses Plaintiff Ibarra and this Court adopts Magistrate Judge Aaron's recommendation to dismiss her claims. (*See* Report at 8 n.6.)

[6] Defendants contend that Mogollan was not paid spread of hour premiums on only two occasions, totaling $18. (Defs.' 56.1 Resps. ¶ 59.) Defendants also contend that there was only one instance in which they did not pay Villares a spread of hours premium, totaling $13. (*Id.*)

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

### B. Motion for Summary Judgment.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the opposing party must raise a

genuine issue of material fact. *See Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002). To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Rather, the opposing party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the nonmoving party and draw all inferences in that party's favor. *See id.* However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (citation and internal quotation marks omitted). Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

### C. Class Certification.

In order to be certified as a class, a putative class must satisfy the "four prerequisites set forth in Rule 23(a): numerosity, commonality, typicality, and adequacy." *Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010); *In re JPMorgan Chase & Co. Sec. Litig.*, No. 12 Civ. 03852 (GBD), 2015 WL 10433433, at *2 (S.D.N.Y. Sept. 29, 2015). "In addition to the four factors enumerated in Rule 23(a), there is an 'implied requirement that the membership of the class is

identifiable and ascertainable.'" *In re Namenda Direct Purchaser Antitrust Litig.*, 331 F. Supp. 3d 152, 203 (S.D.N.Y. 2018) (citation omitted).

Class certification must also be appropriate under one of the three subdivisions of Rule 23(b). *Brown v. Kelly*, 609 F.3d at 476. Magistrate Judge Aaron correctly noted that Rule 23(b)(3) governs the proposed class action here. (Report at 27.) Pursuant to Rule 23(b)(3), a court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

## III. THE PARTIES' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT ARE DENIED

Defendants do not object to Magistrate Judge Aaron's recommendation that the parties' motions for partial summary judgment be denied as to (1) Plaintiffs' overtime claims,[7] (2) Plaintiff Mejia's FLSA minimum wage claim, (3) Plaintiffs' time shaving claims, (4) Plaintiffs' spread of hours claims, (5) Plaintiffs' Wage Theft Prevention Act claims, (6) liquidated damages claims, (7) the applicable FLSA statute of limitations, (8) Defendants' liability as "employer", and (9) Plaintiffs Mejia and Perdomo's damages. (Report at 44.) This Court reviews for clear error and finds none.

Defendants object to Magistrate Judge Aaron's recommendation that Mejia's motion for summary judgment be granted and Defendants' motion for summary judgment be denied as to Mejia's NYLL minimum wage claim. (*Id.* at 15, 22.) Defendants contend that the Magistrate

---

[7] As Magistrate Judge Aaron correctly notes, while Defendants acknowledge that certain amounts of overtime are due to Mogollan and Villares, genuine issues of material fact remain regarding "what additional overtime, if any, is owed. . . ." (Report at 12 n.8.) Consequently, the parties' motions for summary judgment are denied on these amounts as well.

8

Judge erred because he did not consider their affirmative defense under N.Y. Lab. L. § 198, which precludes summary judgment in Mejia's favor and warrants summary judgment in their favor. (Defs.' Objs., at 7–10.) This Court's review is *de novo*.

Section 198(1-b) provides an affirmative defense to employers against liability for violations of Section 195(1) if the employer made "complete and timely payment of all wages" to the employee.[8] N.Y. Lab. L. § 198(1-b). Because the New York Department of Labor ("NYDOL") promulgated Sections 146-1.3 and 146-2.2 to "carry out the requirements" of Section 195(1)(a), the affirmative defense necessarily applies to violations of those sections as well. *Marin v. Apple-Metro, Inc.*, No. 12 Civ. 5274 (ENV)(CLP), 2020 WL 6157011, at *7 (E.D.N.Y. Oct. 21, 2020) (citing *Hicks v. T.L. Cannon Mgmt. Corp.*, No. 13 Civ. 6455 (EAW), 2018 WL 2440732, at *7 (W.D.N.Y. Mar. 13, 2018)).

Plaintiffs note that this defense did not become available until the amendment to § 198(1-b) became effective on February 27, 2015 ("2015 amendment"), after Mejia's claim arose. (Reply Mem. of Law in Supp. of Pls.' Mot. for Summ. J., ECF No. 301, at 10.) The amendment, however, retroactively applies to April 9, 2011, when § 198(1-b) originally became effective, because it corrects a scrivener's error found in the original language. *Marin*, 2020 WL 6157011, at *5 (citing *In re Gleason (Michael Vee, Ltd.)*, 96 N.Y.2d 117, 122 (2001) (retroactive application may be appropriate when amendment has a remedial intent)). As the *Marin* court explains, while the text of the amendment does not express a clear remedial intent, the legislative history signifies such an intent. For example, a letter from the bill jacket states that the bill "'corrects some technical errors with the original bill that could cause confusion in the courts

---

[8] Section 198(1-b) also provides an affirmative defense if an "employer reasonably believed in good faith that it was not required to provide the employee with notice" under Section 195(1). Defendants do not raise this defense and the Court does not consider it.

9

when interpreting the law." *Marin v. Apple-Metro, Inc.*, 2020 WL 6157011, at *6 (citing New York Bill Jacket, 2014 A.B. 8106-C, Ch. 537, at 6); *see also* 2014 A.B. 8106-C, Ch. 537.

Even in the original bill's jacket, there is support for finding a remedial intent. *See Marin*, 2020 WL 6157011, at *6 (citing New York Bill Jacket, 2010 S.B. 8380, Ch. 564) (noting that the § 198(1-b) defenses appear in a memorandum under the heading "Employer Violations of Wage Stub and Notice Requirements"). The original text of § 198(1-b) stated that it is a defense to § 195(1)(d) but the wage stub and notice requirements referenced by the memorandum are requirements under § 195(1)(a). *Compare* N.Y. Lab. L. § 195(1)(d)(employer not penalized for errors in non-English notice from commissioner), *with id.* § 195(1)(a)(wage stub and notice requirements). Accordingly, the 2015 amendment to § 198(1-b) applies retroactively and Defendants may invoke that defense here.[9]

Thus, this Court declines to adopt Magistrate Judge Aaron's recommendation and denies Mejia's motion for summary judgment on her NYLL minimum wage claim because Defendants cite evidence that raise a genuine issue regarding whether Mejia was completely and timely paid all wages.[10] (Defs.' Mem. of Law in Opp'n to Summ. J. ("Defs.' Opp'n"), ECF No. 296, at 8;

---

[9] The cases Plaintiffs cite are inapposite because they solely address the retroactive application of the 2015 amendment's increased statutory damages. *See e.g., Chen v. JP Standard Constr. Corp.*, No. 14 Civ. 1086 (MKB), 2016 WL 2909966, at *13 (E.D.N.Y. Mar. 18, 2016), *report and recommendation adopted*, No. 14 Civ. 1086(MKB)(RLM), 2016 WL 2758272 (E.D.N.Y. May 12, 2016) (applying statutory damages that existed at the time of violation); *Garcia v. Saigon Mkt. LLC*, No. 15 Civ. 9433 (VSB), 2019 WL 4640260, at *6 n.12 (S.D.N.Y. Sept. 24, 2019) (declining to apply increased statutory damages retroactively). "The analysis of whether an increase in [statutory damages] applies retroactively is fundamentally different from the issue of whether the correction of a typographical error applies retroactively." *Hicks v. T.L. Cannon Mgmt. Corp.*, No. 13 Civ. 06455 (EAW), 2018 WL 2440732, at *7 (W.D.N.Y. Mar. 13, 2018). Moreover, while the *Garcia* court briefly noted that the affirmative defense was unavailable before the 2015 amendment, it proceeds to analyze the defense, finding that defendants there could not raise it because they failed to make complete and timely payments. *Garcia*, 2019 WL 4640260, at *6.

[10] Since this Court denies Plaintiff Mejia's motion for summary judgment on this claim, this Court also declines to adopt the recommendation to grant summary judgment in favor of members of the tipped subclass as to the state law minimum wage claims. (Report at 15.)

*see e.g.*, Exhibit N, ECF No. 257, 62:18–25, 65:10–66:9.) On the other hand, Magistrate Judge Aaron appropriately recommends denial of Defendants' motion for summary judgment. (Report at 22.) Plaintiff Mejia cites evidence that raises genuine issues regarding whether Defendants completely paid all wages. (*Id.*; *see e.g.*, Mejia Decl. ¶¶ 1, 5, 14.) Accordingly, Defendants' motion for summary judgment is also denied.

Since this Court declines the recommendation regarding Mejia's NYLL claim, it need not consider Defendants' remaining objections. In any event, the remaining objections are perfunctory and, after review for clear error, are overruled. First, Defendants fail to proffer evidence regarding the specific content of the posted notices beyond a "verbatim recitation of the statutory requirements," which fails to raise a genuine issue regarding whether Defendants met their NYLL tip credit notice obligations. (*See* Report at 22; Defs.' Objs., at 3–4 (citing Rojas Decl. ¶¶ 17, 76–77; Exhibit 31, ECF No. 256-3); *see also Garcia v. Saigon Market LLC*, No. 15 Civ. 9433 (VSB), 2019 WL 4640260, at *9 (S.D.N.Y. Sep. 24, 2019).) Second, Magistrate Judge Aaron correctly determined that the March 2, 2015 letter from the General Counsel of the NYDOL, upon which Defendants rely to argue that actual notice satisfies NYLL's written notice requirements, is unreasonable and irrational because the letter is contrary to the plain language of §146-2.2 and is, therefore, not entitled to deference. (*See* Report at 14 n.9.)[11]

---

[11] Defendants also argue that Mejia's motion for summary judgment should be denied due to Plaintiffs' "counsel's interference with the Defendants' discovery efforts" in this case. (Defs.' Objs. at 4–7.) Defendants, however, failed to raise this argument before the Magistrate Judge, thus, this Court need not consider it for the first time here. Even so, in his decision on Defendants' motion for sanctions, the Magistrate Judge determined that the misconduct did not "imped[e] or frustrat[e] the examination," which negates Defendants' contention that their evidence was insufficient because of the misconduct. (Report at 40.) In any event, one would expect Defendants capable of providing some evidence beyond Mejia's testimony regarding the specific content of the notices because Defendants are in a better position to do so. "[S]omeone being sued for failing to comply with federal and state minimum wage laws likely would have a strong incentive to preserve all documents relating to his compliance with such laws." *He v. Home on 8th Corp.*, No. 09 Civ. 5630 (GBD), 2014 WL 3974670, at *5 (S.D.N.Y. Aug. 13, 2014).

## IV. DEFENDANTS' MOTION FOR DECERTIFICATION IS DENIED

As Magistrate Judge Aaron properly recommends, Defendants' motion to decertify the FLSA collective action is denied because Plaintiffs made a sufficient showing that "the original and opt-in Plaintiffs" are similarly situated victims of FLSA violations pursuant to a policy or practice and that Defendants "operated as a single enterprise." (*Id.* at 26.)

## V. PLAINTIFFS' MOTION FOR CLASS CERTIFICATION IS GRANTED

Defendants do not object to Magistrate Judge Aaron's findings regarding (1) numerosity, (2) commonality, (3) typicality, (4) adequacy of the class representatives,[12] (5) ascertainability, and (6) the Rule 23(b)(3) requirements. This Court, therefore, reviews for clear error and, finding none, adopts these findings.

Defendants solely object to Magistrate Judge Aaron's finding that Plaintiffs' counsel is adequate to represent the class, citing counsel's deposition misconduct in this case and "the professional competency questions raised in *Chen v. Wai? Café Inc.*" (Defs.' Objs., at 11–13; Report at 34.) Since Defendants' objections rehash arguments previously raised, this Court reviews Magistrate Judge Aaron's recommendation for clear error and finds none.

Plaintiffs' counsel's deposition misconduct does not rise to such a level as to render counsel inadequate to represent the class. In *Creative Montessori*, the court found class counsel inadequate where their "lack of integrity" placed their ability to act as class fiduciaries in "serious doubt." *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011). There, counsel used intentional misrepresentations and omissions to seemingly benefit "their interest as lawyers who" would have ultimately shared in "any judgment or settlement." *Creative Montessori Learning Centers*, 662 F.3d at 917; *see also Kingsepp v.*

---

[12] This Court will not address Defendants' adequacy arguments as to Opt-in Plaintiffs Perdomo and Villares because, as Magistrate Judge Aaron appropriately states, they are opt-in Plaintiffs and are not named in the Second Amended Complaint. (Report at 32 n.17.)

*Wesleyan University*, 142 F.R.D. 597, 599 (S.D.N.Y. 1992) (counsel inadequate after sanctions and disciplinary action for failure to obey court orders and instructions, "honor a settlement agreement," and filing frivolous motions, among other misconduct). In the present case, counsel's deposition misconduct neither indicates a lack of integrity as class fiduciary nor is it of such a repetitious nature as the misconduct in the above cases. Indeed, even though Magistrate Judge Aaron admonished counsel, he found that the conduct did not "rise to the level of impeding or frustrating the examination." (Report at 40.)

Defendants also cite Plaintiffs' counsel's previous conduct in *Chen*. (Defs.' Objs., at 12–13.) The *Chen* court found that counsel's misrepresentations were unintentional and indicative of "mere incompetence," plausibly resulting from counsel's confusion. *Chen v. Wai? Cafe Inc.*, No. 10 Civ. 7254 (JCF), 2016 WL 722185, at *6 (S.D.N.Y. Feb. 19, 2016). Counsel's "mere incompetence," even when considered with the deposition misconduct in this case, does not render counsel inadequate to represent the "best interests of the class." Fed. R. Civ. P. 23(g) Advisory Committee's Notes to the 2003 amendment. Accordingly, Magistrate Judge Aaron did not err when he found "no basis" to preclude Plaintiffs' counsel from representing the class. (Report at 34.)

## VI. CONCLUSION

Plaintiffs' motion for class certification, (ECF No. 224), is GRANTED. Plaintiffs' motion for partial summary judgment, (ECF No. 227), is DENIED. Defendants' motion for partial summary judgment and decertification, (ECF No. 242), is DENIED. The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
      March 30, 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge